**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PLANET MANAGEMENT, LLC,<br><br>                              Plaintiffs,<br><br>        v.<br><br>APPLE INC.,<br><br>                              Defendant. | Civil Action No. 2:19-cv-00066-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S MOTION TO DISMISS COUNT VIII OF PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ...................................................................................................2

     A.     Plaintiffs' FRAND Commitments ...........................................................2

     B.     Plaintiffs' Amended FRAND Claim........................................................3

     C.     Plaintiffs' Parallel Action In The United Kingdom ................................5

III.    ARGUMENT ........................................................................................................5

     A.     Count VIII—Which Is Predicated On Foreign Patents—Should Be
             Dismissed For Lack Of Jurisdiction. .......................................................6

          1.     This Court Lacks Jurisdiction To Adjudicate Count VIII As To
                  Foreign Patents.............................................................................6

          2.     Even If The Court Had Jurisdiction Over Count VIII As To
                  Foreign Patents, It Should Decline To Exercise It.......................9

          3.     Upon Dismissal Of Count VIII As To Foreign Patents, Plaintiffs
                  Have Alleged No Controversy Limited To U.S. Patents. ...........10

     B.     Alternatively, Count VIII Should Be Dismissed Because It Fails To Set
             Forth A Justiciable Cause Of Action. .....................................................12

IV.    CONCLUSION...................................................................................................15

# TABLE OF AUTHORITIES

CASES

Page(s)

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 227 (1937)........................................................................................5, 11

*Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*,
    149 F.3d 371 (5th Cir. 1998) .................................................................12

*Already, LLC v. Nike, Inc.*,
    568 U.S. 85 (2013).........................................................................10, 11

*Apple Inc. v. Telefonaktiebolaget LM Ericsson, Inc.*,
    No. 15-cv-00154-JD, 2015 WL 1802467, (N.D. Cal. Apr. 20, 2015) ....................................14

*Brown v. Duchesne*,
    60 U.S. 183 (1857)..........................................................................7

*Calderon v. Ashmus*,
    523 U.S. 740 (1998).........................................................................14

*Celestine v. Nat'l Union Fire Ins. Co.*,
    115 F. App'x 658 (5th Cir. 2004) .........................................................11, 12

*Core Wireless Licensing S.a.r.l. v. Apple Inc.*,
    No. 6:12-CV-100-JRG, 2015 WL 4775973 (E.D. Tex. Aug. 11, 2015).......................3, 13, 14

*Ericsson, Inc. v. D-Link Sys.*,
    No. 6:10-cv-473, 2013 WL 4046225 (E.D. Tex. Aug. 6, 2013), *aff'd in part,
    rev'd in part*, 773 F.3d 1201 (Fed. Cir. 2014) .........................................14

*F. Hoffmann-La Roche Ltd. v. Empagran S.A.*,
    542 U.S. 155 (2004)..........................................................................8, 9

*Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*,
    589 F. Supp. 2d 84 (D. Me. 2008) ...........................................................7

*Fujitsu Ltd. v. LG Elecs., Inc.*,773
    620 F.3d 1321 (Fed. Cir. 2010).............................................................4

*Golan v. Pingel Enter., Inc.*,
    310 F.3d 1360 (Fed. Cir. 2002).............................................................15

*GNB Battery Techs., Inc. v. Gould, Inc.*,
    65 F.3d 615, 619 (7th Cir. 1995) ................................................................14

*Heimann v. Nat'l Elevator Indus. Pension Fund*,
    187 F.3d 493 (5th Cir. 1999) ....................................................................14

*Hewitt v. Helms*,
    482 U.S. 755 (1987) ..................................................................................12

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
    No. 2:16-CV-00715-JRG-RSP, 2017 WL 957720 (E.D. Tex. Feb. 22, 2017) ......................12

*InterDigital Commc'ns, Inc. v. ZTE Corp.*,
    No. 13-CV-00009, 2014 WL 2206218 (D. Del. May 28, 2014).......................................13, 14

*Kamdem-Ouaffo v. PepsiCo Inc.*,
    657 F. App'x 949 (Fed. Cir. 2016) ..........................................................7

*Lotes Co. v. Hon Hai Precision Indus. Co.*,
    No. 11-CV-01036, 2011 WL 13152817 (N.D. Cal. July 14, 2011)..........................................7

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)..................................................................................5, 10

*Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*,
    No. 2:17-CV-00123-JRG, 2019 WL 1244707 (E.D. Tex. Mar. 18, 2019)..............................11

