# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>              Plaintiffs,<br><br>     v.<br><br>APPLE INC.,<br><br>              Defendant. | Civil Action No. 2:19-CV-00066-JRG<br><br>Jury Trial Demanded |

**PROTECTIVE ORDER**

WHEREAS, Plaintiffs Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, Unwired Planet, LLC, Unwired Planet International Limited, and PanOptis Patent Management, LLC and Defendant Apple Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in

part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.  Nothing in this Protective Order shall prevent or restrict a Producing Party's[1] own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material. Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(a)     Designating Documents: Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."  The words "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE

---

[1] "Producing Party" means any Party or non-party that discloses or produces any DESIGNATED MATERIAL in this case.

ATTORNEYS' EYES ONLY - SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts, native files, and videotapes) for which such protection is sought.

(b)     **Designating Transcripts**: Parties or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.   For deposition and hearing transcripts, the words "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(c)    **Designating Videotaped Depositions**: In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, including the specific confidentiality level claimed if such a designation is made prior to the videotape being provided by the video technician, substantially along the lines of: "This videotape contains [confidential] testimony used in this case and is not to be viewed, or the contents thereof displayed or revealed, except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

(d)    **Designating Native Files**: Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material.  When such electronic files or documents are printed (for use at a deposition, in a court proceeding, or for provision in printed form to an expert or consultant approved

pursuant to Paragraphs 5(e), 30, and 31), the Party printing the electronic files or documents shall place on the printed document the appropriate designation, as well as the production numbers associated with the electronic files or documents.

2.     Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Highly Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.     With respect to documents, information or material designated "CONFIDENTIAL, "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL -

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," both individually and collectively.

ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE") may be made at any time.    Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)      outside counsel of record in this Action for the Parties;

(b)      employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)      mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(d)      up to and including three (3) designated representatives of each of the Parties, who are officers or employees of the receiving Party or related entities of the receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for the litigation of this Action, provided that any such person has agreed to be bound by the terms of this Order by signing the agreement attached hereto as Appendix A, which shall be provided to the producing Party before disclosure of Protected Material to the designated

representative.  In-house counsel may be designated as a party representative under this paragraph. Either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than litigation, nor anticipated at the time of retention to become employed by the Parties for purposes other than litigation; (2) such consultants or experts are not involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (3) before access is given, the consultant or expert has completed the Acknowledgment and Agreement to be Bound attached as Appendix A hereto); and (4) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in paragraph 30 below;

(f)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(g)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided they have an obligation not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential; and

(h)     the Court and its personnel.

Notwithstanding any contrary provisions of paragraph 5(d), to the extent third-parties consent to the production of any license agreements, those persons identified in paragraph 5(d) shall be allowed access to the scope and settlement amount of any license agreement or settlement agreement regarding the asserted patents in this litigation solely for the purpose of facilitating settlement negotiations in this action.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contain or reflect

confidential, proprietary, and/or commercially sensitive information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. A Producing Party may designate Protected Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," if it contains or reflects information that is extremely confidential and/or sensitive in nature and the producing Party reasonably believes that the disclosure of such Protected Material is likely to cause economic harm or significant competitive disadvantage to the producing Party.   To the extent such Protected Material includes computer source code, including computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and/or live data (that is, data as it exists residing in a database or databases) ("Source

Code Material"), the producing Party may designate only the relevant portions of such Protected Material as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

9.      For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-h).

10.     For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE, the following additional restrictions apply:

(a)     Any Source Code Material that is produced by Defendant will be made available for inspection at the Washington DC office of its outside counsel, WilmerHale LLP, or any other location mutually agreed by the Parties.  Access to a Party's Source Code Material shall be provided only on two (2) "stand-alone" computers (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  The stand-alone computers may be connected to a printer;

(b)     Prior to the first inspection of any requested Source Code, the receiving Party shall provide ten (10) days notice of the Source Code that it wishes to inspect. The receiving Party shall provide three (3) days notice prior to any additional inspections of that code.  The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computers to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. A list of names of persons who will inspect the Source Code Material will be provided to the producing Party at the time of request for access. Upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  No recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.  The producing Party may visually monitor the activities of the receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code are being created or transmitted in any way.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as

otherwise provided herein. Except to print source code pursuant to Paragraph 10(h) below, the receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code Material on the stand-alone computers;

