IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **OPTIS WIRELESS TECHNOLOGY, LLC, ET AL.,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-00066-JRG |
| **APPLE INC.,** | § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Apple Inc.'s ("Apple") Motion to Dismiss Count VIII of Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction. (Dkt. No. 16.) Count VIII of Plaintiffs' Complaint has been superseded by Plaintiffs' First Amended Complaint (*see* Dkt. No. 26), and consequently, the Court is of the opinion that this motion should be and hereby is **DENIED-AS-MOOT**. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect . . . .").

Also before the Court is Apple's Motion to Dismiss Count VIII of Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction (the "Motion"). (Dkt. No. 31.) Having considered the Motion and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

I. Background

In their First Amended Complaint, Plaintiffs allege that they are owners of "patents essential to various standards, including for example, LTE" and that Apple does not have a license to practice these patents. (Dkt. No. 26 ¶ 141.) Plaintiff's further allege that the original assignees

of these standard essential patents "voluntarily declared that they are prepared to grant licenses on terms that are fair, reasonable, and non-discriminatory" and that these declarations formed a FRAND contract under French law. (*Id.* ¶ 142.)

Plaintiffs allege that they have engaged in "good faith efforts to license their essential patents to Apple on FRAND terms," that "Apple has not reciprocated the Plaintiffs' good faith efforts," that Apple has instead "taken the position that Plaintiffs have violated their legal obligations during these negotiations," and that "Apple has acted in bad faith, has engaged in hold-out and has rejected Plaintiffs' performance" of its promise to grant FRAND licenses. (*Id.* ¶¶ 32–36.) Plaintiffs' consistently refer to their alleged negotiation efforts as efforts to agree upon a "global FRAND license." (*Id.* ¶ 1; *see also id.* ¶ 143.)

Plaintiffs note that they have asked the High Court of England and Wales to "determine FRAND terms for Plaintiffs' worldwide portfolios." (*Id.* ¶ 144.) However, "[t]o the extent necessary beyond" this UK proceeding, in Count VIII of the First Amended Complaint, Plaintiffs seek a declaration that they have complied with their FRAND obligations as to Apple in the U.S. and therefore (1) they are not liable under U.S. competition law for failure to comply with such obligations and (2) Apple cannot rely upon a FRAND defense in the U.S. (*Id.* ¶ 145–146.) Specifically, Plaintiffs state:

> Plaintiffs request a declaratory judgment in this Court that negotiations toward a FRAND license with Apple were conducted in good faith, comply with the ETSI IPR Policy, and were consistent with competition law requirements.

(*Id.* ¶ 145.) Plaintiffs further state:

> Plaintiffs request a declaratory judgment in this Court that because Plaintiffs negotiated in good faith, Plaintiffs have no US liability based on their conduct, including under US competition law, and that Apple, because of its bad-faith conduct, its policy of hold-out, and its refusal to accept performance, may no longer raise a FRAND defense in the US.

(*Id.* ¶ 146.)

Apple seeks dismissal of this count under Rule 12(b)(1) arguing that these issues are not appropriate for declaratory relief. (Dkt. No. 31.)

## II. Legal Standard

"Federal courts . . . have a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). "The party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). "In assessing jurisdiction, the district court is to accept as true the allegations and facts set forth in the complaint." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). A 12(b)(1) motion will not be granted "unless it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief." *Life Partners*, 650 F.3d at 1029.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). "When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The court must ask (1) "whether an 'actual controversy' exists between the parties" in the case; (2) whether it has authority to grant declaratory relief; and (3) whether "to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.*

## III. Discussion

Apple argues that this Court does not have subject matter jurisdiction, or in the alternative should decline jurisdiction, over Count VIII of the First Amended Complaint. Apples' argument

3

largely proceeds in two parts—(1) the Court does not have or should decline jurisdiction over this claim as it relates to foreign patents and (2) once those portions of the claim have been exercised, no justiciable controversy remains. Applying the standard appropriate at the Rule 12 stage, the Court agrees with Apple on this first point but disagrees as to the second point.

### A. The Court declines jurisdiction to declare rights as to foreign patents or foreign obligations.

First, Apple argues that this Court does not have, or in the alternative should decline, subject matter jurisdiction over any portion of Count VIII that relate to Plaintiffs' FRAND obligations with respect to foreign patents. (Dkt. No. 31 at 6–10.) Apple relies largely on the Federal Circuit's decision in *Voda v. Cordis Corp.*, 476 F.3d 887, 902 (Fed. Cir. 2007), as well as this Court's prior decision in *Optis Wireless Technology, LLC v. Huawei Technologies Co.*, No. 2:17-CV-00123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018). This Court's decision in *Huawei* analyzed circumstances nearly identical to the posture of this case.

