███████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

OPTIS WIRELESS TECHNOLOGY, LLC,
OPTIS CELLULAR TECHNOLOGY, LLC,
UNWIRED PLANET, LLC, UNWIRED
PLANET INTERNATIONAL LIMITED,
AND PANOPTIS PATENT
MANAGEMENT, LLC,

Plaintiffs,

v.

APPLE INC.,

Defendant.

Civil Action No. 2:19-cv-00066-JRG

**JURY TRIAL DEMANDED**

████████████████

**APPLE INC.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS
OF PRE-SUIT DAMAGES, INDIRECT INFRINGEMENT, AND WILLFUL
INFRINGEMENT**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  ISSUES PRESENTED...........................................................................................2

III.  STATEMENT OF UNDISPUTED MATERIAL FACTS ...................................2

    A.  The Patents-in-Suit....................................................................................2

    B.  Plaintiffs' Licensees .................................................................................2

    C.  ██████████████████████████████████████████5

    D.  Alleged Pre-Suit Notice Dates and Plaintiffs' Damages Calculations ...................7

IV.  ARGUMENT .......................................................................................................11

    A.  The Record Warrants Summary Judgment of No Pre-Suit Damages for Five of the Patents-in-Suit .......................................................................11

        1.  Plaintiffs Cannot Prove Apple Had Constructive Notice ..........................12

        2.  Plaintiffs Cannot Prove Apple Had Actual Notice ...................................12

            a.  ████████████████████████y Did Not Provide Specific Charges of Infringement.............................13

            b.  █████████████████████ ████████████████████████ ███████ ..................................................15

            c.  Apple's Alleged ████████████████ ████████████████████ ...........17

    B.  The Record Warrants Summary Judgment of No Pre-Suit Indirect or Willful Infringement ...............................................................................19

V.  CONCLUSION....................................................................................................21

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**CASES**

*Acantha LLC v. DePuy Orthopaedics Inc.*, No. 15-C-1257, 2018 WL 1951231
(E.D. Wis. 2018) ....................................................................................................12

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994) ..................13, 15

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350 (Fed. Cir.
2017) ................................................................................................................11, 12

*Commil USA, LLC v. Cisco Sys.*, 135 S. Ct. 1920 (2015)............................................................20

*Dunlap v. Schofield*, 152 U.S. 244 (1894) ................................................................................13

*Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367 (Fed.
Cir. 2020) ..............................................................................................................20

*Finjan, Inc. v. Cisco Sys. Inc.*, 2017 WL 2462423 (N.D. Cal. June 7, 2017)..............................21

*Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357 (Fed. Cir. 2010) ...................................15

*Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011)...................................................20

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)....................................................20

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 17-cv-00662-JRG-RSP,
2019 WL 1987172 (E.D. Tex. Apr. 12, 2019) ....................................................21

*Llamas v. Titus*, No. CV 2018-0516-JTL, 2019 WL 2505374 (Del. Ch. June 18,
2019) ....................................................................................................................18

*Minks v. Polaris Indus., Inc.*, 546 F.3d 1364 (Fed. Cir. 2008) ...................................................14

*Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*, 112 A.3d
878 (Del. 2015) ....................................................................................................19

*Osteotech, Inc. v. Regeneration Techs., Inc.*, No. 3:06-cv-04249, 2008 WL
4449564 (D.N.J. Sept. 25, 2008) .....................................................................15, 19

*Oxbow Carbon & Minerals Holdings, Inc. v. Crestview-Oxbow Acquisition, LLC*,
202 A.3d 482 (Del. 2019) ....................................................................................18

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574 (D. Mass. 2018)....................21

*Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904 (E.D. Tex.
2005) ....................................................................................................................14

*WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016) ............................................................20

*Zamora Radio, LLC v. Last.FM, Ltd.*, 758 F. Supp. 2d 1242 (S.D. Fla. 2010) .............................21

**STATUTES, RULES, AND REGULATIONS**

35 U.S.C. § 271 .................................................................................................................2, 19, 20

35 U.S.C. § 284 ..............................................................................................................................2

35 U.S.C. § 287 ................................................................................................................... *passim*

## I.      INTRODUCTION

Plaintiffs made a contractual commitment not to use the parties' pre-suit licensing negotiations as evidence ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████, Plaintiffs cannot show that Apple received notice of the patents-in-suit or alleged infringement before this lawsuit.  This warrants summary judgment on Plaintiffs' claims of pre-suit damages (for five of the patents), indirect infringement, and willful infringement.

