**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br>Plaintiffs,<br>v.<br>APPLE INC.,<br>Defendant. | Civil Action No. 2:19-cv-00066-JRG<br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S OPPOSED MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

Page

1. Exclude All References to Evidence, Arguments, Verdicts, Judgments, or Orders from Other Litigations ........ 1
2. Exclude All References to Parties' [REDACTED] and Correspondence Under FRE 408 and [REDACTED] ........ 3
3. Exclude Opinions of Experts Who Do Not Testify at Trial or Are Not Qualified as Experts ........ 4
4. Exclude References to the Expert Report Drafting Process and Communications Between Experts and Trial Teams ........ 5
5. Exclude Evidence or Arguments to the Jury Regarding French Law ........ 6
6. Exclude Infringement Arguments Based on Comparing Accused Products to Embodiments in the Specification ........ 6
7. Exclude Undisclosed Doctrine of Equivalents Arguments ........ 7
8. Exclude Comparisons of Burden of Proof Standards to Other Areas of the Law ........ 9
9. Exclude Improper Proof of Conception Evidence ........ 9
10. Exclude Evidence Regarding Apple's Foreign Operations ........ 10
11. Exclude Evidence Regarding Apple's Overall Financial Numbers ........ 11
12. Exclude Evidence Regarding Witness Compensation Unrelated to This Case ........ 12
13. Exclude Evidence Regarding Steve Jobs, Political Positions Taken by Apple or Its Leadership, Media Reports Unrelated to This Litigation, and Media Speculation About Apple ........ 12
14. Exclude Argument that Publishing Patent Applications or Declaring Patent Applications to ETSI Constitutes Notice of Alleged Infringement ........ 13

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abtox, Inc. v. Exitron Corp.*, 122 F.3d 1019 (Fed. Cir. 1997) ....................6

*Apple iPod iTunes Antitrust Litig.*, No. 05-cv-0037-YGR, 2014 WL 12719192, (N.D. Cal. Nov. 18, 2014) ....................13

*Atlantic Thermoplastics Co. v. Faytex Corp.*, 970 F.2d 834 (Fed. Cir. 1992) ....................6

*Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 WL 2537021 (E.D. Tex. May 30, 2017) ....................1

*Conn Credit I, LP v. TF LoanCo III, LLC*, 2016 WL 8253003 (E.D. Tex. May 26, 2016) ....................6

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-01112-JRG, 2015 WL 11089490 (E.D. Tex. Sept. 4, 2015) ....................13

*Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, 2014 WL 11515642 (E.D. Tex. Dec. 10, 2014) ....................12

*Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518 (5th Cir. 2013) ....................4

*Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999–BLF, 2015 WL 4129193 (N.D. Cal. June 8, 2015) ....................12

*GTE Wireless, Inc. v. Qualcomm, Inc*., 192 F.R.D. 284 (S.D. Cal. 2000) ....................13

*Ion, Inc. v. Sercel, Inc.*, No. 5:06-cv-236, 2009 WL 10677596 (E.D. Tex. July 22, 2009) ....................1

*LaserDynamics, Inc. v. Quanta Comp*., 694 F.3d 51 (Fed. Cir. 2012) ....................11

*Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557 (Fed. Cir. 1993) ....................2

*Metaswitch Networks Ltd. v. Genband US LLC*, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) ....................7

*Milcor Steel Co. v. George A. Fuller Co.*, 316 U.S. 143 (1942) ....................7

*Mobile Media Ideas, LLC v. HTC Corp*., No. 2:10-CV-112-JRG (E.D. Tex. Apr. 24, 2013 ....................11

*Mobile Telecomms. LLC v. ZTE (USA) Inc.*, No. 2:13-CV-946-JRG, 2016 WL 8260584 (E.D. Tex. July 22, 2016) ....................1

*Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, No. 05-CV-1887, 2009 WL 3754170 (D.N.J. Nov. 5, 2009) .....2

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir. 2006) .....8

*Osteotech, Inc. v. Regeneration Techs., Inc.*, No. 3:06-cv-04249-FLW, 2008 WL 4449564 (D.N.J. Sept. 25, 2008) .....3

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016) .....10, 11

*Pioneer Corp. v. Samsung SDI Co.*, No. 2:06–CV–384 (DF), 2008 WL 11344761 (E.D. Tex. Oct. 2, 2008) .....3

