IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>           Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br><br>           Defendant. | Civil Action No. 2:19-cv-00066-JRG<br><br>**JURY TRIAL DEMANDED** |

**APPLE INC.'S FURTHER RESPONSE TO
THE COURT'S QUESTIONS AT STATUS CONFERENCE**

As further response to the Court's questions at yesterday's status conference, Apple states as follows:

1.  During the status conference, Your Honor asked about barriers to proceeding to trial. The most important barrier is the pandemic itself—as detailed in Apple's continuance motion, the infection rates and corresponding health risks have sharply increased recently in Texas and other states, presenting clear and significant dangers to holding the trial in August.

2.  Beyond the health risks discussed in Apple's motion, Apple explained that certain European experts cannot travel to the United States for trial due to government restrictions. Their inability to do so deprives Apple of the ability to conduct in-person direct (of Apple's expert Mr. Rodermund—who lives in Germany—regarding standards organization rules and their application to the patents in this case) and in-person cross examinations (of Plaintiffs' expert Mr. Borghetti—who lives in France—regarding French law). That inability to conduct in-person examinations

impairs Apple's ability to present its defenses, as discussed in Apple's motion for a continuance.

3.      Relatedly, Your Honor asked about the legal restrictions preventing witnesses from testifying while located in certain European countries. Mr. Sheasby incorrectly represented that there are none. Below is a short summary of the relevant restrictions and the implications for trial.

4.      The gathering of evidence in Germany, France, and Italy for use in a United States litigation is governed by the Hague Convention of 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters.[1]  Germany, France, and Italy impose additional restrictions on taking depositions of their national citizens within their borders. Taking testimony requires obtaining prior approval for the deposition in processes that can take significant time to complete. For example, according to United States Government guidance:

- a deposition of a German citizen in Germany requires the deposition to take place at the U.S. Consulate and the prior approval of the German Ministry of Justice; otherwise, parties may be subject to criminal sanctions[2];

---

[1] U.S. Embassy & Consulates in Germany, Judicial Assistance (last visited July 16, 2020), https://de.usembassy.gov/u-s-citizen-services/local-resources-of-u-s-citizens/judicial-assistance/#:~:text=General%20Procedure%3A,U.S.%20citizen%20resident%20in%20Germany.&text=A%20minimum%20of%20six%20weeks,anticipated%20taking%20of%20testimony%3B%20or; Embassy of the United States, Taking Evidence in France in Civil and Commercial Matters (updated July 23, 2015), https://fr.usembassy.gov/wp-content/uploads/sites/50/acs_depositions.pdf; U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Country Information–Italy, Taking Voluntary Depositions of Willing Witnesses (updated Nov. 15, 2013), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Italy.html.

[2] *See* U.S. Consulate General in Germany, Depositions, https://de.usembassy.gov/wp-content/uploads/sites/21/Deposition-Instructions_022719.pdf ("All depositions in Germany must take place at the U.S. Consulate General in Frankfurt. Bilateral agreements between Germany and the United States require that the German Ministry of Justice pre-approves all requests for depositions. Depositions taken without the prior approval of the German Ministry of Justice and/or without the involvement of the United States Mission to Germany are unauthorized and may lead to criminal penalties against the participants."); Planet Depos, Checklist for U.S. Depositions in Germany (last visited July 16, 2020), https://planetdepos.com/locations/germany/depositions-germany-checklist/ ("Germany is a party to The Hague Evidence Convention and requires foreign

- a deposition of a French citizen in France requires prior permission from the Ministry of Justice[3]; and

- a deposition of an Italian citizen in Italy requires prior permission from the Court of Appeals in Italy.[4]

5.  Mr. Sheasby stated during the status conference that Apple was concocting "inchoate" excuses to avoid presenting witnesses for depositions. That is not true. Apple has done its best to meet discovery obligations in this case while carefully following the laws in foreign countries. Thus, Apple had its expert Mr. Rodermund travel to Belgium—which does not have the same restrictions on testimony as exist in Germany, France, and Italy—to sit for a videoconference deposition. And there was no attempt by Apple to avoid or delay this deposition:

---

attorneys to provide advance notice and obtain permission from the government to take depositions. This process takes approximately 6 weeks.").

