# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No. 2:19-cv-66-JRG<br><br>JURY TRIAL |

**JOINT PROPOSED VERDICT FORM**[1]

When answering the following questions and filling out this Verdict Form, [you are to follow all of the instructions I have given you in the Court's charge/please follow the directions provided throughout the form].  Your answer to each question must be unanimous.  Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein, "Optis" means Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, Unwired Planet, LLC, and Unwired Planet International Limited, and collectively, and "Apple" means "Apple Inc."  As used herein, "'154 Patent" means U.S. Patent No. 8,005,154, "'332 Patent" means U.S. Patent No. 8,019,332, "'284 Patent" means U.S. Patent No. 8,385,284, "'557 Patent"

---

[1] Submissions which are agreed to by both Plaintiff and Defendant are in black type. Submissions proposed by Plaintiff which are not agreed to by Defendant are in green type. Submissions proposed by Defendant which are not agreed to by Plaintiff are highlighted in blue.

means U.S. Patent No. 8,411,557, "'774 Patent" means U.S. Patent No. 9,001,774, and "'833 Patent" means U.S. Patent No. 8,102,833.[2]

We, the jury, unanimously agree to the answers to the following questions, and return them under the instructions of this Court as our verdict in this case.

---

[2] **Plaintiffs' Position:** Plaintiffs object to the inclusion of these unnecessary definitions in the verdict form. The agreed verbiage refers the jury to the Final Jury Instructions, which will include definitions for the parties and patents.

**Apple's Position:** Apple believes this language will be helpful to the jury. The language is accurate and concise, and such definitions are routinely included in this Court's verdict forms. *See, e.g., United States Automobile Association v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00245-JRG, Dkt. No. 322 (verdict form including definitions for party names, asserted patents); *Implicit, LLC v. Netscout Sys. Inc.*, 2:18-CV-00053-JRG, Dkt. No. 222 (same); *PPS Data, LLC v. Jack Henry & Assoc.'s, Inc.*, 2:18-cv-00007, Dkt. No. 165 (same).

**<u>IT IS VERY IMPORTANT THAT YOU FOLLOW
THE INSTRUCTIONS PROVIDED IN THE VERDICT FORM.

READ THEM CAREFULLY
AND ENSURE YOUR VERDICT COMPLES WITH THEM.</u>**

**PROPOSED QUESTION NO. 1[3]:**

Did Plaintiffs prove by a preponderance of the evidence that Defendant infringed **ANY** of the asserted claims of the following Patents?

'154 Patent - Answer "Yes" or "No"   _____

'332 Patent - Answer "Yes" or "No"   _____

'833 Patent - Answer "Yes" or "No"   _____

'284 Patent - Answer "Yes" or "No"   _____

'557 Patent - Answer "Yes" or "No"   _____

'774 Patent - Answer "Yes" or "No"   _____

For each patent, has Optis proven by a preponderance of the evidence that Apple has infringed?

Please answer in each cell with "Yes" (for Optis) or "No" (for Apple). If a cell is blacked-out, no verdict is required.

| Patent | Literal Infringement | Doctrine of Equivalents |
|---|---|---|
| '154 Patent | | ■ |
| '332 Patent | | ■ |
| '284 Patent | | ■ |
| '557 Patent | | |

---

[3] **Plaintiffs' Position:** Plaintiffs disagree that a separate sub-question for doctrine of equivalents is necessary or helpful. *See, e.g., United States Automobile Association v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00245-JRG, Dkt. No. 322 (verdict form). Taking steps to simplify the verdict form is a virtue.

**Apple's Position:** Apple's simple proposal is necessary given the complexity of this case and the number of asserted patents. Plaintiffs have alleged infringement under the doctrine of equivalents for only two of the six asserted patents, and Apple's proposal will help the jury to keep track of which patents the plaintiffs have argued infringement under the doctrine of equivalents and which they have not. Without such a chart, the jury could easily confuse this issue. Accordingly, Apple's proposal will assist the jury in reaching its verdict. Apple's proposal is also necessary for the Court, the parties, and the Federal Circuit to unpack the jury's answers on the infringement question.

4

| | | |
|---|---|---|
| '774 Patent | | |
| '833 Patent | | ███ |

**PROPOSED QUESTION NO. 2:**

Did Defendant prove by clear and convincing evidence that any of the following Asserted Claims are invalid?

      '154 Patent - Answer "Yes" or "No"  _____

      '332 Patent - Answer "Yes" or "No"  _____

      '833 Patent - Answer "Yes" or "No"  _____

      '284 Patent - Answer "Yes" or "No"  _____

      '557 Patent - Answer "Yes" or "No"  _____

      '774 Patent - Answer "Yes" or "No"  _____

For each patent, has Apple proven by clear and convincing evidence that the asserted claims in that patent are invalid?

