**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, PANOPTIS PATENT MANAGEMENT, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, <br><br> *Plaintiffs*, <br><br> v. <br><br> APPLE INC., <br><br> *Defendant*. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 2:19-CV-00066-JRG |

## **ORDER**

Before the Court is Defendant Apple Inc.'s ("Apple") Motion to Continue Trial (the "Motion"). (Dkt. No. 341.) Also before the Court is Apple's Further Response to the Court's Questions at Status Conference (Dkt. No. 352), as well as the Opposition to Apple's Motion to Continue Trial (Dkt. No. 352) filed by Plaintiffs Optis Wireless Technology, LLC; Optis Cellular Technology, LLC; PanOptis Patent Management, LLC; Unwired Planet, LLC; and Unwired Planet International Limited (collectively, "Plaintiffs" or "Optis"). In the Motion, Apple moves to continue jury selection in light of the COVID-19 pandemic, from August 3, 2020 until October 5, 2020. Apple argues that continuing the trial would be in the best interests of the health and safety of trial participants and the local community, as well as the parties' abilities to present a full and fair case. Plaintiffs oppose the Motion, arguing that the parties and the Court have taken appropriate precautions to limit public health risks and accommodate any barriers to a full and fair trial, and that trial should proceed because there is no evidence that the state of the public health

will be more favorable, and not less favorable, in October.  Having considered the Motion and the related briefing, and for the reasons set forth below, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

In light of this conclusion, the Court's July 15, 2020 Order (Dkt. No. 342)[1] and the imminent pretrial conference on July 27, 2020, Apple's Unopposed Motion for Leave to File Reply in Support of Motion to Continue Trial (Dkt. No. 361) is **DENIED**, and, absent such leave, Apple's reply (Dkt. No. 362) is **ORDERED** removed from the record.

### I.     The Risk of the COVID-19 Pandemic and the Public Health.

The crux of Apple's argument is that proceeding with an August 3, 2020 jury trial would jeopardize the health and safety of all involved as well as the local community.  (Dkt. No. 341 at 3.)  Apple states that the number of COVID-19 cases is rising throughout the United States, and in Texas in particular.  (*Id.*)  Apple points to guidance from the Centers for Disease Control and Prevention ("CDC"), as well as Texas Governor Greg Abbott's Executive Orders regarding precautions that public spaces and members of the public must take in order to limit the spread of the disease.  (*Id.* at 3–4, 8.)  Apple further points to rising case numbers of the disease in Harrison County.  (*Id.* at 5–7.)  Apple attaches the declaration of Dr. Robert Haley, Professor of Internal Medicine at UT Southwestern Medical Center.  (Dkt. No. 341-1.)  Dr. Haley identifies generic challenges associated with conducting an in-person trial during the COVID-19 pandemic.  (*Id.* at ¶¶ 20, 21.)  His opinions are not so much tied to this location as they seem to convey that no in-person jury trial should be undertaken—anywhere.  What Dr. Haley does not do is project when

---

[1] Apple's Motion was filed on July 14, 2020—one week ago.  The next day the Court expedited a response from Optis and made it clear that neither a reply nor sur-reply should be filed without prior leave of the Court.  This is usually understood by the parties to mean that the Court only wants a single response and not a litany of dueling briefs.  By filing its Motion when it did, Apple put the Court on a very short timeline with the pretrial conference, jury selection, and trial on its doorstep.

in the future his ultimate conclusion might change. When Dr. Haley believes an in-person jury trial might be able to go forward is strikingly absent. The Court assumes he does not know and has no way to know.