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
    No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) .........7, 8, 9, 10

*Pellegrini v. Analog Devices, Inc.*,
    375 F.3d 1113 (Fed. Cir. 2004)................................................................7

*Preiser v. Newkirk*,
    422 U.S. 395 (1975)..................................................................................11

*Public Affairs Assocs., Inc. v. Rickover*,
    369 U.S. 111 (1962)..................................................................................9

*Rivers v. Bank of Am. N.A.*,
    No. 3:15-CV-4002-G, 2016 WL 3563978 (N.D. Tex. June 3, 2016).....................................15

*Sherwin-Williams Co. v. Holmes Cnty.*,
    343 F.3d 383 (5th Cir. 2003) ....................................................................11

*Torch, Inc. v. LeBlanc*,
    947 F.2d 193 (5th Cir. 1991) ....................................................................9

*Turner v. AmericaHomeKey Inc.*,
  No. 3:11-CV-0860-D, 2011 WL 3606688 (N.D. Tex. Aug. 16, 2011), *aff'd*,
  514 F. App'x 513 (5th Cir. 2013) ............................................................................15

*Urban Health Care Coalition v. Sebelius*,
  853 F. Supp. 2d 101 (D.D.C. 2012) ........................................................................14

*Vantage Trailers, Inc. v. Beall Corp.*,
  567 F.3d 745 (5th Cir. 2009) ....................................................................................5

*Voda v. Cordis Corp.*,
  476 F.3d 887 (Fed. Cir. 2007).............................................................................4, 7, 8, 9, 10

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*,
  382 U.S. 172 (1965)..................................................................................................15

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995)....................................................................................................9

*Zenith Elecs., LLC v. Sceptre, Inc.*,
  No. CV14-05150-JAK, 2015 U.S. Dist. LEXIS 33560 (C.D. Cal. Feb. 5,
  2015) ....................................................................................................................13, 14

## STATUTES

35 U.S.C. § 281 ..............................................................................................................13

## I.     INTRODUCTION

Plaintiffs sued Apple for infringement of seven patents alleged to be "essential" to the 4G (LTE) cellular standard (Counts I through VII of Plaintiffs' Complaint, ECF No. 1 ("Compl.")). Unlike Counts I through VII, Count VIII of the Complaint did not assert that Apple was infringing any particular patent or violating any particular law or statute, but instead sought a declaration that Plaintiffs' unspecified "offers to Apple for a global license to the Plaintiffs' essential patents compl[y] with the Plaintiffs' commitment to license their essential patents on [fair, reasonable, and non-discriminatory ('FRAND')] terms." Compl. ¶ 139. In response to Apple's motion to dismiss Count VIII, and effectively conceding that this Court lacked jurisdiction to adjudicate it, Plaintiffs filed a First Amended Complaint, ECF No. 26 ("Am. Compl."), on May 13, 2019. But Plaintiffs' minimal amendments—which fail to allege a justiciable dispute concerning U.S. patents and add only vague allegations concerning the parties' licensing negotiations—confirm that this Court still lacks jurisdiction to adjudicate Count VIII. In essence, Plaintiffs seek an advisory ruling from this Court that Plaintiffs' global license offers to Apple satisfy their obligations under some unspecified law or collection of laws—with the apparent aim of obtaining judicial leverage to pressure Apple into accepting a global portfolio license without any scrutiny of the underlying patents. The Court should reject Plaintiffs' approach for two independent reasons.

***First***, the Court should dismiss Count VIII because—as Plaintiffs' amendments confirm—it remains predicated on an adjudication of rights and obligations as to foreign patents—rights that are outside the operation of U.S. law and the jurisdiction of this Court. Plaintiffs seek a declaration that its offers for a "***global***" patent license comply with its legal obligations. Am. Compl. at 109. But as this Court recently acknowledged when certain of the Plaintiffs brought a similar suit against Huawei, claims that implicate foreign patent rights are outside the reach of U.S. courts. And because Plaintiffs make no allegation of having made offers limited to U.S. patents or the

existence of a dispute about U.S. patents, there is no justiciable basis for this Court to adjudicate Count VIII once foreign patents are properly excluded.  And even if there were, this Court should decline to do so.