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computers as described above.  The Producing Party will produce Source Code Material in its native format stored in its usual directory format;

(e)     Access to Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE shall be limited to outside counsel and up to six (6) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above, provided that: (a) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (b) such expert or consultant is not involved in competitive decision-making on behalf of a Party or a competitor of a Party; and (c) no unresolved objections to disclosure exist after proper notice has been given to all Parties. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders with any uncited Source Code redacted;

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) all Source Code Material will be redacted from pages containing quoted Source Code Material and the document will be stamped and treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY or (2) those pages containing quoted Source Code Material will be separately stamped and treated  as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If an electronic or other copy needs to be made for contentions, an expert report, a Court filing (subject to the terms of the preceding paragraph), or any other document, which pursuant to the Court's rules, procedures, or orders must be filed or served electronically, the receiving Party's entire submission, communication, and/or disclosure containing any portion of Source Code (paper or electronic) shall be marked "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" and access at all times shall be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order;

(g)     Except as set forth elsewhere in paragraph 10 below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party;

(h)     The receiving Party shall be permitted to make a reasonable number of printouts of Source Code Material, all of which shall be designated and clearly labeled "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed that shall be provided to the supplier upon conclusion of the litigation. The receiving Party shall request only such portions as are reasonably necessary from the standalone computers onto pre-Bates numbered and light-colored or watermarked paper, which shall be provided by the producing Party, that bears the legend "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."  Within five (5) days of request, the producing Party shall either (i) provide five (5) copy sets of such pages to the receiving Party or (ii) inform the requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, within five (5) business days, the Parties shall jointly seek an order from the Court regarding whether the printed Source Code in question is reasonable and was printed for a permitted purpose.

(i)     Copies may not be made for purposes of review elsewhere in the first instance (*i.e.*, as an alternative to reviewing the Source Code Material in the room in which the stand alone computers are located);

(j)     The Producing Party will provide the Requesting Party's expert(s) a Break Room (e.g., to make phone calls and work) for each day of the code review during normal business hours pursuant to paragraph 10(b) above, to the extent available. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code, but may not copy any portion of the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself.  All such notes shall be treated as CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY.  In order to take notes during the review, the Requesting Party's expert(s) are entitled to use one computer per expert/consultant ("expert's computer") that shall not be connected to the Internet and will have all of its external ports, adapters and cameras disabled during the review, in order to take notes during the review. Source Code cannot be electronically scanned, photographed, copied or transferred by or to the expert's computer. The Requesting Party's expert(s) may remove the expert's computer used for note taking from the source code review room to the Break Room, and at the end of each day of review. Except for the expert's computer for taking notes during the review, no other recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code review room.  Counsel for the Producing Party is not permitted to review any notes made by the Receiving Party. No copies or any portion of the Source Code may leave the Source Code review room except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein;

(k)     At least five (5) business days in advance of the date upon which the Receiving Party wishes to use the Source Code Computers, the Receiving Party shall identify the licensed software tools it wishes to have installed and available for use on the Source Code Computers, and provide, on a CDROM or other medium, a properly licensed copy of the software it requests to be installed.  Any costs associated with acquiring licenses to requested software tools shall be borne by the Receiving Party.  In the event that there are issues concerning the installation or use of such tool, the Parties, and their technical staff, shall meet and confer promptly to resolve such issues.  The Parties agree that the following software tools are pre-approved for the purposes of this Action; however, no Party provides any warranty or representation about the functionality or compatibility of any of the following tools with the Source Code Computers. [4]  To the extent other tools are requested, the Producing Party should not unreasonably withhold installation of such tools.  If after meeting and conferring, the Parties cannot resolve an

_____

[4] The parties agree that the identified links and/or version numbers are for reference only, and will meet and confer if needed.

objection to a source code tool, the Producing Party shall move for a protective order within five (5) days:

- SlickEdit (http://www.slickedit.com)
- Understand (http://www.scitools.com)
- Beyond Compare (http://www.scootersoftware.com)
- Acrobat Reader (http://get.adobe.com/reader)
- Eclipse (https://www.eclipse.org/downloads/packages/release/2019-03/r/eclipse-ide-cc-developers)
- Cygwin (http://www.cygwin.com)
- Notepad++ (https://notepad-plus-plus.org/download/v7.4.2.html)
- PowerGrep (http://www.powergrep.com)
- CLOC (https://sourceforge.net/projects/cloc/files/cloc/v1.64)
- Microsoft Office (https://products.office.com/en-us/compare-all-microsoft-office-products)
- Xcode (https://developer.apple.com/xcode/)

(l)     Printed copies of Source Code may be reviewed by persons or entities permitted to access "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" information at the offices of Outside Counsel of the receiving Party or the offices of the receiving Party's Outside Consultants, but may not be removed from such offices, except that copies may be made for and used in Court filings and proceedings, expert reports, contentions, and depositions of persons or entities permitted to access "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" information of the Producing Party, provided that the Source Code Material is appropriately designated, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(m)     The receiving Party shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies along with dates and locations where the paper copies are stored. Upon completion of the litigation, the receiving Party shall provide a copy of this log to the producing Party. The receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. Such photocopies shall also be on light-colored or watermarked paper. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or

photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition). Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers, unless otherwise agreed by the producing Party. All paper copies of Source Code brought to the deposition must be returned to the receiving Counsel following the deposition for secure transport back to the secured locked area in the offices of the receiving Counsel; and

(n)   A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as with respect to the transmission of contentions, expert reports, sealed court filings, or any other document, which pursuant to the Court's rules, procedures, or orders must be filed or served electronically, as set forth in paragraphs 10(f) and 10(j) above and is at all times subject to the transport restrictions set forth herein.

(o)   In the case of any conflict between a provision of Paragraph 10 (regarding source code) and any other provision in this Order, the provision in Paragraph 10 (regarding source code) shall govern.

11.   Any attorney representing Plaintiffs, whether in-house or outside counsel, and any person associated with Plaintiffs and permitted to receive Defendant's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY and/or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise learns, in whole or in part, Defendant's HIGHLY SENSITIVE MATERIAL under this Order shall not advise on, consult on, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, specifications, claims, and/or responses to office actions, or otherwise affect the scope of claims in patents or patent applications directed to inventions on baseband chips on behalf of Plaintiffs or its acquirer, successor, predecessor, or other affiliate for eighteen months after the date that

the final, non-appealable judgment in the Action is entered on the docket.  For the avoidance of doubt, nothing in this provision shall preclude any person (counsel or experts) who obtains, received, or otherwise learns, in whole or in part, the other Party's DESIGNATED MATERIAL under this Order from participating in or representing it in reexamination proceedings, Post-Grant Review proceedings,[5] *Inter Partes* Review proceedings, or Covered Business Method Review proceedings involving the patents-in-suit, provided they (1) do not rely upon or use, directly or indirectly, Defendant's DESIGNATED MATERIAL in those proceedings and (2) do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims in those proceedings. Further, Plaintiffs' counsel of record or experts in this litigation may not reveal Defendant's DESIGNATED MATERIAL to any reexamination, inter partes review, or covered business method review counsel or agent.  To ensure compliance with the purpose of this provision, Plaintiffs' counsel shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application claims directed to inventions on baseband chipsets.  These prohibitions are not intended to and shall not preclude counsel or experts from participating in proceedings on behalf of a Party challenging or defending the validity of any patent in this or other countries, including but not limited to, formulating reasons and arguing for patentability of any claims (including in Post-Grant Proceedings arguing any amendments that he or she did not participate in drafting).

---

[5] Post-Grant proceedings is a broad term that includes reexamination, PGR, CBM, IPR, etc.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Absent consent from the Producing Party, Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure

manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).  For the avoidance of doubt, a permanent resident of the United States is not a "foreign national" for the purposes of this Protective Order.

15.    If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, and provide all known, relevant information concerning the nature and circumstances of the disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, including securing the agreement of the recipient(s) not to further disseminate the Protected Material in any form; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Appendix A. Compliance with the foregoing shall not prevent the producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

16.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided

that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) a consultant, and/or expert retained for the purpose of this litigation and disclosed and approved pursuant to paragraphs 5(e), 30, and 31; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEY' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so

designated shall be limited in accordance with the terms of this Order.  In the absence of any earlier designation being made, until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL – ATTORNEY' EYES ONLY" for fourteen (14) days and then as "CONFIDENTIAL" for the remainder of the 30-day period.

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order.

19. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. However, each of the parties reserves the right to request that the Court seal the courtroom or, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Material.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is

proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.    Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.  Reports and materials exempt from discovery under this paragraph shall be treated as attorney work product for the purposes of this case and Protective Order. No conversations or communications between counsel and a testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in report or trial or deposition testimony in this case.

23.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves  trade  secrets,  confidential  business  information,  or  other  proprietary

information, then such Third Parties may designate material for protection under this Order.

24.   Information originating with a Third Party and in a producing Party's custody or control that a producing Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated by a producing Party as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" and such Protected Information shall be subject to the restrictions on disclosure specified in this Order. The foregoing notwithstanding, if a Party has a good faith belief that the production of Discovery Material is objectionable on the grounds that the requested Discovery Material is subject to a Third-Party confidentiality obligation, the producing Party shall confer with the Third Party to resolve the confidentiality issue. Any Party to this Action intending to disclose Third-Party confidential information pursuant to this Order should first provide to such Third Party a copy of this Order and a description of information to be disclosed.

25.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. In the absence of any earlier designation, the Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL –

ATTORNEY' EYES ONLY" for three (3) days and then as "CONFIDENTIAL" for the remainder of the 10-day period.

26.   Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. If the election is not provided in writing to the receiving Party within five (5) days of final termination, then it shall be the receiving Party's election.  However, notwithstanding this requirement, Outside Counsel may retain DESIGNATED MATERIAL incorporated into court filings, pleadings, written discovery responses, and communications for archival purposes and are not required to delete information that may reside on their respective back-up systems; however, Outside Counsel agree that no Protected Material shall be retrieved from the electronic back-up systems or archives to be used as reference materials for business operations after conclusion of this litigation. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

27.   The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection

to the furnishing thereof, all such objections being hereby preserved.

28.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

29.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

30.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.     Prior to disclosing any Protected Material to any person described in Paragraph 5(e) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name and current address of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of all of the Person's past and current employment and consulting relationships in the past five (5) years, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services and a description of any job responsibilities or consulting services relating to product design, development, sales, marketing, pricing, patenting, or licensing;

(v) an identification of all patents and pending patent applications on which the Person is named as an inventor, has been involved in prosecuting, or in which the Person has any ownership or pecuniary interest; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  Within seven (7) business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the seven (7) business day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) business day period.  If the Producing Party objects to disclosure to the Person within such seven (7) business day period, the Parties shall meet and confer via telephone or in person within five (5) business days following the

objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) business days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.  Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER" (Appendix A hereto) and serve it on all Parties.

32.  Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

33.  An initial failure to object to a Person under Paragraph 30 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) business days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information while the objection is being resolved.

34.  The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order.  All disputes concerning

DESIGNATED MATERIAL produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas.

35.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IT IS SO ORDERED.**

**SIGNED this _____ day of _____, 2019.**


_____
RODNEY GILSTRAP
UNITED STATES CHIEF DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC, | Civil Action No. 2:19-CV-00066-JRG |
| | Jury Trial Demanded |
| Plaintiffs, | |
| v. | |
| APPLE INC., | |
| Defendant. | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY - SOURCE CODE" that is disclosed to me.

4.      I understand that signing this Acknowledgment and Agreement to be Bound does not authorize me to view Protective Material I am not otherwise authorized to view pursuant to the terms of the Protective Order.

5.      Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

6.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____