In *Huawei*, as here, the plaintiffs sought declaratory relief that they had complied with their FRAND obligations "during their negotiations with Huawei concerning a worldwide license" to the plaintiffs' patents. 2018 WL 3375192, at *7. In that case, as here, separate foreign courts were dealing with foreign counterparts to the *Huawei* case and Huawei asked the Court to dismiss the portion of the plaintiffs' claim that related to foreign patents. *Id.* Relying on the Federal Circuit's decision in *Voda*, the Court granted Huawei's motion. Specifically, the Court noted that under *Voda* "it is almost always an abuse of discretion" to assume jurisdiction "over a foreign patent infringement claim" and that this reasoning should apply equally to the hypothetical breach of a FRAND contract. *Id.* (quoting *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, 589 F. Supp. 2d 84, 91 (D. Me. 2008)). Relying on this Court's reasoned

opinion in *Huawei*, the Court likewise declines to exercise subject matter jurisdiction over any portion of Count VIII that relates to Plaintiffs' FRAND obligations regarding foreign patents.[1]

Plaintiffs seek to distinguish *Huawei* on the grounds that *Huawei* was addressed solely to the issue of supplemental jurisdiction, the exercise of which is discretionary, whereas here Plaintiffs have alleged other independent grounds for jurisdiction including diversity jurisdiction.[2] (Dkt. No. 37 at 13.) However, as in *Huawei*, Plaintiffs "devoted their briefing to [issues of] jurisdiction but lost sight of the fact that [Plaintiffs] want a declaratory judgment," which is always discretionary regardless where the Court's jurisdiction is grounded. 2018 WL 3375192, at *8. "The Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party,' not that it *must* do so." *MedImmune*, 549 U.S. at 136 (quoting 28 U.S.C. § 2201(a)) (emphasis in original). It is true that diversity jurisdiction was not asserted in *Voda* or *Huawei*. *See Voda*, 476 F.3d at 905; *Huawei*, 2018 WL 3375192, at *8. However, the Court does not see why the principles of comity underlying these decisions not to interfere with the patent laws of foreign countries should apply with any less force simply because the plaintiffs and the defendant are not citizens of the same state.

---

[1] Plaintiffs do not appear to contest this portion of Apple's motion, arguing instead that Count VIII is not predicated on foreign patents. Instead Plaintiffs argue that Count VIII is directed solely to "how the parties have conducted themselves during negotiations under U.S. law." (Dkt. No. 37 at 1.) Nonetheless, Plaintiffs argue that *Huawei* is inapposite.

[2] The Court does not interpret Plaintiffs' argument to be that this Court sitting in diversity should not apply the federal Declaratory Judgment Act. (*See* Dkt. No. 37 at 14 ("[W]hen siting in diversity, a Texas federal district court must apply both the choice of law and substantive law of the state of Texas.").) Nonetheless, the Court notes that the Fifth Circuit has instructed courts to consider "whether to exercise its broad discretion to decide or dismiss a declaratory judgment action" even in cases based upon diversity jurisdiction. *Frye v. Anadarko Petroleum Corp.*, No. 18-20543, 2019 WL 7374806, at *6 (5th Cir. Nov. 4, 2019).

Plaintiff also argues that *Voda* is distinguishable because Count VIII does not request that the Court adjudicate a claim for infringement or invalidity of foreign patents. (Dkt. No. 37 at 13.) However, *Huawei* likewise did not involve such claims. As the Court noted in *Huawei*, "It is hard to see how the reasoning in *Voda* would not apply to a hypothetical breach of contract claim," such as a FRAND claim. *Huawei*, 2018 WL 3375192, at *8. Like claims for foreign patent infringement, claims asking the Court to pass upon foreign obligations under foreign laws related to foreign patents are best left to the courts of those foreign countries. *See Voda*, 476 F.3d at 900–02. Accordingly, any portion of Count VIII that seeks a declaration that Plaintiffs have complied with their obligations under foreign laws or as they relate to foreign patents, or that Apple may not raise a FRAND defense in a foreign jurisdiction, are dismissed—because the Court elects not to exercise its jurisdiction under these facts.[3]

### B. Plaintiffs have pled an actual controversy as to U.S. patents.

Next, Apple argues that, once the portion of the claim related to Plaintiffs' foreign patents is dismissed, there is no remaining justiciable controversy as to Plaintiffs' U.S. patents. (Dkt. No. 31 at 10.) Specifically, Apple notes that all of the alleged licenses offered by Plaintiffs were for a global FRAND license, and that any judgment by this Court would amount to an advisory opinion about whether a license only for U.S. patents would have complied with Plaintiffs' FRAND obligations. (*Id.*) Here, Apple likewise relies on this Courts' decisions in the *Huawei* case. Apple notes that the Court declined to grant declaratory relief in *Huawei* because "any declaration by the