*First*, Plaintiffs have asserted apparatus claims in five of six patents-in-suit.  To obtain pre-suit damages for these five patents under 35 U.S.C. § 287, Plaintiffs must prove that they made reasonable efforts to have their licensees mark the alleged-practicing products or otherwise provided Apple actual notice of alleged infringement.  Plaintiffs can show neither.  █████████

████████████████████ and their licensees did not mark, the alleged practicing products.  For actual notice, Plaintiffs rely only on (1) declarations to ETSI that the patents or applications thereto may be essential to LTE, (2) a████████████████████████████, and (3) ████████

████████████████████████████.  None of these communications included the type of specific charge of infringement against Apple that is required for actual notice, and Plaintiffs are ███████████████████████████████████████.  Accordingly, summary judgment of no pre-suit damages for these five patents is appropriate.

*Second*, Plaintiffs' claims for pre-suit indirect and willful infringement of all patents-in-suit fail as a matter of law for the same reason:  Plaintiffs have no admissible evidence sufficient to show that Apple knew of the patents-in-suit and its alleged infringement before the lawsuit.[1]

---

[1] Plaintiffs also do not have a plausible claim of indirect or willful infringement as to post-suit conduct.  Apple expects to move for JMOL at the close of Plaintiffs' case on these issues but limits this motion to pre-suit conduct.

## II.     ISSUES PRESENTED

1.  Whether Apple is entitled to summary judgment on Plaintiffs' claim for pre-suit damages under 35 U.S.C. § 287, where Plaintiffs cannot present any evidence that they complied with their marking obligations or provided Apple with actual notice of alleged infringement before this lawsuit.

2.  Whether Apple is entitled to summary judgment on Plaintiffs' pre-suit claim for induced infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c), where Plaintiffs cannot present any evidence that Apple had knowledge of the patents-in-suit or its alleged infringement before this lawsuit.

3.  Whether Apple is entitled to summary judgment on Plaintiffs' claim for pre-suit willful infringement under 35 U.S.C. § 284, where Plaintiffs cannot present any evidence that Apple had knowledge of the patents-in-suit or its alleged infringement before this lawsuit.

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.     The Patents-in-Suit

Plaintiffs assert six patents against Apple: U.S. Pat. Nos. 8,005,154; 8,019,332; 8,102,833; 8,385,284; 8,411,557; and 9,001,774.  ECF No. 26, ¶ 1.  Plaintiffs obtained the '284 and '557 patents from Panasonic, the '833 and '332 patents from LG, and the '154 and '774 patents from Samsung.  The original owners each declared to ETSI that their respective patents-in-suit (or applications for the patents or family members of the patents) "may be or may become essential" to the 4G (LTE) cellular standard.  *Id.*  ¶ 29; Exs. 1-6.

Plaintiffs served a complaint on Apple on March 1, 2019.  ECF No. 1; ECF No. 9.  Plaintiffs filed an amended complaint on May 13, 2019.  ECF No. 26.  Plaintiffs alleged that "all Apple products capable of implementing the LTE standard" infringe "by virtue of their compatibility with and practice of the LTE Standard."  ECF No 26 ¶¶ 41, 55, 68, 80, 95, 106, 116.  The asserted claims of the '833, '332, '154, '557, and '284 patents include apparatus claims; the '774 patent includes only method claims.  Ex. 7 at 2.

### B.     Plaintiffs' Licensees

Plaintiffs have licensed one or more of the patents-in-suit to the following companies, each

██████████████████████████████████████

of which makes and/or sells products that interoperate with the LTE standard, which Plaintiffs

contend practice the patents-in-suit:

███████████████     ████████████████████████████████

████████████████████████████████████████████████████

██████████████████   ██████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

[2] Apple has produced examples of user guides and product specifications for ████████, which show that they operate on LTE networks.  Ex. 22 at 156-157 (collecting bates numbers of user guides and product specifications).

[3] Apple has produced examples of user guides and product specifications for ████████ which show that they operate on LTE networks.  *Id.* at 160 (same).

[4] Apple has produced examples of product specifications for ████████, which show that they operate on LTE networks.  *Id.* at 162 (same).

[5] Apple has produced examples of user guides and product specifications for ████████, which show that they operate on LTE networks.  *Id.* at 155-156 (same).

[6] Apple has produced examples of user guides and product specifications for ████████, which show that they operate on LTE networks.  *Id.* at 160 (same).

[7] Apple has produced examples of user guides and product specifications for ████████, which show that they operate on LTE networks.  *Id.* at 162-136 (same).

████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████     █████████████

             ████████████████████████████████████████████████

████████████████████████████████████████

        ████████     ██████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████  █████████████

Apple identified for Plaintiffs the products that, according to Plaintiffs' contentions, would practice the patents-in-suit but are not marked.  Ex. 21 at 154-163.  Plaintiffs have never disavowed their contention that those products practice the patents-in-suit and ██████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████

Plaintiffs' licensing witnesses—including Plaintiffs' corporate witness on marking requirements—have admitted that ███████████████████████████████████████

████████████████████████████████████████████████████████████

---

[8] Apple has produced examples of user guides and product specifications for ██████████████, which show that they operate on LTE networks.  *Id.* at 156 (same).

[9] Apple has produced examples of user guides and product specifications for ██████████████, which show that they operate on LTE networks.  *Id.* at 161-162 (same).

[10] Apple has produced examples of user guides and product specifications for ██████████████, which show that they operate on LTE networks.  *Id.* at 158-160 (same).

██████████████████████████

████████████████████████████████████████████████████████████████

███████████████████

**C.**   **The** ████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████

████████████████████████████████████████████████████
██████████████████████████████████████

████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████



███████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████
      ██████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████   ██████████████████████
███████████████████

**D.**     **Alleged Pre-Suit Notice Dates and Plaintiffs' Damages Calculations**

████████████████████████████████████████

██████████████████. *See, e.g.*, Ex. 38 at 11; Ex. 26, 220:17-221:3; Ex. 24, 182:12-183:1; Ex. 27, 32:21-33:13; Ex. 24, 367:15-368:14.  Similarly, Plaintiffs have not pled any pre-suit notice date.  ECF No. 26, ¶ 26.

In a supplemental interrogatory response served on March 14, 2020, Plaintiffs assert that they provided actual notice of infringement under 35 U.S.C. § 287 to Apple before filing the lawsuit.  Plaintiffs claim that they are entitled to pre-suit damages beginning on two different dates:

████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████   ████████
████████████████████████████████████████
████████████████████████████████████████



it

---

11 Mr. Blasius's June 7 email is ██████████████████████████████████████ *Id.* at -380.

8

In a supplemental interrogatory response served on April 29, 2020—one week after fact discovery closed—Plaintiffs asserted that they provided actual notice on two additional dates:

███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

The declarations submitted by Panasonic, LG, or Samsung do not allege that Apple (or anyone) infringes.  *See* Exs. 1-6.  They were submitted before the '774, '332, '833, '557, and '284 patents had issued, *id.*, and before Apple had introduced its first products that support the LTE standard (in 2012).  Ex. 48 at 43.  Even so, Plaintiffs assert that they are entitled to pre-suit damages

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████

Plaintiffs' damages expert—David Kennedy—submitted an expert report on May 6, 2020, in which he relies on Plaintiffs' "actual notices" to calculate damages and also adds an "actual notice" date of ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

---

[12] Optis discusses the ████████████████ in its March 14 supplemental interrogatory response but does ***not*** allege in that response that it is entitled to pre-suit damages as of that date.  *See* Ex. 41 at 27.



## IV.    ARGUMENT

### A.    The Record Warrants Summary Judgment of No Pre-Suit Damages for Five of the Patents-in-Suit

Plaintiffs assert apparatus claims against Apple for five of the six patents-in-suit.[13] Plaintiffs have licensed those patents to third parties that sell products that support the LTE standard.  *See supra* Section III.B.  Therefore, to recover pre-suit damages for those five patents under 35 U.S.C. § 287, Plaintiffs must show that they provided actual or constructive notice of

---

[13] The '774 patent contains only method claims to which 35 U.S.C. § 287 does not apply.

████████████████████████████████████

infringement of those patents to Apple prior to filing of this lawsuit.  *See Arctic Cat Inc. v.*

*Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).  ██████████████

████  and thus, as a matter of law, cannot recover pre-suit damages for these five patents.

### 1.    Plaintiffs Cannot Prove Apple Had Constructive Notice

Pursuant to § 287, a patentee may give constructive notice by marking a "patented article"

with the patent number and a link to the patent.  35 U.S.C. § 287(a).  "A patentee's licensees must

also comply with § 287" and "courts may consider whether the patentee made reasonable efforts

to ensure compliance [licensees] with the marking requirements."  *Arctic Cat*, 876 F.3d at 1366

(internal quotation marks omitted); *see also Acantha LLC v. DePuy Orthopaedics Inc*., No. 15-C-

1257, 2018 WL 1951231, at *4-5 (E.D. Wis. Apr. 25, 2018) (limiting damages based on licensee's

failure to mark over 90% of products).

Plaintiffs claim that each of the patents-in-suit is essential to the LTE standard and that, as

a result, devices that support the LTE standard necessarily infringe.  *See* ECF No. 26, ¶¶ 41, 55,

68, 80, 95, 106, 116.  Plaintiffs have licensed the patents-in-suit to a number of companies that

make and sell products that support the LTE standard.  ███████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████  *See supra* Section III.B.  ████████████████████

████████████████████████████████████████████  *See id.*  Accordingly,

Plaintiffs cannot prove they satisfied the marking requirement.  *See Arctic Cat*, 876 F.3d at 1367.

### 2.    Plaintiffs Cannot Prove Apple Had Actual Notice

Absent evidence of marking, pre-suit damages may not be recovered "except on proof that

the infringer was notified of the infringement and continued to infringe thereafter."  35 U.S.C.

§ 287.  "[N]otice must be of 'the infringement,' not merely notice of the patent's existence or

ownership.  Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device."  *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).  Actual notice "must focus on the action of the patentee, not the knowledge or understanding of the infringer."  *Id.*

Here, there is no genuine dispute that Plaintiffs never provided Apple with actual notice before the lawsuit.  Plaintiffs assert that Apple was provided actual notice on the dates that (1) the patents were declared essential to LTE, (2) ███████████████████████████████ ██████████████   (3) ██████████████████████████████████████ ████████████████████████████████████ ▇ ████████████████████████████ ██████████████████████ ████████████████████████████████████ ████████████████████████████

***Original owners' "IPR Information Statement and Licensing Declaration" to ETSI***.  The original owners' declarations to ETSI concerning the patents-in-suit do not constitute "actual notice" to Apple.  They were not specific communications to Apple, they did not tell Apple of any specific patent, and they did not charge that Apple infringes any patent by any acts related to any specific product or group of products.  *See Dunlap v. Schofield*, 152 U.S. 244, 247-48 (1894) ("[A] patentee … cannot recover damages against infringers of the patent, unless he has given notice of his right, … ***to the particular defendants, by informing them of his patent, and of their infringement of it***." (emphasis added)); *Amsted*, 24 F.3d at 187 (stating that "[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device" and concluding "as a matter of law that the … letter, which notified the whole industry, including [defendant], only of [plaintiff's] ownership of the patent and generally advised

companies not to infringe, was not notice within the meaning of section 287").

Additionally, it is undisputed that the declarations say only that the patent or applications included in the declarations "may be or may become essential to" the LTE standard. *See* Exs. 1-6. As Plaintiffs and their experts admit, the mere fact that a patent or patent application was listed in an ETSI declaration does not mean that it is actually essential. Ex. 52; Ex. 23 at 307:5-309:16; Ex. 25 at 176:17-22; Ex. 26 at 109:23-111:17; Ex. 27 at 60:3-24; Ex. 36 at 359:17-360:5; Ex. 37 at 98:19-99:4; Ex. 54 at 109:13-21; Ex. 55 at 131:1-12; Ex. 56 at 50:17-53:2. And even if an ETSI declaration included an actually essential patent or application, it still would not provide actual notice—there is no notation of "actual essentiality," let alone proof that particular products implement the relevant standard sections.



, which is insufficient as a matter of law to constitute actual notice. *See Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 911 (E.D. Tex. 2005) ("Without more, a meeting regarding a licensing agreement does not raise an issue as to whether a patentee gave actual notice of alleged infringement."); *see also Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1376 (Fed. Cir. 2008) ("[G]eneral letters referring to the patent and including an admonishment not to infringe do not constitute actual notice.").

██████████████████████████████████

Plaintiffs' assertion that Apple ██████████████████████████ does nothing to bolster their argument.  Actual notice must originate from "an affirmative act on the part of the patentee which informs the defendant of his infringement."  *Amsted*, 24 F.3d at 187.  Plaintiffs may not transform a letter that communicates no infringement allegation into actual notice by imposing an affirmative obligation on Apple to analyze Plaintiffs' entire patent portfolio and assess whether Apple infringes any of Plaintiffs' patents.  That would turn the statute on its head.

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████  In short, these communications did not "communicate a charge of infringement of specific patents by a specific product or group of products" and were not "sufficiently specific" to constitute actual notice.  *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010).

        ***b.***   █████████████████████████████
                █████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████ *See id.*; *see also Osteotech, Inc. v. Regeneration Techs., Inc.*, No. 3:06-cv-04249, 2008 WL 4449564, at *3-5 (D.N.J. Sept. 25, 2008) (holding on summary judgment that plaintiff may not use the contents of pre-suit letters between the parties to show actual notice under § 287 in violation of the parties' nondisclosure agreement).

Plaintiffs try to escape this result █████████████████████████████

████████████████████████ This is incorrect.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████   ████████████   █████████████

██████████████████████████████████   ███████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████



███████████████████████████████████████████████████ because the patents-in-suit were all declared

essential to LTE, this is belied by the contemporaneous designations on the document itself as well

as Plaintiffs' decision to designate the email and attachment in this litigation as "Confidential–

Attorneys' Eyes Only" under the Protective Order. ████████████████████████████

*c.*      ***Apple's Alleged*** ████████████████ ***Does Not Nullify the***
████████████████████████████

In a further effort to escape their contractual obligations, Plaintiffs incorrectly claim that

████████████████████████████████████████████[14]  Plaintiffs' contention is incorrect as a straightforward matter

---

[14] Plaintiffs did not plead a breach of contract claim or a claim for misrepresentation or fraud in their Amended Complaint.  Plaintiffs are trying to shoe-horn underlying factual allegations into this case through an improper "Reply" pleading.  *See* ECF No. 131.  Apple's motion to strike these allegations is pending.  ECF No. 138.

██████████████████████████████████████████

of contract interpretation.  Indeed, even accepting Plaintiffs' allegation ████████████████████████

██████████████████████████—though it did not—Plaintiffs cannot show that they may use

█████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████

Plaintiffs are incorrect.  █████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████   *Llamas v. Titus*, No. 2018-0516-JTL,

2019 WL 2505374, at *16 (Del. Ch. June 18, 2019) ("Generally, recitals are not a necessary part

of a contract and can only be used to explain some apparent doubt with respect to the intended

meaning of the operative or granting part of the instrument.") (quoting *New Castle Cnty. V.

Crescenzo*, No. 7082, 1985 WL 21130, at *3 (Del. Ch. Feb. 11, 1985), *aff'd*, 505 A.2d 454 (Del.

1985)).  ████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

18

██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████.[15]

      There is no question that ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ Accordingly, the Court should

reject ██████████████████████████████████████████████████

████████████████████████████████████████████████████

    **B.**    **The Record Warrants Summary Judgment of No Pre-Suit Indirect or Willful Infringement**

      Plaintiffs' claims for indirect and willful infringement each require proof that Apple knew

---

[15] ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████ █████████████████
██████████████████████████████████

of the patents and its alleged infringement.  Specifically, to prove induced infringement under 35 U.S.C. § 271(b) or contributory infringement under 35 U.S.C. § 271(c), a plaintiff must demonstrate that the defendant had "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys.*, 575 U.S. 632 (2015); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("[I]nduced infringement … requires knowledge that the induced acts constitute patent infringement.").  To prove willfulness, a plaintiff must prove that the defendant knew of the patent, knew or should have known of its infringement, and that the alleged infringement was, at a minimum, deliberate and intentional.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) ("willfulness" requires "deliberate or intentional infringement").

Plaintiffs cannot establish the required knowledge for these claims prior to the date that their complaint was served on Apple.  Plaintiffs attempt to rely on (1) the original owners' "IPR Information Statement and Licensing Declarations" to ETSI, (2) ███████████████████████ ████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████. Ex. 56 at 35-44; Ex. 57 at 12-13; Ex. 58, ¶ 451; Ex. 59, ¶ 254.  ***First***, As explained above, the original owners' declarations to ETSI declare only that the patent or patent application "may be or may become" essential to LTE, were not sent to Apple, and do not contain a charge of infringement.  Indeed, the '774, '332, '833, '557, and '284 patents had not even issued at the time of those declarations.  *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it.").  ***Second***, ████████████████████████████████████████████

████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

████████████ *See, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) ("Knowledge of a patent portfolio generally is not the same thing as knowledge of a specific patent."); *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 17-cv-00662-JRG-RSP, 2019 WL 1987172, at *2 (E.D. Tex. Apr. 12, 2019) (holding that knowledge of family members of the asserted patents in the same patent portfolio does not constitute knowledge of the asserted patents in willfulness context). **Third**, as also explained above, ████████████████████████████

██████████████████████████████

█████████████████ ████████████ Accordingly, summary judgment on Plaintiffs' pre-suit indirect and willfulness claims is proper. *Zamora Radio, LLC v. Last.FM, Ltd.*, 758 F. Supp. 2d 1242, 1256 (S.D. Fla. 2010) (granting summary judgment of no indirect infringement where evidence insufficient to show "intent required for a finding of indirect infringement, especially where [defendant] had no pre-suit knowledge of the [patents-in-suit]"); *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 615 (D. Mass. 2018) (granting summary judgment of no inducement where evidence insufficient to show knowledge of patents prior to lawsuit); *Intellectual Ventures*, 2019 WL 1987172, at *2 (granting summary judgment of no pre-suit willfulness where evidence insufficient to show knowledge of patents prior to lawsuit).

## V.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant summary judgment of no pre-suit damages for the '833, '332, '154, '557, and '284 patents, and no pre-suit indirect or willful infringement for any patent-in-suit.

Dated:  June 18, 2020

/s/ *Mark D. Selwyn*

Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Mindy Sooter (*pro hac vice*)
mindy.sooter@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO  80202
Telephone:  (720) 274-3135
Facsimile:  (720) 274-3133

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX  75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Plaintiffs' counsel of record were served with a true and correct copy of the foregoing document by electronic mail on June 18, 2020.

*/s/ Melissa R. Smith*