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP (E.D. Tex. Jan. 31, 2015), ECF No. 248 .....11

*Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570 (Fed. Cir. 1995) .....8

*Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421-TBD-JDL (E.D. Tex. Feb. 27, 2014) .....9

*Sycamore IP Holdings LLC v. AT&T Corp.*, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017) .....8

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 09-cv-176, 2011 WL 7563868 (E.D. Tex. Sept. 23, 2011) .....1

*Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011) .....11

*United States v. Grey Bear*, 883 F.2d 1382 (8th Cir. 1989) .....4

**RULES**

Federal Rule of Evidence 401 ..... *passim*

Federal Rule of Evidence 402 ..... *passim*

Federal Rule of Evidence 403 .....12

Federal Rule of Evidence 408 .....2, 3

Federal Rule of Evidence 703 .....4

Federal Rule of Civl Procedure 26 .....4, 5

### 1. Exclude All References to Evidence, Arguments, Verdicts, Judgments, or Orders from Other Litigations[1]

Pursuant to FRE 401-403, Plaintiffs should be precluded from referring to, or presenting any evidence regarding, other litigations or parallel administrative proceedings.[2] Evidence and argument of other litigations is unnecessary for any issue the jury must decide, will likely confuse and mislead the jury, and would prejudice Apple by requiring it to devote time and resources to irrelevant "trials within a trial."

Courts, including those in this District, routinely preclude evidence of other litigations and IPR proceedings as irrelevant and unduly prejudicial. *See Mobile Telecomms. LLC v. ZTE (USA) Inc.*, No. 2:13-CV-946-JRG, 2016 WL 8260584, at *2 (E.D. Tex. July 22, 2016) ("The parties SHALL NOT introduce any references, evidence, testimony (including expert testimony), or argument regarding unrelated litigations, investigations, or accusations involving the parties or their affiliates or principles."); *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 09-cv-176, 2011 WL 7563868, at *1 (E.D. Tex. Sept. 23, 2011) (excluding "any evidence about [prior] reasonable royalty jury verdict"); *Ion, Inc. v. Sercel, Inc.*, No. 5:06-cv-236, 2009 WL 10677596,

---

[1] Apple and Plaintiffs have reached an agreement on two motions in limine and will file an appropriate stipulation. The parties agree to "[e]xclude all references to arguments or rulings made during pretrial proceedings, with the exception of Markman constructions. The parties will not refer to arguments or rulings made during any pretrial proceeding, or to Markman declarations submitted by experts, with the exception of the Court's Markman constructions themselves. The parties will also not attempt to reargue the Court's pretrial rulings before the jury or contradict the express holdings of the Court's claim construction order." The parties also agree to "[e]xclude evidence regarding the size or composition of trial teams, and the use of jury consultants, mock trials, focus groups, and similar exercises. The parties will not refer to or offer any evidence or argument regarding: the size or composition of the parties' trial teams, including outside counsel; employees of such counsel; trial consultants, jury consultants, or independent litigation support services personnel whom any party has retained for this case; and/or the use of mock trials, focus groups, or similar exercises."

[2] This would include Justice Birss's UK decision in *Unwired Planet Int'l Ltd. v. Huawei Techs Co. Ltd.*, [2017] EWHC 711 (Pat) (Ch.) ("Birss Decision"); *Optis Wireless Technology, LLC et al. v. Huawei Technologies Co., Ltd. et al.*, 2-17-cv-00123 (E.D. Tex.); *Optis Cellular Technology LLC et al. v. Apple Inc. et al.*, HP-2019-000006; *Federal Trade Commission v. Qualcomm, Inc.*, No. 17-cv-00220-LHK-NMC (N.D. Cal.); *Apple Inc. v. Qualcomm, Inc.*, No. 17-cv-00108-GPC-MDD (S.D. Cal); and Apple's petitions for *inter partes* review ("IPR") filed in IPR2020-00465, IPR2020-00466, IPR2020-00642.

at *3 (E.D. Tex. July 22, 2009) ("The parties' actions in other cases are irrelevant to the present case."); *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 WL 2537021, at *1 (E.D. Tex. May 30, 2017) (finding the probative value in allowing the plaintiff to reference PTAB findings or outcomes of *inter partes* review proceedings was "substantially outweighed by the danger of the unfair prejudice").

For example, the prior infringement verdict in the *Huawei* case would highly prejudice and confuse the jury against Apple at least because it involves one of the same patents, yet different accused products and different prior art. *See Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1568, 1576 (Fed. Cir. 1993) (affirming district court's exclusion of prior infringement and validity verdict against different party). And even if other litigations were relevant to any issues in this case, the prejudicial effect of creating "trials within a trial" would significantly outweigh any probative value that evidence would have. Indeed, if Plaintiffs introduced evidence from the ongoing FTC antitrust case against Qualcomm, Apple would be required to respond by providing the full context of the investigation[3]—a time-consuming, confusing, and unnecessary sideshow. *See Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, No. 05-CV-1887, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (excluding evidence of prior and collateral litigations because they are "likely to result in unfair prejudice, confusion and undue delay").

---

[3] Apple's negotiations with Qualcomm should also be excluded under FRE 403 because they would distract from the only thing that could conceivably matter—final agreements. *See* ECF No. 171 (Apple Inc.'s Motion to Preclude and Strike Expert Testimony and Opinions of Plaintiffs' Damages Expert David Kennedy).

**2. Exclude All References to Parties' [REDACTED] and Correspondence Under FRE 408 and [REDACTED]**

Apple requests that the Court exclude any evidence or argument regarding the [REDACTED] and correspondence pursuant to FRE 408 and the parties' [REDACTED].[4]

***First***, the parties' [REDACTED] and discussions are inadmissible under Rule 408 "to prove or disprove the validity or amount of a disputed claim." For example, [REDACTED]. *See, e.g.*, *Pioneer Corp. v. Samsung SDI Co.*, No. 2:06–CV–384 (DF), 2008 WL 11344761, at *5 (E.D. Tex. Oct. 2, 2008) (precluding negotiations and offers made to resolve a disputed claim).

***Second***, [REDACTED]

[4] [REDACTED]

[5] Apple also raises this issue in its motion for summary judgment of no pre-suit damages. *See* ECF No. 182.

The Court should exclude this evidence because *See Osteotech, Inc. v. Regeneration Techs., Inc.*, No. 3:06-cv-04249-FLW, 2008 WL 4449564, at *5 (D.N.J. Sept. 25, 2008) (precluding plaintiffs from relying on correspondence covered by non-disclosure agreement).

**3. Exclude Opinions of Experts Who Do Not Testify at Trial or Are Not Qualified as Experts**

Many of plaintiffs' experts offer opinions that rely for support on the opinions of other experts. For example, plaintiffs' two primary technical experts, Mark Mahon and Vijay Madisetti, rely on opinions and analyses offered in the expert reports of Nigel Jones (regarding source code) and Claude Royer (regarding testing). But plaintiffs have indicated that they do not intend to call Mr. Jones or Mr. Royer as witnesses at trial, despite those witnesses having served expert reports, and despite other experts' express reliance on those reports. This is improper. The Court should preclude plaintiffs from offering the opinions and analyses of experts who do not testify at trial through experts who do testify. "Rule 703 was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) (internal quotes omitted); *United States v. Grey Bear*, 883 F.2d 1382, 1392-93 (8th Cir. 1989) ("[Rule] 703 does not permit an expert witness to circumvent the rules of hearsay by testifying that other experts, not present in the courtroom, corroborate his views"). Thus, if the experts upon whom Plaintiffs' technical and damages experts have relied do not testify, the testifying experts should be precluded from relying

on the opinions of those non-testifying experts—testifying experts cannot "channel" the opinions of other expert who do not take the stand. *See id.*

Additionally, Plaintiffs should be precluded from offering expert opinions from witnesses not qualified as experts. Plaintiffs' Initial Disclosures include Andrew Howell, Daniel Hermele, and LingJia Liu. *See* ECF No. 175-12. But Plaintiffs did not disclose these individuals under Rule 26(a)(2)(A) and did not provide a written report for these individuals under Rule 26(a)(2)(B) despite eliciting expert testimony from them. For example, [REDACTED] Plaintiffs should be precluded from offering expert opinions not properly disclosed.

**4. Exclude References to the Expert Report Drafting Process and Communications Between Experts and Trial Teams**

Apple requests that the Court exclude all references to how expert reports were drafted and to communications between experts and counsel. This would preclude, for example, any references by the parties to expert report metadata showing the "author" of the .pdf files constituting expert reports. This information is protected by FRCP 26(b)(4)(C) and the Discovery Order, ECF No. 49 ¶12, which protect from disclosure communications between counsel and experts who file a report, unless the expert relies on the communication to formulate opinions or relate to compensation for the expert's study or testimony. All evidence regarding the expert report

[6] [REDACTED]

drafting process, expert report metadata, and communications between experts and counsel should therefore be excluded. FRE 401-403.

**5. Exclude Evidence or Arguments to the Jury Regarding French Law**

Apple requests that the Court preclude Plaintiffs from offering any evidence or argument regarding French law to the jury.[7]



. But this Court has already determined that adjudications of "foreign obligations under foreign laws related to foreign patents are best left to the courts of those foreign countries" when it dismissed Plaintiffs' declaratory judgment claim as to foreign patents. ECF No. 102 at 6. The question of whether is therefore not relevant to any issue at trial. Moreover, it is the Court's job, not Plaintiffs', to decide what the law is. *See, e.g.*, *Conn Credit I, LP v. TF LoanCo III, LLC*, 2016 WL 8253003, at *3 (E.D. Tex. May 26, 2016) (precluding expert opinions as to the legal standards applicable to the case).

**6. Exclude Infringement Arguments Based on Comparing Accused Products to Embodiments in the Specification**

Apple requests that the Court preclude Plaintiffs from offering any evidence or argument in support of infringement that compares the Apple products to embodiments in the specifications of the patents-in-suit. To prove infringement, a plaintiff must compare each element of an asserted claim to the product accused of infringement. *See, e.g.*, *Abtox, Inc. v. Exitron Corp.*, 122 F.3d 1019, 1023 (Fed. Cir. 1997). Plaintiffs should not be permitted to try to prove infringement by

[7] Apple submits that any evidence or argument has limited applicability even for the bench trial. Apple has accordingly filed a motion to dismiss on this issue. *See* ECF No. 169.

comparing Apple's products to patent figures or embodiments in the specifications. *See Atlantic Thermoplastics Co. v. Faytex Corp.*, 970 F.2d 834, 846 (Fed. Cir. 1992) ("This court has repeatedly emphasized that infringement analysis compares the accused product with the patent claims, not an embodiment of the claims."). The ***claims*** define the invention, whereas specifications can include embodiments not covered by the claims. *Milcor Steel Co. v. George A. Fuller Co.*, 316 U.S. 143, 145-46 (1942) ("[I]t is the[] claims, not the specifications, that afford the measure of the grant to the patentee.").

As one example, for the



Plaintiffs should be precluded from offering evidence or argument to advance these improper infringement theories. *See Metaswitch Networks Ltd. v. Genband US LLC*, 2016 WL 3618831, at *4 (E.D. Tex. Mar. 1, 2016) (granting motion in limine that "no party may … compare an accused product to a specific embodiment to argue infringement or non-infringement").

**7. Exclude Undisclosed Doctrine of Equivalents Arguments**

Apple requests that the Court preclude Plaintiffs from offering evidence or argument for any infringement theory not disclosed by Plaintiffs in their Infringement Contentions and expert

reports—including any undisclosed infringement theory under the doctrine of equivalents ("DOE").

Because these theories were never disclosed as required by P.R. 3-1(d), Plaintiffs should be precluded from offering them at trial. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006) ("[E]xclusion of evidence is often an appropriate sanction for the failure to comply with [the local rule] deadlines."); *Sycamore IP Holdings LLC v. AT&T Corp.*, 2017 WL 4517953, at *3 (E.D. Tex. Oct. 10, 2017) ("Courts in this district have been clear that doctrine of equivalents theories must be laid out in detail in a party's infringement contentions and that … boilerplate allegations … are insufficient.").

Plaintiffs also never disclosed or asserted infringement under DOE for the '332 patent in their infringement contentions. Accordingly, Plaintiffs should be precluded from arguing or insinuating that Apple's products infringe the '332 patent without meeting each and every limitation of the claims, exactly as claimed. *See Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995) ("To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly.").

[redacted]

Finally, for the '284 patent, Plaintiffs neither disclosed a DOE theory of infringement in contentions nor offered an expert opinion on DOE in any report. However, [redacted] This previously undisclosed argument should be excluded.

**8. Exclude Comparisons of Burden of Proof Standards to Other Areas of the Law**

Apple requests that the Court exclude evidence or argument characterizing the burden of proof or other legal standards with reference to areas of law other than Title 35 of the U.S. Code (including but not limited to child custody and mental commitment proceedings). FRE 401-403. There is no reason to depart from the properly articulated burdens of proof in this case, which the Court will provide to the jury. For example, analogizing invalidity of a patent to the removal of child custody would prejudice Apple, be confusing, and mislead the jury. It may also improperly influence the jury's decision-making process by inviting a comparison with their past experiences or preconceptions from those unrelated areas of law to this case. *See Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421-TBD-JDL, slip op. at 2 (E.D. Tex. Feb. 27, 2014), ECF No. 274 (excluding "[r]eferences to the 'clear and convincing' standard in the Texas Family Code").

**9. Exclude Improper Proof of Conception Evidence**

Apple requests that the Court preclude Plaintiffs from offering any evidence or argument regarding a priority date for the '557 patent that is earlier than the March 17, 2008, the filing date of that patent's provisional patent application. [redacted] But Plaintiffs cannot offer this document into

evidence because it is unauthenticated and not self-authenticating. And none of the named inventors of the ’557 patent will testify—live or by deposition—at this trial.

In his rebuttal report, [REDACTED] But he does not—and could not—offer the opinion that the documents are authentic or that the date is accurate, nor have Plaintiffs disclosed any witness who could do so. Plaintiffs should therefore be precluded from using Dr. Madisetti to offer opinions regarding the priority date of the ’557 patent based on his review of this improper, unauthenticated conception evidence.

**10. Exclude Evidence Regarding Apple’s Foreign Operations**

Apple requests that the Court preclude Plaintiffs from offering at trial any evidence or argument regarding Apple’s foreign operations, including the size of Apple’s operations abroad and its corporate tax structure; the location of Apple’s suppliers, manufacturers, or assemblers; working conditions or labor issues; and any press concerning such companies or issues. The locations of Apple’s foreign partners, and any negative press reports about their working conditions or labor issues, are not relevant to any issue in this case and would have no purpose other than to invite a negative emotional jury response by suggesting unfairly that Apple outsources American jobs and does so under poor working conditions. *See, e.g.*, *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *2 (E.D. Tex. Sept. 21, 2016) (excluding evidence regarding “the location of Apple’s suppliers, manufacturers, and press concerning the same, including working conditions or labor issues”).

**11. Exclude Evidence Regarding Apple's Overall Financial Numbers**

Apple requests that the Court preclude Plaintiffs from offering at trial any evidence or argument relating to Apple's earnings, market capitalization, stock price, cash reserves (whether held in the United States or overseas), its total revenues and profits (both in the United States and worldwide); its product-specific revenues and profits (both in the United States and worldwide); its ability to pay the amount demanded by Plaintiffs; or other indications of wealth. This financial information is not relevant to this case, especially because Plaintiffs are not seeking damages based on the Entire Market Value Rule ("EMVR"), and should therefore be excluded under FRE 401-403. There is no legitimate use for such evidence, and Plaintiffs have no reason for its use other than to gain sympathy before the jury as a "David" to Apple's "Goliath," or to improperly skew the jury's perspective on reasonable royalty damages.

Federal Circuit precedent under *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011), consistently holds that a defendant's revenues and profits are irrelevant when the plaintiff has not demonstrated that the patented features drive demand for the entire accused products, as in this case, where Plaintiffs have not even alleged that the EMVR applies, and do not rely on it as a basis for their damages theories.

Moreover, evidence of "overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'" *LaserDynamics, Inc. v. Quanta Comp.*, 694 F.3d 51, 68 (Fed. Cir. 2012). This Court routinely excludes such evidence. *See, e.g.*, Order at 5, *Mobile Media Ideas, LLC v. HTC Corp.*, No. 2:10-CV-112-JRG, (E.D. Tex. Apr. 24, 2013), ECF No. 377 (excluding references to defendant's "total revenue or operating profits"); Order at

9, *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP (E.D. Tex. Jan. 31, 2015), ECF No. 248 (granting motion to "exclude evidence of Samsung's size, wealth, total revenues or profits"); *Parthenon Unified*, 2016 WL 7743510, at *2 (granting Apple's motion *in limine* to "exclude evidence, testimony, or argument during trial [of] Apple's wealth, profits, revenue, size, etc." unrelated to the profits or revenues concerning the accused products).

**12. Exclude Evidence Regarding Witness Compensation Unrelated to This Case**

Apple requests that the Court preclude the parties from offering evidence or argument relating to any parties' employee's compensation, stock options, or net worth, or the income, net worth, or other personal financial information of any of the parties' experts that is unrelated to this litigation, including amounts paid to the parties' expert to testify on behalf of, or against, the parties in other litigations. This information is not relevant to any issue in the case, including because Apple's employees have no direct financial stake in the outcome of this case. Further, any alleged probative value of such information is substantially outweighed by the tendency of such questions to embarrass or harass the witness and confuse the jury. *See Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2014 WL 11515642, at *1 (E.D. Tex. Dec. 10, 2014) (excluding references to net worth of individuals employed by plaintiff and references to payments to expert for work on behalf of plaintiff unrelated to current litigation); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13–cv–03999–BLF, 2015 WL 4129193, at *4 (N.D. Cal. June 8, 2015) (excluding under FRE Rule 403 references to compensation of plaintiff's consultants not related to case).

**13. Exclude Evidence Regarding Steve Jobs, Political Positions Taken by Apple or Its Leadership, Media Reports Unrelated to This Litigation, and Media Speculation About Apple**

Apple requests that the Court preclude Plaintiffs from offering evidence, testimony, or argument, and attempting to elicit testimony regarding statements by and/or videos from Steve

Jobs, political positions taken by Apple or its leadership, media reports unrelated to this litigation, and media speculation about Apple. Any such statements or information are inadmissible under FRE 402 because they are not relevant to any issue in this case: they do not make infringement more or less likely, have nothing to do with validity or functionality, and are otherwise irrelevant to any material factual dispute in this case. Such statements are also inadmissible under FRE 403 because any probative value that these statements may have would be substantially outweighed by the danger of undue prejudice to Apple and confusion of the jury they will cause at trial. *See also Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-01112-JRG, 2015 WL 11089490, at *5 (E.D. Tex. Sept. 4, 2015) (precluding plaintiffs from offering argument, evidence, or testimony regarding statements made by Steve Jobs to biography writer Walter Isaacson); *Apple iPod iTunes Antitrust Litig.*, No. 05-cv-0037-YGR, 2014 WL 12719192, at *4 (N.D. Cal. Nov. 18, 2014) (precluding plaintiffs from offering evidence or eliciting testimony regarding Steve Jobs's character).

**14. Exclude Argument that Publishing Patent Applications or Declaring Patent Applications to ETSI Constitutes Notice of Alleged Infringement**

Apple requests that the Court exclude any evidence or argument that publishing patent applications or declaring patent applications to ETSI constitutes notice of alleged infringement. Any reference or argument that publications or declarations constitute notice under § 287 should be excluded under FRE 401 and 402 because using such evidence for the purpose of proving notice is legally incorrect and therefore irrelevant. For example, Plaintiffs assert in their responses to interrogatories that they are "[REDACTED]

[REDACTED].

But such an allegation is contrary to established law that "notice of infringement" under § 287 requires the "affirmative communication of a specific charge of infringement by a specific product

or device." *GTE Wireless, Inc. v. Qualcomm, Inc*., 192 F.R.D. 284, 288-89 (S.D. Cal. 2000) (finding letter to industry body was only informational in nature of plaintiff's ownership and willingness to license and thus insufficient to constitute notice under § 287).

Dated: June 19, 2020

/s/ *Melissa R. Smith*
Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Mindy Sooter (*pro hac vice*)
mindy.sooter@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Facsimile: (720) 274-3133

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

[redacted]

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiffs' counsel of record were served with a true and correct copy of the foregoing document by electronic mail on June 19, 2020.

*/s/ Melissa R. Smith*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), I hereby certify that on June 18, 2020, counsel for Defendant Apple Inc. Mark Selwyn, Joseph Mueller, Michaela Sewall, and Melissa Smith met and conferred telephonically with counsel for Plaintiffs Jason Sheasby, Samuel Baxter, and Jennifer Truelove concerning the subject of this motion. The parties have been unable to resolve their dispute.

*/s/ Melissa R. Smith*