[3] *See* U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Country Information–France, Taking Voluntary Depositions of Willing Witnesses, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/France.html (last updated Mar. 23, 2018) ("Depositions of French citizens and third country nationals require prior permission of the French Central Authority for the Hague Evidence Convention and require a commission issued by a court in the United States. The French Central Authority will not approve any deposition taken on notice. The U.S. Embassy or Consulate must have the documentation at least 45 days prior to the proposed deposition date and French translations in order to request permission of the French Central Authority."); Planet Depos, Checklist for U.S. Depositions in France (last visited July 16, 2020), https://planetdepos.com/locations/france/depositions-france-checklist/ ("France is a party to The Hague Evidence Convention and requires foreign attorneys to provide advance notice and obtain permission from the French Central Authority to take depositions.").

[4] *See* U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance–Italy (last updated Nov. 15, 2013), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Italy.html ("For the voluntary depositions of non-U.S. citizens, the commissioner must first arrange through local counsel for permission of the Court of Appeals in Italy having jurisdiction over the deponent and arrange for someone authorized under Italian law to administer oaths to do so."); Planet Depos, Court Reporting in Italy (last visited July 16, 2020), https://planetdepos.com/locations/italy/ ("Italy is a party to The Hague Evidence Convention; however, prior permission for taking depositions of citizens of Italy must be obtained through the Court of Appeals in Italy. We highly suggest allowing roughly 4 to 6 weeks' time for scheduling depositions in Ireland due to the logistics involved in the scheduling and planning processes.").

indeed, Apple presented Mr. Rodermund for deposition *before* Plaintiffs offered Mr. Borghetti or Mr. Virdis for deposition.

6.      Indeed, even as of today, there is one Plaintiffs' expert deposition (of Mr. Virdis—who lives in Italy—regarding testing for '833 patent-related issues) that has not yet taken place. Plaintiffs only agreed *today* to present Mr. Virdis for deposition in Belgium, on July 29.[5] Although Mr. Virdis is not presently on Plaintiffs' witness list, he conducted testing on which Plaintiffs apparently intend to rely, and Apple has the right to depose him about that testing. (Apple would object to any attempt by Plaintiffs to refer to that testing at trial unless Mr. Virdis testifies at trial. Dkt. 192 (moving to "Exclude Opinions of Experts Who Do Not Testify at Trial").)

7.      Mr. Sheasby knows all of this. Apple long ago provided the legal information set out above to Plaintiffs, and in an earlier joint motion to the Court (seeking leave to take certain depositions after the case deadlines), the parties *jointly* noted their "agreement that each party will arrange for its expert witnesses to travel to Belgium, England, or some other country where the witness can sit for remote deposition consistent with Apple's views of the law." Dkt. 156 at 2-3. The Court entered an order allowing this *joint* motion on June 9. Dkt. 158.

---

[5] Mr. Sheasby suggested to the Court during the status conference that Apple has acted improperly by refusing to engage in "interviews" of the European experts in their home countries. These "interviews" would involve taking an unsworn deposition with the parties stipulating that it could be admitted at trial as if it were a regular deposition. Apple has declined to do this, as the relevant European countries could view this as an improper attempt to skirt the restrictions summarized above—the approach would amount to taking the equivalent of a deposition and just calling it something else. Apple is not comfortable taking such a cavalier approach to compliance with these countries' laws.

|                        | Respectfully submitted, |
|------------------------|-------------------------|
| Dated:  July 16, 2020  | /s/ *Melissa R. Smith* |

Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Mindy Sooter (*pro hac vice*)
mindy.sooter@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO  80202
Telephone:  (720) 274-3135
Facsimile:  (720) 274-3133

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX  75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on July 16, 2020 on all counsel who have consented to electronic service.

                                                 */s/ Melissa R. Smith*