Please answer in each cell with "Yes" (for Apple) or "No" (for Optis).

| Patent | Invalidity |
|---|---|
| '154 Patent | |
| '332 Patent | |
| '284 Patent | |
| '557 Patent | |
| '774 Patent | |
| '833 Patent | |

5

**If you have answered YES in Question #1 as to any patent, THEN PROCEED TO ANSWER QUESTION #3 as to that patent.**

**PROPOSED QUESTION NO. 3[4]:**

Did Plaintiff prove by a preponderance of the evidence that the infringement you found in Question No. 1 was willful?

'154 Patent - Answer "Yes" or "No"    _____

'332 Patent - Answer "Yes" or "No"    _____

'833 Patent - Answer "Yes" or "No"    _____

'284 Patent - Answer "Yes" or "No"    _____

'557 Patent - Answer "Yes" or "No"    _____

'774 Patent - Answer "Yes" or "No"    _____

---

[4] **Apple's Position:** Apple objects to Plaintiffs' willfulness question. As explained in Apple's Motion for Summary Judgment on Plaintiffs' Claims of Pre-Suit Damages, Indirect Infringement, and Willful Infringement, Plaintiffs' cannot prove knowledge as required to show pre-suit willful infringement. Dkt. 182 at 19-20. Further, Plaintiffs do not have a plausible claim for post-suit conduct. *Id.* at 1 n.1. Apple intends to move for JMOL on this issue at the close of Plaintiffs' case.

6

**If you found at least one patent infringed (Question 1), answer the following question. You must answer this question even if you did not find willfulness (Question 3).**

If you found at least one of the asserted patents to be infringed <u>and</u> not invalid, proceed to answer the following question for such patent(s).  *FOR ANY PATENT THAT YOU FOUND NOT INFRINGED <u>OR</u> INVALID, YOU DO NOT NEED TO ANSWER THIS QUESTION.*

**PROPOSED QUESTION NO. 4a:**

Did Plaintiff prove by a preponderance of the evidence that Defendant committed at least one act of bad faith during the parties pre-suit licensing discussions?

**Answer "Yes" or "No":**_____

**PROPOSED QUESTION NO. 4b[5]:**

Did Plaintiff prove by a preponderance of the evidence that Defendant had pre-suit notice of its alleged infringement of the patents-in-suit?

**Answer "Yes" or "No":**_____

**PROPOSED QUESTION NO. 4c[6]:**

---

[5] **Apple's Position:** Apple objects to the inclusion of a Questions 4A and 4B. As set forth in Apple's statements in the Joint PTO, which Apple incorporates by reference, the issues to which these questions pertain should ***not*** be tried to the jury—and indeed, have no place in this litigation at all.  Plaintiffs' suggestion to the contrary is incorrect.  Plaintiffs have not pleaded any breach of contract claim—at any point in this case—but instead have sought to inject such allegations in an untimely and improper "Reply" pleading, which Apple has moved to strike.  Dkt. 138.  Moreover, the Parties' Confidentially Agreement contractually prohibits Plaintiffs from putting these issues before the jury (or in the case at all).  Plaintiffs' attempt to turn this jury trial from a patent case into an unprecedented and improper hearing on the character of Apple's negotiation conduct—using contractually barred evidence—should be rejected.  Questions 4A and 4B should not be included on the verdict form.

7

> Has Optis proven by a preponderance of the evidence that they complied with the marking requirement by making reasonable efforts to ensure that any licensee that made, offered for sale, or sold products under the patent(s) also marked the products by placing either the word "patent" or the abbreviation "pat." with the number of the patent(s) on substantially all the products that include the patented invention(s)?
>
> YES (for Optis) [_____]
>
> -OR-
>
> NO (for Apple) [_____]

---

[6] **Plaintiffs' Position:** Plaintiffs object to the inclusion of a question regarding constructive notice under 35 U.S.C. § 287, as Plaintiffs intend to rely on actual notice, not constructive notice, to satisfy the requirements of the statute. Defendant's proposal is confusing and unnecessary.

**Apple's Position:** Apple agrees that Question 4C is not required if Plaintiffs are waiving any argument that they complied with requirements for providing constructive notice under 35 U.S.C. § 287. Further, Question 4C is not required should the Court grant Apple's Motion for Summary Judgment on Plaintiffs' Claims of Pre-Suit Damages, Indirect Infringement, and Willful Infringement. Dkt. 182.

8

**If you found at least one patent infringed (Question 1), answer the following question. You must answer this question regardless of what you found on willfulness (Question 3) and pre-suit knowledge (Questions 4(a) and 4(b)).**

If you found at least one of the asserted patents to be infringed <u>and</u> not invalid, proceed to answer the following question for such patent(s). *FOR ANY PATENT THAT YOU FOUND NOT INFRINGED <u>OR</u> INVALID, YOU DO NOT NEED TO ANSWER QUESTIONS 5A AND 5B.*

**<u>PROPOSED QUESTION NO. 5a</u>[7]:**

What sum of money, if any, paid now in cash, has Plaintiff proven by a preponderance of the evidence would compensate Plaintiff for its damages resulting from infringement through the date of trial?

Answer in United States Dollars and Cents:

**'154 Patent**

$_____

**'332 Patent**

$_____

**'833 Patent**

$_____

**'284 Patent**

$_____

**'557 Patent**

---

[7] **Plaintiffs' Position:** Plaintiffs object to Defendant's inclusion of FRAND language in the question on damages. Plaintiffs allege that Defendant acted in bad faith and held out during pre-suit licensing negotiations and therefor lost any right to a benefit of a FRAND rate.

**Apple's Position:** Apple's inclusion of FRAND language is proper. *First*, as Apple explained in footnote 5, above, Plaintiff's claims of "bad faith and h[o]ld out" have no place in this jury trial. *Second*, even if alleged bad faith was an issue for the jury trial—and it is not—it would still not be relevant to damages or mandate removal of Apple's proposed language from this question. The fact that the prior owners committed to licensing the patents on FRAND terms is relevant to the hypothetical negotiation regardless of whether Apple has "forfeited," or not forfeited, its right to a FRAND rate. Accordingly, Apple's proposed language is proper and should be included in the verdict form.

$_____

**'774 Patent**

$_____

What sum of money do you find, by a preponderance of the evidence, would be a fair, reasonable, and non-discriminatory royalty to be paid by Apple to Optis:

| Patent | Amount |
|---|---|
| '154 Patent | |
| '332 Patent | |
| '284 Patent | |
| '557 Patent | |
| '774 Patent | |
| '833 Patent | |
| TOTAL: | |

**PROPOSED QUESTION NO. 5b[8]:**

Is the total amount you found in Question 5A a one-time lump sum for past and future sales or a royalty for past sales only? Check one of the following:

One-time lump sum [_____]

-OR-

Royalty for past sales [_____]

---

[8] **Plaintiffs' Position:** Defendant's question is confusing and unnecessary. Plaintiffs also object to a separate inquiry regarding whether the damages cover future sales. Both parties' experts provide for damages based on a running royalty calculation, which is dependent on the number of units sold. It is not proper for the jury to assess damages for infringement that has not yet occurred. The proper procedure to account for future sales is a motion for ongoing royalties after judgment. Moreover, in the event the jury returns a verdict of willful infringement, the jury's reasonably royalty rate may be enhanced, making it inappropriate to set the rate for future royalties at this time. *See, e.g. Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 12-CV-00630-LHK, 2014 WL 6687122, at *2 (N.D. Cal. Nov. 25, 2014) (granting Apple's motion for ongoing royalties, finding that "[d]etermination of ongoing royalties differs from evaluation of a reasonable royalty during trial because the jury has reached a liability verdict and other economic factors may have changed."); *Fractus, S.A. v. Samsung Elecs. Co., Ltd.*, 876 F. Supp. 2d 802, 855 (E.D. Tex. 2012) ("[t]here is a fundamental difference ... between a reasonable royalty for pre-verdict infringement and damages for post-verdict infringement.") (quoting *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361–62 (Fed.Cir.2008)).

**Apple's Position:** It is well established that juries can award damages in the form of a lump sum payment covering all acts of alleged infringement (both past and future), and Apple's proposed question would allow the Court and the parties to know whether the jury does that here. *See, e.g., Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1301 (Fed. Cir. 2015) (affirming lump sum jury award that "compensated Summit for both past and future infringement through the life of the patent"). Indeed, this Court has used this form of question before. *See, e.g., Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 6:12-cv-00100-JRG-JDL, Dkt. 399 (verdict form).

## **FINAL PAGE OF JURY VERDICT FORM**

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your **unanimous** determinations. After you have satisfied that your unanimous answers are correctly reflected above, your Jury Foreperson should then sign and date this Verdict Form in the spaces below. Once that is done, notify the Court Security Officer that you have reached a verdict.

SIGNED this _____ day of August, 2020.

_____
JURY FOREPERSON