Optis argues that the Court and the parties have proposed appropriate safety measures to address the dangers of COVID-19. (Dkt. No. 352 at 8–10 (laying out the precautions the Court has stated it is taking and will continue to take in order to ensure the safety and health of trial participants)).) Optis views the Motion as a further attempt by Apple to "indefinitely delay this case," despite having been aware of the challenges presented by COVID-19 for months, and having secured earlier relief in order to accommodate the challenges of the pandemic.[2] Optis points out that there is no evidence of impending public health improvement, and asserts that "Apple, by failing to provide crucial independent information regarding the projected course of the virus, is asking the Court to make decisions based upon incomplete and inaccurate information." (*Id*. at 5.) Further, Optis points to various precautions it has taken in order to minimize the risk of COVID-19, including safety training regarding COVID-19 prevention; hiring an industrial hygienist to provide properly distanced work areas in Marshall and appropriate personal protective equipment; temperature monitoring; and daily health self-screenings. (*Id.* at 14; Dkt. No. 352-1 at ¶¶ 8–11.)

While the COVID-19 pandemic presents serious public health concerns, the Court has diligently undertaken to put in place reasonable precautions in order to facilitate a full and fair trial, while maintaining the health and safety of those involved. The Court abides by the recommendations of the CDC, both in spirit and in substance. In particular, the Court has

---

[2] The Parties have previously sought—and been granted—relief in accordance with the need to take precautions in light of COVID-19, including various scheduling extensions. (*See, e.g.,* Dkt. Nos. 158, 159.) Notably, Apple did not file this Motion until July 14, 2020—less than two weeks prior to the pretrial conference when a myriad of motions and disputes will be argued to the Court.

circulated instructions and appropriate reassurances to the venire panel by means of the attached letter which the Court caused to be served on each citizen summonsed for jury duty on August 3, 2020 by instructing the Clerk to attach an original version of such letter to every summons served in regard to this jury trial.  (*See* Exhibit A.)

In addition, the Court has undertaken extensive measures to ensure a full and fair trial in which the litigants may preserve social distancing and minimize contact with tight spaces or common surfaces.  The Court has heretofore e-mailed counsel for the parties precise instructions in advance of the pretrial hearing set for July 27, 2020, which is also attached, and precludes entrance to the Courthouse to those:

- Persons who have traveled to or from any of the following countries listed on the Centers for Disease Control and Prevention website [https://www.cdc.gov/coronavirus/2019-ncov/travelers/from-other-countries.html] as "Travelers Prohibited from Entry to the United States" within the preceding 14 days;

- Persons who have had close contact with someone who has traveled to or from one of the countries referenced above within the preceding 14 days;

- Persons who a medical doctor, doctor of osteopathy, hospital or public health agency has directed to self-quarantine, and such period of self-quarantining is ongoing;

- Persons who have been diagnosed with COVID-19 and who have not obtained express medical verification as now being non-communicative/non-contagious from a medical doctor, doctor of osteopathy, hospital or public health agency; and/or

- Persons who exhibit fever, cough or shortness of breath.

(*See* Exhibit B.)  Further, the Court intends to provide additional guidance to counsel for the parties as part of the pretrial conference set for July 27, 2020 including limiting the number of persons seated at counsel tables to three persons per table during voir dire and during trial; directing trial counsel and the jury—once the trial begins—to wear face shields which will allow for a full view of the lawyers' and jurors' faces and expressions while providing substantial protection from

projection of breath droplets; and encouraging all participants to follow the CDC's community-mitigation guidelines.[3] The Court has arranged for daily sanitization of Courthouse facilities, including the Courtroom and all public bathrooms, as well as daily deep cleaning of the jury room, jury box, and juror restrooms.

These precautions will help assure that the trial can go forward to produce a just, speedy resolution to the parties' disputes while reasonably safeguarding the public health. This is especially challenging given the ever-changing state of the COVID-19 pandemic and the lack of any reliable assurances as to if and when the pandemic will subside. The unpredictability of the state of the pandemic in the future means that a continuance now will result in a delay of many months or even years. Nothing in Apple's request assures the Court of anything more than a lengthy, protracted delay, which will simply guarantee material prejudice to all parties.

The Court therefore finds that, on balance, in light of the precautions to be undertaken by the Court and the trial participants, the August 3, 2020 date for jury selection should be maintained.

**II.    Due Process Concerns Can be Alleviated by the Presentation of Live Video Testimony at Trial.**

Apple further raises concerns as to the parties' rights to due process related to three European witnesses who will be precluded from testifying in-person at trial due to international travel restrictions. (Dkt. No. 341 at 14–15; Dkt. No. 347 at 1–2.) In particular, Apple argues that three witnesses will be unable to testify in-person at trial:

- Mr. Rodermund, Apple's expert on standards organization rules and their applications to the patents in this case, who lives in Germany;
- Mr. Borghetti, Optis's expert on French law, who lives in France; and

---

[3] Such mitigation strategies include: washing hands often; avoiding close contact with people who are sick; practicing social distancing; covering mouth and nose with a cloth face cover when around others; covering coughs and sneezes; and cleaning and disinfecting frequently touched services daily.

- Dr. Virdis, Optis's witness on testing for '833 Patent-related issues, who lives in Italy.

(Dkt. No. 347 at 2, 4.) Apple believes that its inability to present its witness or cross examine Optis's witnesses in-person would impinge Apple's due process rights. (Dkt. No. 341 at 15.)

Optis counters that it has agreed that witnesses in Canada or Europe should testify live via video, but says that Apple has refused to agree to such an accommodation. (Dkt. No. 352 at 5–6.) Further, Optis argues that only Mr. Rodermund would actually testify during the jury trial. (*Id*. at 6.) Mr. Borghetti, a French law expert, will testify at the bench portion of the trial, if he testifies at all.[4] (*Id.*) Dr. Virdis "is a consultant who assisted testifying expert Dr. Madisetti by running simulations," and "will not be called at trial." (*Id.*) Finally, Optis points out that "there is no indication that delaying trial for another 60 days will enable the three E.U. witnesses to come to trial live." (*Id.* at 7.)

The Court believes that it is always preferable to have witnesses present testimony in-person from the witness stand in the physical presence of the jury. However, these are unprecedented times, which call for unprecedented measures. Real time live video testimony from these witnesses presented via monitors in the courtroom will enable the jury to make instantaneous deductions about each such witness and his testimony. This will allow counsel to direct and cross examine the witnesses in real time so that the jury can hear their answers, as well as observe the non-verbal responses and body language that informs any jury in making its critical judgments as to credibility and believability. In light of the acquiescence amongst the parties and the

---

[4] Optis states that it anticipates "this Court will simply read the reports of the French law experts. Mr. Borghetti will certainly not be testifying before the jury." (Dkt. No. 352 at 6.)

unprecedented nature of current events, the Court **ORDERS** that the testimony of Mr. Rodermund et al.[5] may be presented by live video at trial.

### III. A Continuance Would Prejudice the Parties.

Finally, Optis points to the prejudice it will suffer by a continuance of the trial date. Specifically, Optis argues it is ready to vindicate its rights. (Dkt. No. 352 at 13.) Optis further highlights the prejudice it would suffer from having "expended extraordinary amounts of time and resources to be prepared to try this case as scheduled and in a safe manner," including preparation for pretrial and trial, as well as organizing COVID-19 precautions, many of which were likely spent and committed before Apple brought its Motion on July 14, 2020. (*Id.* at 13–14.)

Apple argues that a continuance will not prejudice the parties because Optis only seeks monetary damages, which will not be impacted by a short continuance. (Dkt. No. 341 at 14.) Apple further asserts that the requested two-month continuance will not create unreasonable delay, and that such a delay would certainly not be "undue" in light of "the extraordinary nature of this unfolding pandemic." (*Id.*)

While a short continuance may arguably cause limited prejudice, Apple has failed to provide any assurances that a delay would indeed be brief. As mentioned *supra*, the effect of the current pandemic has drastically compacted and complicated the Court's trial schedule well into the next year. Thus, the two-month continuance requested by Apple is likely to, in reality, result in a delay of many months, pushing this trial well into 2021 or 2022. Such a lengthy delay would clearly cause prejudice to Optis, placing both sides in a posture of limbo where they would languish unduly without the vindication of a public trial or a final resolution.

---

[5] Should the parties determine that the testimonies of either Mr. Borghetti or Dr. Virdis are required at trial, the testimonies of these witnesses may also be presented by live video at trial. The Court expects that upon any such decision, the parties will meet and confer and present the Court with a joint outline as to both the ways and means of presenting such testimony.

## IV. Conclusion

The Court faces a conundrum of first impression. The task of balancing very real public health concerns against the right of the parties to resolve their far-reaching disputes is a challenge this Court has not sought and does not relish. However, as Robert Frost admonished in *A Servant to Servants*, "the best way out is always through."[6] When weighing the precautions crafted, the absolute lack of any reliable information as to when the current pandemic may abate, and the global struggle between these sophisticated parties which only worsens while a resolution is delayed, the Court is persuaded, on balance, that moving forward with the trial as scheduled is the better choice.[7] Consequently, the Court finds that Apple's Motion to Continue Trial (Dkt. No. 341) should be and hereby is **DENIED**.

It is further **ORDERED** that each parties' actual trial counsel (who have entered an appearance of record) and who will physically appear before the jury arrive and be in Marshall, Texas by Friday, July 24, 2020, in advance of the pretrial conference Monday, July 27, 2020, and remain in Marshall through the end of trial.[8]

It is also **ORDERED** that counsel forthwith contact the Deputy in Charge for the Marshall Division and through her coordinate with the Information Technology Department of the United

---

[6] Robert Frost, *A Servant to Servants*, *North of Boston* ln.56 (1914).

[7] "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Fontenot v. Upjohn Co.*:

> A motion for continuance is addressed to the discretion of the trial court and its denial of such a motion will be reversed on appeal only when the action is, to use the conventional term, 'an abuse of discretion.'. . . When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's.

780 F.2d 1190, 1193 (5th Cir. 1986).

[8] This is intended to mitigate the risk of repeated travel through more pervasive areas of COVID-19 infection such as DFW Airport and similar places.

States District Court for the Eastern District of Texas to arrange for the smooth deliverance of any testimony that will be presented by video.

**So ORDERED and SIGNED this 21st day of July, 2020.**

```
                                    _____
                                    RODNEY GILSTRAP
                                    UNITED STATES DISTRICT JUDGE
```

# Exhibit A



# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS
100 EAST HOUSTON STREET
MARSHALL, TX 75670

CHAMBERS OF
**Rodney Gilstrap**
CHIEF JUDGE

July 13, 2020

TELEPHONE
(903) 935-3868
Fax
(903) 935-2295

To All Prospective Jurors
Summoned to Appear for
Jury Selection at the
U. S. District Court
in Marshall, Texas
on Monday August 3, 2020

RE: Your Upcoming Jury Service

Dear Prospective Jurors:

This letter is attached to the Summons directing you to appear for Jury Service at 7:45 a.m. on Monday, August 3, 2020 at the Sam B. Hall, Jr. Federal Building and United States Courthouse at 100 East Houston Street in downtown Marshall.

This will be one of the first jury trials which I have undertaken since the advent of the Coronavirus pandemic. <u>I want to assure you that every reasonable precaution will be taken to enhance the health and safety of the jury, the parties, the lawyers and the Court staff during jury selection and the jury trial to follow.</u>

So that you won't be surprised when you arrive, please be aware of the following:

1. Each prospective juror will have their temperature taken via a hand-held thermometer as they enter the Courthouse, to ensure that no one with fever or an elevated temperature is admitted;
2. Once you enter the building and pass through the initial security screening, you will be separately escorted by Court Staff to the Courtroom and seated to achieve the maximum distancing possible;
3. Masks will be distributed, or you may wear your own when you enter the Courthouse. Until the eight (8) person jury is actually selected, seated and

sworn, everyone appearing as a prospective juror will be required to wear a mask, unless the Court directs otherwise;

4. Latex gloves will be available for those who wish to wear them, but gloves are not required. If you would like gloves, ask the Court staff for them when you are seated in the Courtroom;
5. Smartphones, iPads or similar electronic devices should be left outside the Courthouse. You may certainly leave them in your vehicle rather than at home, if you choose, but do not bring them into the Courthouse;
6. Hand sanitizer (alcohol based) will be available to you at multiple locations inside the Courthouse, and you may ask Court Security Officers to make it available at your seat, once you are seated in the Courtroom;
7. Those selected for this jury should know that the eight (8) jurors will be spaced in the fourteen (14) seat jury box to achieve maximum distancing between jurors during the trial;
8. The jury box, jury room and jury room bathrooms will be deep cleaned each evening when the Court recesses, and this will continue throughout the trial;
9. Individual lunches will be provided by the Court to the eight (8) selected jurors during each day of the trial, to minimize any travel in and out of the Courthouse and to minimize juror's interaction at local restaurants.

If you:

a) have been diagnosed by a licensed physician as having Coronavirus anytime within the past 30 days; or

b) are actively caring for a family member or loved one who has tested positive for the Coronavirus; or

c) are now in self-quarantine status and that status will continue on August 3rd;

then, in any of these situations: you should immediately advise Mrs. Kecia Clendening, the Court's Deputy in Charge, at her phone number in the attached summons. Her phone number is also listed at the conclusion of this letter. She may ask you to furnish documentation regarding such from your physician, for the Court.

There is more than one case now scheduled to begin trial on August 3rd. At this time, I am not sure which of these cases will actually begin trial on the 3rd. However, my best estimate is that any of these trials should last from Monday, August 3rd through Friday, August 7th. That being the case, if you have a scheduled surgical procedure for yourself or a dependent that can't be rescheduled, or if you have some other pre-existing obligation that would make it <u>extremely difficult and create a real hardship</u> on you to be here each day during the week of August 3rd, then you should immediately advise Mrs. Kecia Clendening, the

Court's Deputy in Charge, at her phone number. Again, her phone number is listed at the conclusion of this letter.

Please be aware that the right to trial by jury is one of the cornerstones of our democracy, and jury trials necessarily involve sacrifice from those citizens called upon to serve. This has always been true, but it is especially true during these unique and trying times. It is my personal conviction that jury service is the second highest form of public service that any American can perform (second only to service in the Armed Forces). The right to trial by jury has been enshrined within the Seventh Amendment to our U. S. Constitution since 1791, and it was one of the stated principles in the Declaration of Independence which fueled our struggle to become an independent nation. Only those with extreme hardships should seek to be excused based on pre-existing obligations.

It is vital that you appear and present yourself for jury service on August 3rd; however, the Court wants you to know that we are mindful of these challenging times and we will take every reasonable precaution to maintain your health as well as that of the parties, lawyers and Court staff during this upcoming trial.

I hope this personal letter is helpful and informative. I look forward to seeing you in Marshall on August 3rd.

                    Respectfully,

                    */s/ J. Rodney Gilstrap*

                    J. Rodney Gilstrap
                    Chief United States District Judge

cc:    Mrs. Kecia Clendening
        Deputy Clerk in Charge
        Phone: 903.935.2912

# Exhibit B

# Taylor Mauze

| | |
|---|---|
| **From:** | Taylor Mauze |
| **Sent:** | Monday, July 20, 2020 5:01 PM |
| **To:** | Amy.Pearlman@wilmerhale.com; astrabone@irell.com; Ben.Ernst@wilmerhale.com; bstevens@wscylaw.com; brittany.amadi@wilmerhale.com; cwoodin@mckoolsmith.com; cmcnett@mckoolsmith.com; Dan.Wewers@wilmerhale.com; ddezern@grayreed.com; echen@irell.com; etautfest@grayreed.com; efountain@mckoolsmith.com; hcannom@wscylaw.com; hengelmann@mckoolsmith.com; hzhong@irell.com; ipetersen@irell.com; jhoggan@grayreed.com; jsheasby@irell.com; Jennifer.John@wilmerhale.com; jtruelove_mckoolsmith.com; jyim@mckoolsmith.com; Nina.Garcia@wilmerhale.com; joseph.haag@wilmerhale.com; joseph.mueller@wilmerhale.com; kathryn.zalewski@wilmerhale.com; kevin.o'brien@wilmerhale.com; jbindler_grayreed.com; mark.selwyn@wilmerhale.com; mindy.sooter@wilmerhale.com; melissa@gillamsmithlaw.com; michael.summersgill@wilmerhale.com; michaela.sewall@wilmerhale.com; mmckool@mckoolsmith.com; sbaxter_mckoolsmith.com; shasenour@mckoolsmith.com; spollinger@mckoolsmith.com; timothy.syrett@wilmerhale.com |
| **Subject:** | 2:19-cv-66 - Optis Wireless Tech., LLC et al. v. Apple Inc. - Pretrial Conference Monday, July 27, 2020 |

Counsel,

The above-captioned case (2:19-cv-66) is set for an in-person pretrial conference on Monday, July 27, 2020 at 9:00 am central. To facilitate such and assuage any public health concerns, the Court has put into place various mitigation protocols. During the pretrial conference, you and all persons attending with you are required to comply with the following:

- First, the Court will continue to adhere to the following specific visitor restrictions:
    o Persons who have traveled to or from any of the following countries listed on the Centers for Disease Control and Prevention website [https://www.cdc.gov/coronavirus/2019-ncov/travelers/from-other-countries.html] as "Travelers Prohibited from Entry to the United States" within the preceding 14 days;
    o Persons who have had close contact with someone who has traveled to or from one of the countries referenced above within the preceding 14 days;
    o Persons who a medical doctor, doctor of osteopathy, hospital or public health agency has directed to self-quarantine, and such period of self-quarantining is ongoing;
    o Persons who have been diagnosed with COVID-19 and who have not obtained express medical verification as now being non-communicative/non-contagious from a medical doctor, doctor of osteopathy, hospital or public health agency;
    o Persons who exhibit fever, cough or shortness of breath;
    o If you or anyone attending court with you falls within one or more of the above restricted categories, you must advise the Court by email (copying all counsel of record) within 24 hours. All such persons will not be granted admission to the courthouse.

- Second, the Court will be enforcing social distancing protocols among parties, counsel, and court staff. To the greatest extent reasonably possible, the Court will strive to maintain a six-foot distance between all those present. The Court will also be implementing various mitigation strategies in the courtroom, including limiting the number of persons seated at counsel tables to three persons per party per table. The parties are each responsible for determining which persons are to sit at their respective counsel tables; all other party representatives, counsel, consultants, and observers should sit in the gallery. Those not at counsel table are encouraged to wear a face covering while inside the courtroom, but the Court will neither require nor provide one.

- Third, the Court encourages all participants to follow the CDC's community-mitigation guidelines before attending the proceeding. That includes washing hands often; avoiding close contact with people who are sick

and practicing social distancing; covering mouth and nose with a cloth face cover when around others; covering coughs and sneezes; and cleaning and disinfecting frequently touched surfaces daily.

In further advance of the pretrial conference set for Monday, July 27, 2020, the Court requests that the Parties e-mail me (Taylor_Mauze@txed.uscourts.gov) by **5:00 pm central on Tuesday, July 21, 2020** the following information:

- An agreed suggested order in which to address pretrial motions.  Please include any relevant groupings of categories of related disputes, to the extent grouping is appropriate.  Please include name(s) of counsel who will argue each motion;
- An agreed suggested order of motions *in limine* ("MILs") that are grouped into categories of related disputes, to the extent grouping is appropriate.  Please also include name(s) of counsel who will argue each MIL; and
- An agreed suggested order of disputed exhibits that are grouped into categories of related disputes ("buckets") and that identifies representative exhibit(s) for said category.  Please also include name(s) of counsel who will argue each disputed exhibit.

Please use the following template in your response:

| Group # | Group Name | MIL #s OR Exhibits OR Motion | Plaintiffs' Arguing Attorney | Defendant's Arguing Attorney |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

If you have questions as to the above, please let the Court know.

Sincerely,

**Taylor Mauze**
*Law Clerk to Chief Judge Rodney Gilstrap*
U.S. District Court for the Eastern District of Texas
100 E. Houston Street
Marshall, Texas 75670
Taylor_Mauze@txed.uscourts.gov