*Second*, setting aside the issue of foreign and U.S. patents, Count VIII merely requests an advisory opinion from this Court:  a declaration that Plaintiffs have "no liability" for some unspecified law(s).  Count VIII does not reveal the statutes, laws, or potential theories of anticompetitive conduct on which Plaintiffs seek the declaration of "no liability" from this Court.  But courts do not decide legal disputes absent a case or controversy, particularly where, as here, doing so would not alter the legal rights of the parties.  Tellingly, Plaintiffs plead no legal theory under which the Court could require Apple to do ***anything***.  There is no request or basis for requesting that Apple be ordered to pay Plaintiffs' (unspecified) offer if it is found to be FRAND.  Nor is there a request that Apple be compelled to take a license at all.  Plaintiffs' amendment to include a potential declaratory judgment clearing them of "US liability based on their conduct, including under US competition law" (Am. Compl. ¶ 146)—with no supporting allegations of what theory of liability they seek to address, or even confirmation that it is limited to "competition law"—is insolubly vague and falls far short of stating an actual controversy.  This Court should thus decline to entertain Plaintiffs' impermissible request for an advisory opinion.

Apple respectfully requests that the Court dismiss Count VIII of Plaintiffs' First Amended Complaint with prejudice.

## II.    BACKGROUND

### A.    Plaintiffs' FRAND Commitments

The European Telecommunications Standards Institute ("ETSI") is an independent, non-profit standard setting organization that sets standards for the telecommunications industry, including the LTE cellular communication standards.  Am. Compl. ¶ 23.  These standards help to

ensure interoperability of devices supplied by companies across the industry.  *Id.*

According to the First Amended Complaint, Plaintiffs are the assignees of "numerous patents . . . that are, and remain, essential . . . to practicing the LTE Standard."  Am. Compl. ¶¶ 25-28.  Those patents include the seven patents-in-suit, which have "been declared to ETSI, by the original assignee, as essential to practicing the LTE Standard."  *Id.* ¶ 29.  But as this Court has observed, "ETSI members can unilaterally propose that their patents be included in a particular standard and can declare their patents to be required to implement a particular standard; however, ETSI does not review whether a patent declared standards-essential by a member is actually essential to the standard."  *Core Wireless Licensing S.a.r.l. v. Apple Inc.*, No. 6:12-CV-100-JRG, 2015 WL 4775973, at *1 (E.D. Tex. Aug. 11, 2015).  To determine if a given SEP is actually essential and infringed by a given product practicing the standard, the claims of the SEP must be analyzed against the accused product.  *See Fujitsu Ltd. v. LG Elecs., Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010).

## B.    Plaintiffs' Amended FRAND Claim

On February 25, 2019, Plaintiffs filed an eight-count Complaint against Apple.  Counts I through VII of Plaintiffs' original Complaint accused Apple of infringing seven patents alleged to be "essential (as that term is defined by ETSI) to practicing the LTE Standard."  Compl. ¶¶ 25-29.  Count VIII sought a declaratory judgment against Apple "that negotiations toward a [global] FRAND license with Apple were conducted in good faith, comply with the ETSI IPR Policy, and were consistent with competition law requirements."  *Id.* ¶ 141; *see also id.* at 108 (Prayer for Relief D) (seeking "[a] declaration that Plaintiffs, in their history of negotiations with Apple in regard to a global license to the Plaintiffs' essential patents, have negotiated in good faith and otherwise complied with FRAND").

On April 22, 2019, Apple filed a motion to dismiss Count VIII of Plaintiffs' original

Complaint, explaining that this Court lacks jurisdiction to adjudicate Count VIII as to foreign patents under the Federal Circuit's decision in *Voda v. Cordis Corp.*, 476 F.3d 887, 902 (Fed. Cir. 2007).  ECF No. 16 at 6-8.  Further, Apple explained, once Count VIII was dismissed as to foreign patents, Plaintiffs' Complaint failed to plead a justiciable case or controversy as to U.S. patents alone.  *Id.* at 9-11.  And, even setting aside the issue of foreign patents, Count VIII failed to plead facts sufficient to establish the existence of an actual case or controversy, and instead requested no more than an impermissible advisory opinion.  *Id.* at 11-15.

Rather than responding to Apple's Motion (and thus effectively conceding Count VIII's deficiencies), Plaintiffs voluntarily amended their Complaint on May 13, 2019 with minor changes apparently intended to cure the legal deficiencies of Count VIII.  While Plaintiffs continue to allege "a dispute between the Plaintiffs and Apple concerning whether the Plaintiffs' history of offers to Apple for a ***global*** license to the Plaintiffs' essential patents complies with the Plaintiffs' commitment to license their essential patents on FRAND terms" (Am. Compl. ¶ 143; *cf.* Compl. ¶ 139), Plaintiffs now identify as "an example" of the type of declaratory relief that they seek a declaratory judgment that "Plaintiffs have no US liability based on their conduct, including under US competition law" (Am. Compl. ¶ 146).[1]  Notably, Plaintiffs do not even identify what cause of action of "US competition law" they claim is at issue here or allege any facts about such a cause of action, much less for which causes of action they seek to be absolved of any and all "US liability based on their conduct."   Further, Plaintiffs' Amended Complaint remains devoid of any allegations that Plaintiffs offered a FRAND license as to U.S. patents only.  Am. Compl. ¶ 1 ("The Plaintiffs have repeatedly negotiated with Apple to reach an agreement for a global FRAND license to the Plaintiffs' patent portfolios . . . ."); *id.* ¶ 32 ("Not later than January 6, 2017, the

---

[1]     Emphases have been added throughout unless otherwise noted.

Plaintiffs sent Apple correspondence initiating Plaintiffs' good faith efforts to license their essential patents to Apple on FRAND terms.").

### C.      Plaintiffs' Parallel Action In The United Kingdom

As Plaintiffs' First Amended Complaint indicates, Plaintiffs are simultaneously "seeking relief in the United Kingdom ('UK') . . . in respect of Apple's infringement of certain UK patents," and "[a]s part of those proceedings the Plaintiffs have requested the UK Court to make a determination as to the FRAND license terms in respect of the Plaintiffs' worldwide portfolio." *Id.* ¶ 144.  Specifically, Plaintiffs have alleged infringement of seven UK patents—patents that would also be covered within the scope of Plaintiffs' proposed "global" offers—and, as here, seek to adjudicate a global license to their declared-essential patents.  *See* Particulars of Claim, High Court of Justice, Business and Property Courts of England and Wales (Declaration of Mark D. Selwyn ("Selwyn Decl.") Ex. 01) at 2, 7.  The Apple defendants to the UK action have filed Applications challenging jurisdiction, which are currently pending.

## III.    ARGUMENT

The Constitution limits federal court jurisdiction to actual "'cases' and 'controversies'" and precludes judicial adjudication of cases involving "a difference or dispute of a hypothetical or abstract character" or "one that is academic or moot."  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-241 (1937).  A declaratory judgment claimant must demonstrate that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation omitted).  "[T]he dispute must be definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character."  *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

Similar to original Count VIII, Count VIII of the First Amended Complaint seeks a

declaration that Plaintiffs' "offers to Apple for a global license to the Plaintiffs' essential patents complies with the Plaintiffs' [FRAND] commitment" and that Plaintiffs have "no US liability" based on their licensing conduct.  Am. Compl. ¶¶ 143, 146.  While Plaintiffs now emphasize that the purported dispute is also grounded in "US competition law" (*id.* ¶ 146), the underlying conduct forming the basis for Plaintiffs' requested declaratory relief implicates Plaintiffs' offer of a license to Plaintiffs' ***global*** portfolio of declared-essential patents.  Thus, even if Plaintiffs had adequately pled the existence of a dispute—and they have not—this Court would lack jurisdiction to adjudicate such a dispute as to foreign patents, thus requiring dismissal of Count VIII.  Moreover, even if Count VIII were narrowed to U.S. patents only, it still would present no concrete justiciable controversy for resolution because Plaintiffs' alleged dispute turns on its conduct in negotiating a license that is ***global*** in nature, and Plaintiffs plead no allegations of a dispute concerning Plaintiffs' licensing offers for U.S. patents only.  Further, even assuming that this Court ***could*** exercise jurisdiction over Count VIII as to foreign patents (or U.S. patents alone), Count VIII should independently be dismissed because Plaintiffs have failed to establish the existence of a redressable case or controversy.

A.     **Count VIII—Which Is Predicated On Foreign Patents—Should Be Dismissed For Lack Of Jurisdiction.**

1.     **This Court Lacks Jurisdiction To Adjudicate Count VIII As To Foreign Patents.**

Plaintiffs contend that "[t]here is a dispute between the Plaintiffs and Apple concerning whether the Plaintiffs' history of offers to Apple for a ***global*** license to the Plaintiffs' essential patents complies with the Plaintiffs' [FRAND] commitment" (Am. Compl. ¶ 143), and seek declarations that Plaintiffs' "history of negotiations with Apple in regard to a ***global*** license to the Plaintiffs' essential patents" satisfy Plaintiffs' FRAND obligations (*id.* at 109) and are consistent with "US competition law" (*id.* ¶ 146).  But the relief Plaintiffs request is predicated on the

propriety of Plaintiffs' **global** license offers and "the U.S. Supreme Court explained nearly 150 years ago in *Brown v. Duchesne*, 60 U.S. (19 How.) 183, 15 L.Ed. 595 (1857), that the U.S. patent laws 'do not, and were not intended to, operate beyond the limits of the United States.'" *Pellegrini v. Analog Devices, Inc.*, 375 F.3d 1113, 1117 (Fed. Cir. 2004) (quoting *Brown*, 60 U.S. at 195). As the Federal Circuit warned in *Voda v. Cordis Corp.*, 476 F.3d 887, 902 (Fed. Cir. 2007), exercising jurisdiction over "foreign patent claims could prejudice the rights of the foreign governments."  Thus, "it is almost always an abuse of discretion to [exercise jurisdiction over] infringement claims involving foreign patents."  *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, 589 F. Supp. 2d 84, 91 (D. Me. 2008); *see, e.g.*, *Kamdem-Ouaffo v. PepsiCo Inc.*, 657 F. App'x 949, 953 n.5 (Fed. Cir. 2016) (non-precedential) (noting that "the district court lacks jurisdiction to entertain" claims concerning "international patents or patent applications").

As this Court recently recognized in addressing a claim nearly identical to Count VIII, "[i]t is hard to see how the reasoning in *Voda* would not apply" to Plaintiffs' declaratory judgment claim here, which is predicated on the propriety of Plaintiffs' global license offers.  *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192, (E.D. Tex. July 11, 2018), *adopted by* ECF No. 246 (E.D. Tex. Aug. 9, 2018); *see also Lotes Co. v. Hon Hai Precision Indus. Co.*, No. 11-CV-01036, 2011 WL 13152817, at *4 (N.D. Cal. July 14, 2011) (declining to exercise jurisdiction over declaratory judgment claim, noting that "adjudicating this claim with respect to the foreign patents would prejudice the rights of China and Taiwan and undermine the 'spirit of cooperation' that forms the basis of the comity doctrine").  Thus, under *Voda*, Plaintiffs' request for adjudication of Count VIII as to foreign patents must be dismissed.

The Court recently reached that very conclusion in *Optis Wireless Tech., LLC v. Huawei*

*Techs. Co.*, which involved a claim seeking a "declaratory judgment that [the patentee] 'has complied with its obligations arising from declaring its patents essential to various standards, ***and any applicable laws***, during their negotiations with Huawei concerning a worldwide license under the PanOptis standards essential patents.'"  2018 WL 3375192, at *7.  There, the Court observed that the patentee's claim would necessarily require the Court to pass judgment on the patentee's conduct "with respect to a foreign patent," a subject more properly addressed by foreign courts. *Id.* at *8.  As this Court observed, "Courts in other countries apply their own law governing FRAND compliance and royalty rate determinations" and adjudicating the propriety of a patentee's license offers as to foreign patents "would be similar to a foreign infringement claim," which is beyond the jurisdiction of U.S. courts.  *Id.*  Because the defendant's motion for dismissal of the patentee's claim for declaratory relief presented an even "easier" question, the Court dismissed the patentee's declaratory judgment claim as to foreign patents.  *Id.*

As in *Huawei*, Plaintiffs seek a declaration concerning the propriety of Plaintiffs' offers for a license to its "global" SEP portfolio, which necessarily sweeps in foreign patents subject to foreign laws.  While Plaintiffs purport to seek a declaration that its global license offer complied with "US competition law" (Am. Compl. ¶ 146), such a determination would necessarily require the Court to impermissibly adjudicate Plaintiffs' compliance with respect to ***foreign patents***. Indeed, the Court dismissed a similar claim in *Huawei*, which sought a declaration that plaintiffs' license offers "complied with . . . any applicable laws," 2018 WL 3375192, at *7, and thus necessarily would have included compliance with "US competition law."  Similarly here, adjudication of Count VIII would "prejudice the rights of the foreign governments."  *Vod*a, 476 F.3d at 901.  This is particularly true given that Plaintiffs acknowledge they are simultaneously "seeking relief in the United Kingdom ('UK') . . . in respect of Apple's infringement of certain

UK patents."[2]  Am. Compl. ¶ 144.  Dismissal of Count VIII as to foreign patents is thus necessary "to avoid unreasonable interference with the sovereign authority of other nations."  *F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 164 (2004); *see also Voda*, 476 F.3d at 901 (finding "no reason why American courts should supplant British, Canadian, French, or German courts in interpreting and enforcing British, Canadian, European, French, or German patents").

    **2.**    **Even If The Court Had Jurisdiction Over Count VIII As To Foreign Patents, It Should Decline To Exercise It.**

Even were the Court to conclude that it has jurisdiction to adjudicate Count VIII as to foreign patents—and it should not—the Court should decline to exercise jurisdiction.  The Declaratory Judgment Act is "an authorization, not a command."  *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).  "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991) (describing the court's discretion to entertain a declaratory judgment action as "broad").  Thus, as the Court explained in dismissing the plaintiffs' declaratory judgment claim as to foreign patents in *Huawei*:

> The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so.  The text of the Declaratory Judgment Act has long been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. . . . At least under the Declaratory Judgment Act, the foreign part of [Plaintiffs'] claim should be dismissed for the reasons explained in *Voda*, even if jurisdiction *could* be exercised.

---

[2]    Plaintiffs also note that they are requesting that the UK Court determine "FRAND terms for Plaintiffs' worldwide portfolios."  Am. Compl. ¶ 144.  For the same reason that it would be improper for this Court to adjudicate non-U.S. patents, Apple has argued to the UK Court that it would be improper for that court to adjudicate Plaintiffs' request for a global license because doing so would encroach on the adjudication of non-UK patents in other countries, including here.

2018 WL 3375192, at *8 (citations and quotation marks omitted; emphases in original).  The same is true here, as declining to exercise jurisdiction "'avoid[s] unreasonable interference with the sovereign authority of other nations.'"  *Voda*, 476 F.3d at 902 (quoting *Empagran*, 542 U.S. at 164).  Accordingly, even if the Court concludes it has jurisdiction over Count VIII as to foreign patents (and it does not), it should nonetheless decline to exercise it here.

### 3.   Upon Dismissal Of Count VIII As To Foreign Patents, Plaintiffs Have Alleged No Controversy Limited To U.S. Patents.

Should the Court dismiss Count VIII as to Plaintiffs' foreign patents, there is no remaining justiciable controversy as to Count VIII.  Plaintiffs seek "[a] declaration that Plaintiffs . . . in regard to a *global* license to the Plaintiffs' essential patents, have negotiated in good faith and otherwise complied with FRAND."  Am. Compl. at 109 (Prayer for Relief D); *see also id.* ¶ 1 ("Plaintiffs have repeatedly negotiated with Apple to reach an agreement for a *global* FRAND license to the Plaintiffs' patent portfolios . . . ."); *id.* ¶ 143 (alleging "a dispute between the Plaintiffs and Apple concerning whether the Plaintiffs' history of offers to Apple for a *global* license to the Plaintiffs' essential patents complies with the Plaintiffs' [FRAND] commitment").  Despite having now amended their Complaint in response to Apple's motion to dismiss, Plaintiffs continue to plead no facts to suggest that they ever offered a license to their *U.S. patents only*, and so there is no allegation of a dispute for the Court to resolve.

Upon dismissal of Count VIII as to foreign patents, there will be no case or controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.  Instead, Count VIII (without foreign patents) would require this Court to issue an advisory opinion addressing an entirely hypothetical set of facts—the propriety of a (nonexistent) U.S. patents-only license offer—which cannot and will not resolve the alleged dispute set forth in Count VIII.  "[C]ourts have 'no business' deciding legal disputes or expounding

on law in the absence of … a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013).  "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (internal quotation marks omitted).  Instead, "[a] justiciable controversy . . . must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co.*, 300 U.S. at 240-41.

An alleged dispute concerning a hypothetical license offer involving only U.S. patents— when Plaintiffs, even after voluntarily amending their claims, only attempt to allege a dispute as to a ***global*** patent license—is simply not justiciable.  This Court recently reached that very conclusion in *Huawei* after a bench trial in which certain of the Plaintiffs failed to present any evidence that they had offered a license to U.S.-only patents.  *See Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*, No. 2:17-CV-00123-JRG, 2019 WL 1244707, at *6-7 (E.D. Tex. Mar. 18, 2019).  In doing so, the Court explained that because it could not "determine whether [the plaintiff] complied with its FRAND obligations as to the U.S. SEPs in its offer to Huawei, any declaration by the Court would amount to an advisory opinion." *Id.* at *7.  The Court thus declined to grant the plaintiffs' requested relief.  *Id.*  The Court can and should reach the same conclusion here.  Plaintiffs do not claim to have made an offer as to U.S. patents only, and granting Plaintiffs' requested relief as to only U.S. patents would do no more than "inject confusion and uncertainty into this area of both the law and commerce." *Id.*

In determining whether to exercise declaratory judgment jurisdiction, courts should consider "whether retaining the lawsuit would serve the purposes of judicial economy." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 (5th Cir. 2003); *see also Celestine v. Nat'l Union*

-11-

*Fire Ins. Co.*, 115 F. App'x 658, 660 (5th Cir. 2004) (per curiam) ("[F]ederal courts should forego jurisdiction in declaratory judgment actions when considerations of judicial economy overwhelm." (citing *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 372 (5th Cir. 1998))).   Proceeding with Count VIII as to U.S. patents only will—as *Huawei* demonstrated— waste significant resources of the Court and leave the parties with nothing to show for it.

> **B.      Alternatively, Count VIII Should Be Dismissed Because It Fails To Set Forth A Justiciable Cause Of Action.**

Even setting aside that Count VIII encompasses a non-justiciable claim concerning foreign patents, the Court should independently dismiss Count VIII because it seeks an impermissible advisory opinion that would have no effect on the legal rights between Plaintiffs and Apple. "[W]hat makes [a declaration] a proper judicial resolution of a 'case or controversy' rather than an advisory opinion . . . is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*"   *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (emphasis in original).   Here, Plaintiffs request that the Court declare that they "negotiated in good faith and otherwise complied with FRAND" (Am. Compl. at 109 (Prayer for Relief D)), and that they "have no US liability based on their conduct, including under US competition law" (*id*. ¶ 146).   But Plaintiffs have pled no facts—beyond that Apple has simply "declined to take a license" and stated that Plaintiffs acted "improperly" (*Id.* ¶¶ 34, 35, 143)—suggesting the existence of an actual case or controversy, including with respect to "U.S. competition law."[3]

---

[3]      Although this Court found that a case or controversy existed as to the declaratory judgment claims in *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00715-JRG-RSP, 2017 WL 957720 (E.D. Tex. Feb. 22, 2017), *report and recommendation adopted*, 2017 WL 951800 (E.D. Tex. Mar. 10, 2017), the defendant had provided "express statements regarding [the plaintiff's] alleged breach of FRAND obligations," which the Court found to be "analogous to the type of conduct required for subject-matter jurisdiction over a patent action seeking a declaration of noninfringement."   *Id.* at * 1.   Plaintiffs have not alleged such statements by Apple here.   Simply stating that Plaintiffs actions are "improper[]" and declining to take a license hardly

In terms of Plaintiffs' contract theory, they do not (and, as described below, cannot) ask this Court to order Apple to pay Plaintiffs' (unspecified) offer if it is found to be FRAND or to take a global portfolio license to Plaintiffs' declared-essential patents.  And while Plaintiffs seek to preclude Apple from "rais[ing] a FRAND defense in this case" (Am. Compl. ¶ 143) and demand "damages against Apple for the amount the Plaintiffs prove at trial with respect to the declaratory judgment count" (*id*. at 109 (Prayer for Relief E)), Plaintiffs have asserted no legal theory or cause of action (or facts in support thereof) under which Apple could be forced to forfeit any claims or defenses in this litigation or be held liable for damages to Plaintiffs.[4]

In particular, Plaintiffs have no legal right to impose on Apple an obligation to license their patents on a portfolio-wide basis.  In *Core Wireless Licensing S.a.r.l. v. Apple Inc.*, for example, Magistrate Judge Love rejected Core Wireless' attempt to adjudicate a portfolio royalty, instead directing the case to proceed focused only on the patents that had been actually asserted.  Order at 1, *Core Wireless*, No. 6:12-CV-100 (E.D. Tex. May 2, 2014), Dkt. No. 207 (Selwyn Decl. Ex. 02); *see also Apple Inc. v. Telefonaktiebolaget LM Ericsson, Inc.*, No. 15-cv-00154-JD, 2015 WL 1802467, at *2 (N.D. Cal. Apr. 20, 2015) ("there exists no legal basis upon which Apple may be compelled to take a license for Ericsson's patents on a portfolio-wide basis"); *Ericsson, Inc. v. D-Link Sys.*, No. 6:10-cv-473, 2013 WL 4046225 at *21 (E.D. Tex. Aug. 6, 2013), *aff'd in part, rev'd in part*, 773 F.3d 1201 (Fed. Cir. 2014) (recognizing that the Court could not obligate the defendants to pay RAND royalties for patents they had not been found to infringe); *InterDigital Commc'ns, Inc. v. ZTE Corp.*, No. 13-CV-00009, 2014 WL 2206218, at *3 (D. Del. May 28, 2014).  *Cf. Zenith Elecs., LLC v. Sceptre, Inc.*, No. CV14-05150-JAK, 2015 U.S. Dist. LEXIS

---

"demonstrate[s] [Apple's] intent to pursue [a breach of contract] action."  *Id*.

[4]    Indeed, this Court has held that FRAND commitments made by others **do not** impose contractual obligations on Apple.  *See Core Wireless*, 2015 WL 4775973, at *4.

33560, at *2-5 (C.D. Cal. Feb. 5, 2015) (rejecting staying case in order to set a FRAND rate because such a determination "could be entirely academic" where defendant had "not admitted that it practices the patents-in-suit or that they are in fact essential").  There is thus no basis for Plaintiffs' request that Apple be precluded from raising a FRAND defense and no relief that this Court could order even if it were to adjudicate Plaintiffs' claim.

A declaration here would amount to nothing more than "a data point from which the parties could continue negotiations."  *InterDigital*, 2014 WL 2206218, at *3; *see also Ericsson*, 2013 WL 4046225 at *21 (adjudication of whether a patentee's offer for a license to its worldwide portfolio of declared-essential patents satisfies its FRAND obligations "amount[s] to nothing more than an advisory opinion").  And as the Supreme Court has explained, declaratory judgment actions that merely seek to "gain a litigation advantage" by asking the court to "determine a collateral legal issue governing certain aspects of [a] pending or future suit[]" are not allowed.  *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *see also Urban Health Care Coalition v. Sebelius*, 853 F. Supp. 2d 101, 113 (D.D.C. 2012) (dismissing action where only alleged benefit was improving a party's "bargaining leverage" in negotiations).

As to Plaintiffs' amendment emphasizing their request for a declaration that they have complied with "US competition law," Count VIII falls far short of alleging a justiciable controversy.  "In declaratory judgment cases, the well-pleaded complaint rule dictates that jurisdiction is determined by whether federal question jurisdiction would exist over the presumed suit *by the declaratory judgment defendant*."  *GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995); *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 510 (5th Cir. 1999) ("Proceedings under the Declaratory Judgment Act are governed by the same pleading standards that are applied in other federal civil actions."), *overruled on other grounds by Arana v.*

-14-

*Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003).

Count VIII falls far short of meeting that standard.  Plaintiffs do not even address what statutes, laws, or potential theories of anticompetitive conduct they seek to extinguish through the claim.  Nor have they pled any facts that would allow the Court to adjudicate such a claim.  For example, to the extent that Plaintiffs seek to litigate monopolization under Section 2 of the Sherman Act, they would, as a starting point, need to define a relevant antitrust market in which to assess their conduct: "Without a definition of that market, there is no way to measure [a defendant's] ability to lessen or destroy competition."  *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 177 (1965); *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1369 (Fed. Cir. 2002).  But the Amended Complaint makes no attempt to define a market or otherwise articulate the scope of the purported competition law claim(s) that Plaintiffs suggest is at issue, and thus should be dismissed.  *See, e.g.*, *Rivers v. Bank of Am. N.A.*, No. 3:15-CV-4002-G, 2016 WL 3563978, at *9 (N.D. Tex. June 3, 2016) (dismissing declaratory judgment claim where plaintiff "fail[ed] to state a plausible substantive claim for relief or show that a present genuine controversy exists between the parties"), *report and recommendation adopted*, No. 3:15-CV-4002-G (BH), 2016 WL 3458166 (N.D. Tex. June 24, 2016); *Turner v. AmericaHomeKey Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *6 (N.D. Tex. Aug. 16, 2011) (similar), *aff'd*, 514 F. App'x 513 (5th Cir. 2013).

## IV.   CONCLUSION

For the reasons stated above, Apple respectfully requests that the Court dismiss, with prejudice, Count VIII of Plaintiffs' Amended Complaint.

DATED: May 28, 2019

Respectfully submitted,

By: */s/ Mark D. Selwyn*

Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Mindy Sooter (*pro hac vice*)
mindy.sooter@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Facsimile: (720) 274-3133-5400

Timothy D. Syrett (*pro hac vice*)
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorney for Defendants Apple, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 28, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith

-17-