---

[3] The Court distinguishes such a declaration of rights under foreign laws from a declaration of rights under domestic laws that might require consideration of ancillary questions of foreign law. The Court understands, as Plaintiffs note, that it has the power to pass upon these issues. (Dkt. No. 37 at 13–15.) Should questions of foreign law become relevant to determining whether the parties have complied with their U.S. obligations, the Court will consider the propriety of entertaining such questions, in its discretion, at that juncture.

Court" as to whether the plaintiff "complied with its FRAND obligations as to the U.S. [patents]" "would amount to an advisory opinion." (Dkt. No. 31 at 11 (quoting *Optis Wireless Tech. LLC v. Huawei Device USA, Inc.*, 2019 WL 1244707, at *7).)

However, in this respect, the present case sits in a very different procedural posture from the *Huawei* case. As Apple itself notes, the Court's conclusion that a declaratory action regarding U.S. patents was non-justiciable came "after a *bench trial* in which [the plaintiffs] failed to present any *evidence* that they had offered a license to U.S.-only patents." (*Id.* (emphasis added).) Apple argues, in essence, that because the Court previously declined to grant similar declaratory relief in another case after giving the parties a full opportunity to present evidence at a bench trial, the Court should now conclude that declaratory relief would be inappropriate in this case based on nothing more than the pleadings. The Court declines to do so.

At the Rule 12 stage, the Court may dismiss Plaintiffs claim only if "it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief." *Life Partners*, 650 F.3d at 1029. Apple asserts that because the licensing offers alleged by Plaintiffs were global licenses, any determination of whether a hypothetical offer for a U.S.-only license complied with FRAND obligations would be an advisory opinion. (Dkt. No. 66 at 10–11.) However, while such a global license would involve foreign patents subject to foreign FRAND obligations, they would also involve U.S. patents subject to U.S. FRAND and anti-competition obligations. The Court is not prepared to conclude, at this early stage, that the U.S. components of the license offers could not be extricated from the foreign components in any meaningful way. The Court's decision in *Huawei* confirms this approach.

In *Huawei*, the plaintiffs' expert "testified that he has offered no opinions as to whether there was FRAND compliance by [the plaintiffs] with respect to only U.S. patents." *Optis*, 2019

7

WL 1244707, at *6 ([FF30]). "Based on the evidence adduced at trial," or lack thereof, the Court concluded, "this offer cannot be segregated or analyzed by product, region, or patent; nor has either party attempted to analyze the offer only as to U.S. patents." *Id.* Accordingly, the Court concluded that it had "not been presented with any evidence by which it can adjudicate whether [the plaintiff's offer] was FRAND as to U.S. patents only." *Id.* at *7 ([CL3]). However, such a failure of proof in the *Huawei* case should not preclude Plaintiffs from attempting to offer such proof in this case. Apple's motion effectively seeks to deny them that opportunity.

The Court does not agree that, as a categorical matter, a patentee must make individual license offers for standard essential patents in each country in order to be deemed to have complied with its FRAND and other obligations in that country. Plaintiffs have alleged that Apple has accused them of violating their obligations under U.S. law and further alleged that their global license offers satisfied their obligations under U.S. law. The Court finds that these pleadings are enough to survive a Rule 12 motion. Whether or not Plaintiffs can *prove* these allegations in a manner sufficient to allow this Court to issue declaratory relief is a separate issue more appropriately analyzed under Rule 56 or at trial.

The Court remains under "a continuing obligation to examine the basis of [its] jurisdiction" and will not issue an advisory opinion if it becomes clear that there is no justiciable controversy before the Court. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). However, the Court will not deprive Plaintiffs of a meaningful opportunity to make their case. The Court declines to dismiss Count VIII as to U.S. patents at this stage.

### IV. Conclusion

For the reasons set forth herein, Apple's Motion to Dismiss Count VIII of Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction (Dkt. No. 16) is **DENIED-AS-MOOT**. Apple's

Motion to Dismiss Count VIII of Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction (Dkt. No. 31) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion is **GRANTED** as to any request to declare the parties' rights with respect to any foreign patents or under any foreign laws. However, the Motion is **DENIED** as to Plaintiffs' request to declare the parties' rights with respect to U.S. patents or under U.S. state or federal law.

**So ORDERED and SIGNED this 28th day of February, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE