```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF TEXAS
 2                   MARSHALL DIVISION

 3
   OPTIS WIRELESS TECHNOLOGY,    )(  CIVIL ACTION NO.
 4 LLC, OPTIS CELLULAR           )(  2:19-CV-66-JRG
   TECHNOLOGY, LLC, PANOPTIS     )(
 5 PATENT MANAGEMENT, LLC,       )(
   UNWIRED PLANET, LLC, UNWIRED  )(
 6 PLANET INTERNATIONAL LIMITED, )(
         PLAINTIFFS,             )(
 7                               )(
   VS.                           )(
 8                               )(  MARSHALL, TEXAS
                                 )(  AUGUST 11, 2020
 9 APPLE INC.,                   )(  10:00 A.M.
         DEFENDANTS.             )(
10

11              TRANSCRIPT OF JURY TRIAL

12                     ALL DAY

13        BEFORE THE HONORABLE JUDGE RODNEY GILSTRAP

14           UNITED STATES CHIEF DISTRICT JUDGE

15
   APPEARANCES:
16

17 FOR THE PLAINTIFFS:

18
   MR. SAMUEL F. BAXTER
19 MS. JENNIFER TRUELOVE
   MCKOOL SMITH, P.C.
20 104 E. Houston Street
   Suite 300
21 Marshall, TX 75670

22
   MR. JASON G. SHEASBY
23 MS. ANNITA ZHONG
   IRELL & MANELLA LLP
24 1800 Avenue of the Stars
   Suite 900
25 Los Angeles, CA 90067
```

```
 1 │ FOR THE PLAINTIFFS:
   │
 2 │
   │ MR. STEVEN J. POLLINGER
 3 │ MR. SETH R. HASENOUR
   │ MCKOOL SMITH, P.C.
 4 │ 300 W. 6th Street
   │ Suite 1700
 5 │ Austin, TX 78701
   │
 6 │
   │ MR. JONATHAN YIM
 7 │ MCKOOL SMITH, P.C.
   │ One Manhattan West
 8 │ 395 9th Avenue
   │ 50th Floor
 9 │ New York, NY 10001
   │
10 │
   │ MR. CHRISTOPHER P. MCNETT
11 │ MCKOOL SMITH, P.C.
   │ 1999 K Street, NW
12 │ Suite 600
   │ Washington, DC 20006
13 │
   │
14 │ MS. INGRID PETERSEN
   │ MS. KELSEY SCHUETZ
15 │ IRELL & MANELLA LLP
   │ 840 Newport Center Drive
16 │ Suite 400
   │ Newport Beach, CA 92660
17 │
   │
18 │ FOR THE DEFENDANT:
   │
19 │
   │ MR. JOSEPH J. MUELLER
20 │ WILMER CUTLER PICKERING
   │ HALE & DORR, LLP
21 │ 60 State Street
   │ Boston, MA 02109
22 │
   │
23 │ MR. MICHAEL J. SUMMERSGILL
   │ WILMER CUTLER PICKERING
24 │ HALE & DORR, LLP
   │ 60 State Street
25 │ Boston, MA 02109
```

1   FOR THE DEFENDANT:

2

    MS. MELISSA R. SMITH
3   GILLAM & SMITH, LLP
    303 South Washington Avenue
4   Marshall, TX 75670

5

6

7

8   COURT REPORTER:      Ms. Shelly Holmes, CSR, TCRR
                         Official Court Reporter
9                        United States District Court
                         Eastern District of Texas
10                       Marshall Division
                         100 E. Houston
11                       Marshall, Texas  75670
                         (903) 923-7464
12

13

    (Proceedings recorded by mechanical stenography, transcript
14  produced on a CAT system.)

15

16

17

18

19

20

21

22

23

24

25

```
 1                  P R O C E E D I N G S

 2             (Jury out.)

 3             COURT SECURITY OFFICER:  All rise.

 4             THE COURT:  Be seated, please.

 5             All right.  We're going to move to the jury

 6    portion of the case at this time because I've received a

 7    note from the jury.  Once we address that, we will move

 8    back to the bench trial portion of the case.

 9             Counsel, I've received the following note from the

10    jury.  I'll read it into the record.  I'll mark it as

11    Item 1 in the upper right-hand corner for identification,

12    and after I've read it, I'll hand it to the courtroom

13    deputy to be made a part of the papers in this case.

14             The note reads as follows:  May we have PX-0120,

15    and PX-0119, PX-0940, PX-0935, PX-1005, PX-1695, and

16    PX-1722?  Signed, Roger Young, dated with today's date.

17             And Mr. Young is Juror No. 1, who I am assuming is

18    the foreperson of the jury.

19             I will hand the note to the courtroom deputy.

20             Counsel, during the recess that we had because of

21    the audio problem with Dr. Rodermund, we've pulled all

22    these exhibits.  However, PX-119 says it is a placeholder

23    for Apple source code.  And PX-120 has the same notation

24    inserted in it.

25             I am not at all sure the jury really wants to see
```

1    source code in the jury room.  We can either produce the

2    written version of this source code that was used during

3    the trial, put it in these files, and I can send it to

4    them.  Or I can inquire of them in advance -- I can send

5    them the other exhibits and ask them to clarify for me if

6    they do, in fact, want the source code reflected in PX-120

7    and PX-119.

8          What's counsel's pleasure or thoughts on this?

9          MR. SHEASBY:  Plaintiffs are fine with the

10   clarification you proposed to make, Your Honor.

11         THE COURT:  How about Defendant?

12         MR. MUELLER:  Your Honor, we -- we would prefer

13   the jury be given what they asked for.  We can arrange for

14   that source code to be given to the Court to give to the

15   jury.  I think the placeholders are because of the special

16   treatment for the source code from a confidentiality

17   perspective.  But we would prefer --

18         THE COURT:  How long would it take you to produce

19   what should be PX-119 and 120?

20         MR. MUELLER:  It could take 15 minutes to get it.

21   We can send the rest of the exhibits and have that follow

22   perhaps, but...

23         THE COURT:  Well, it doesn't appear to me from the

24   note that's been sent that there was any real question

25   about the numbers.  They're very clearly printed.  That

1    doesn't mean that it is or isn't what they want, but if I

2    send them what they've asked for and it's not what they

3    want, they will certainly send me another note and tell me.

4          All right.  I'm going to direct Defendant to

5    produce the actual source code for PX-119 and 120.  I'll

6    send them the other five exhibits that have been asked for

7    and tell them that PX-119 and 120 will be forthcoming.

8          Is there objection to that from either Plaintiff

9    or Defendant?

10         MR. SHEASBY:  Nothing from Plaintiffs, Your Honor.

11         MR. MUELLER:  No, Your Honor.

12         THE COURT:  All right.

13         MR. MUELLER:  Your Honor, can I raise one more

14   housekeeping issue before we go back on the record with the

15   bench trial?

16         THE COURT:  With regard to the bench trial or with

17   regard to this note?

18         MR. MUELLER:  Not with regard to the note,

19   Your Honor.  The other issue is with respect to the closing

20   arguments.  When we were considering the content of the

21   closing arguments last night, there's a couple pieces of

22   the Plaintiffs' closing arguments where they refer to the

23   Qualcomm numbers.

24         We would ask Your Honor's permission -- or we'd

25   ask the Court to seal just those numbers, and we could make

```
 1  a submission to the Court that identifies the page and line
 2  numbers of the transcripts where those numbers appear.
 3        THE COURT:  You can move to redact by written
 4  motion.  What was said during closing has been said.
 5  Anybody that heard it, heard it.  But with regard to the
 6  transcript, you can move to redact those targeted items.
 7        You need to meet and confer with counsel for the
 8  Plaintiff first and make sure there's no disagreement as to
 9  what you're talking about.  But we can do that post the
10  return of a verdict.
11        MR. MUELLER:  Thank you, Your Honor.
12        THE COURT:  All right.  Counsel, this is the note
13  I intend to send to the jury:
14        Members of the jury, in response to your note,
15  attached are the following exhibits, PX-940, PX-935,
16  PX-1005, PX-1695, and PX-1722.  Exhibits PX-119 and PX-120
17  will be delivered to you shortly.  These are being printed
18  and will be available for you in approximately 15 minutes.
19        Does Plaintiff have any objection to that note
20  being sent in with those specified exhibits to the jury?
21        MR. SHEASBY:  No, Your Honor.
22        THE COURT:  Does Defendant?
23        MR. MUELLER:  No, Your Honor.
24        THE COURT:  All right.  Then I'll hand those
25  itemized exhibits with the Court's note to the Court
```

1  Security Officer and direct him to deliver them to the

2  jury.

3  　　　　MR. SHEASBY:  Your Honor, Ms. Dwyer asked

4  whether -- she's having a lot of trouble hearing

5  Mr. Rodermund from the back of the court.  As long as

6  there's only three people at the table, may she sit at the

7  table so she can better hear Mr. Rodermund?

8  　　　　THE COURT:  That's fine.  Put her -- put her at

9  the far chair across from your corporate representative so

10  she'll be spaced.

11  　　　　MR. SHEASBY:  Thank you, Your Honor.

12  　　　　THE COURT:  Come forward now if you're going to do

13  that.

14  　　　　With regard to -- all right.  I'm going to close

15  the portion of this that relates to the jury trial.

16  　　　　(Recess.)

17  　　　　(Jury out.)

18  　　　　THE COURT:  Before you proceed with

19  cross-examination, let me ask about PX-119 and 120.

20  　　　　All right.  Let's go off the record.

21  　　　　(Off-the-record discussion.)

22  　　　　THE COURT:  Let's go back on the record.

23  Mr. Mueller, Mr. Sheasby, have you reviewed what appears to

24  be PX-119 and 120?

25  　　　　MR. SHEASBY:  Yes, it's incomplete, Your Honor.

1    MR. MUELLER:  So here's the situation, Your Honor,

2    we tried to -- our folks had the full set, and I'll note

3    that the Plaintiffs have the full set, too.  We're doing

4    this as a courtesy.  These are Plaintiffs' exhibits.

5         We put in folders DTX-119 and PX -- PX-119 and

6    PX-120 as much of the code that corresponds to those

7    compilations as we could, as quickly as we could.  The

8    remainder of the code for these two folders is in this box.

9    So it is here, but it's not been --

10        THE COURT:  It's not been pulled out and put in

11   the respective folders?

12        MR. MUELLER:  It's in here, but it's a bit of an

13   overinclusive set because we just didn't have time to

14   collate it for those two particular Plaintiffs' exhibits.

15        Long way to say, Your Honor, this big box I have

16   in front of me includes all of the code for those two

17   folders plus a bit more.

18        THE COURT:  How long will it take to fully collate

19   it and separate it into PX-119 and 120?  There's lots of

20   lawyers here.  Somebody can be doing that while we move

21   forward with the bench trial, unless it's going to take an

22   inordinate amount of time.

23        So, based on your representations, I told the jury

24   15 minutes, and that was more than 15 minutes ago.

25        MR. MUELLER:  No, it was, Your Honor, and I didn't

1074

```
 1    appreciate exactly what this was.  We'll go as fast as we

 2    possibly can, and we'll do it --

 3            THE COURT:  Is there somebody knowledgeable here

 4    who can give me some kind of a reliable estimate on the

 5    amount of time that will take?

 6            MR. MUELLER:  Give me one second, Your Honor,

 7    please.

 8            Our best estimate, Your Honor, is about a half

 9    hour.

10            THE COURT:  Mr. Sheasby, does Plaintiff object to

11    this being sent in to the jury in its current form?

12            MR. SHEASBY:  It does, Your Honor.

13            THE COURT:  Do you want to offer a helping hand in

14    getting this done so that it's ready to go?

15            MR. SHEASBY:  We can, Your Honor, although I think

16    it's probably -- it's faster if one person does it.  But we

17    do have someone -- we do have someone who can assist, as

18    well.

19            THE COURT:  Well, I don't want to spend a half an

20    hour and then somebody comes up and tells me the way they

21    did it is not the way we would have done it and it's not

22    right.

23            So let's take a representative from Defendant as

24    the lead, with a representative from Plaintiff to look over

25    their shoulder and make sure that there's not a dispute
```

1   when we get to the end.  And let's go as fast as we can and

2   get that fully collated so I can send it in to the jury,

3   all right?

4           MR. MUELLER:  Will do, Your Honor.  Thank you,

5   Your Honor.

6           MR. SHEASBY:  Thank you, Your Honor.

7           THE COURT:  All right.  This relates to the jury

8   portion of the trial.

9           (Recess.)

10          (Jury out.)

11          THE COURT:  And I'll ask Mr. Mueller to give me an

12  update on these outstanding exhibits the jury has asked

13  for.

14          MR. MUELLER:  Excuse me.  Thank you, Your Honor.

15          Two things.  So our folks have been continuing to

16  compile these two exhibits, but I understand from

17  Mr. Pollinger that the Court -- maybe you can come up here,

18  as well, Mr. Pollinger.

19          MR. POLLINGER:  Your Honor, my understanding is

20  that Plaintiffs filed with the Court PX-119 and 120, and I

21  believe it's right there at the -- at the bench in a box.

22  I don't know that for certain, but my understanding is that

23  we filed the exhibits with the Court.

24          THE COURT:  All right.  I'm going to ask you to

25  consult with Ms. Lockhart off the record.  She would

```
 1   certainly know or can find out if that's the case.  That
 2   can short-circuit the process.
 3             Let's go off the record.
 4             (Off-the-record discussion.)
 5             THE COURT:  Let's go back on the record.
 6             The Court stands in recess.
 7             (Recess.)
 8             COURT SECURITY OFFICER:  All rise.
 9             THE COURT:  Be seated, please.
10             All right.  We're back on the record with regard
11   to the jury trial.
12             What is the status of the PX-119 and 120?
13             MR. MUELLER:  So, Your Honor.  The PX-119 and 120
14   versions that we were given from this box are excerpts.
15   They're actually labeled 119A, B, C, and so on.  And the
16   same with 120A, B, C, and so on.
17             We just did a cross-check against the actual
18   PX-119 and PX-120 with Plaintiffs' counsel present.
19   They're definitely not the full PX-119 and 120.  Our folks
20   are continuing to compile the full versions of that and
21   should finish hopefully quite soon.
22             We object to just sending the jury back these
23   excerpts from those two documents.  The representation has
24   been made that these were based on testimony -- and I don't
25   dispute -- I have no reason to dispute that there was
```

1  testimony about some of these excerpts, but I can't now

2  agree to just send back certain fragments of the code when

3  the actual exhibit is -- is 119 and 120, not ABCDEFG.  We

4  think the jury should get what they asked for.  They asked

5  for PX-119 and 120, and we'll have that shortly.

6      THE COURT:  Well, "shortly" is a relative term,

7  Mr. -- Mr. Mueller.  I told them an hour ago it would be 15

8  minutes.  I do not want a disgruntled jury on my hands.

9      MR. MUELLER:  I understand.

10      THE COURT:  So when you say "shortly," I need to

11  know more than that.  Are we talking about two or three

12  minutes?  Are we talking about 30 minutes?  Are we talking

13  about an hour?  What are we talking about?

14      MR. MUELLER:  I think we are talking about less

15  than 30 minutes, not two or three minutes, Your Honor, but

16  less than 30 minutes.  They're, as I understand it --

17  about wrapped up one of these and are working on the other.

18      Again, I have to say these are Plaintiffs'

19  exhibits.  I did not expect to do this today, and it's

20  taking a little bit longer than --

21      THE COURT:  I understand.  Everything is taking

22  longer today than anybody anticipated.

23      MR. SHEASBY:  Your Honor, may I be heard?

24      THE COURT:  You may be heard, Mr. Sheasby.

25      MR. SHEASBY:  There was long printouts of source

1    code that is going to do nothing but confuse the jury.  The

2    jury is obviously asking about the source code that it was

3    shown.  This is the entirety of the source code that the

4    jury was shown.

5         And so having a box of random paper that the jury

6    was never shown, was never explained to it, is not the

7    evidence in -- in the record.  What's in the record is

8    these excerpts.  And so I actually strongly disagree that

9    dropping a box on them is an assistance to them.

10        THE COURT:  Just a minute.  Sir, is there a reason

11   why you're standing up in the middle of the courtroom?

12   Please have a seat.

13        ATTORNEY:  I'm sorry, Your Honor.

14        THE COURT:  Mr. Mueller, based on what

15   Mr. Sheasby's told me that these contain the totality of

16   what the jury was shown during the jury trial, if the

17   internal dividers of 119A, 119B, if they're all taken out

18   and it's put under the heading of 119 and the same thing is

19   done for PX-120, and if you agree with the representation

20   that that's all of what was shown or it covers all or more

21   than what was shown to the jury during the trial, do you

22   still have an objection to sending that in that condition

23   to the jury in response to their note?

24        I understand the internal subdivisions may be

25   confusing, but the jury is not going to know if PX-119 is

1   one-inch thick or one-foot thick.  And if it's true that

2   those binders in front of you contain everything that the

3   jury saw, I do not see how there can be a problem as long

4   as the internal dividers are removed.

5        MR. MUELLER:  Your Honor, I have no objection to

6   that.  I would just like to double-check that there is

7   nothing missing in terms of what was shown to the jury.

8   Because I've just learned this within the last few minutes,

9   that that was the basis for generating these sets.  But if

10  we can do that and remove these dividers, I have no

11  objection.

12       THE COURT:  Mr. Sheasby, do you have somebody that

13  can go with Mr. Mueller and accomplish that so that you and

14  I can continue with the bench trial?

15       MR. SHEASBY:  Yes, Your Honor.

16       THE COURT:  All right.  Mr. Mueller, tag up with a

17  representative from Plaintiffs and get that done.  And as

18  soon as it's done, enter through the double doors with

19  those folders in your hand, and I will know you are ready,

20  okay?

21       MR. MUELLER:  Thank you, Your Honor.

22       THE COURT:  Thank you.  Let's go back on the

23  record with regard to the bench trial.

24       (Recess.)

25       (Jury out.)

 1           THE COURT:  Mr. Mueller and Mr. Pollinger have

 2    entered the courtroom.  Do we have PX-119 and 120 in a

 3    proper form to send to the jury.

 4           MR. MUELLER:  We think so, Your Honor.  So here's

 5    what we have.  We didn't have time to cross-check all of

 6    the different pages against the transcripts.

 7           What we have is the following:  For each of these

 8    two exhibits, we have the excerpts with the Manila folders

 9    pulled out, as Your Honor suggested.  It's labeled

10    Excerpts -- PTX-119 Excerpts.  We completed the full

11    compilation while we were out there.  So we have another

12    version that says "Full."

13           And the same for the 120.  We have the Excerpt

14    version and the Full set.  Because we can't cross-check all

15    the excerpts right now, we'd ask that the jury be given

16    both, but they are labeled "Excerpts" and "Full."  And we

17    have no objection to Your Honor telling the jury that the

18    parties think the Excerpts were referred to, but if they

19    wanted the Full set, they'd have those, too.

20           THE COURT:  Is what's -- is what's in the folder

21    marked "Excerpts" also in the folder marked "Full"?

22           MR. MUELLER:  Correct.  Correct.

23           THE COURT:  What's Plaintiffs' position?

24           MR. SHEASBY:  We have no idea what they label as

25    "Full" is full.  All we know is what we checked, which is

1    our excerpts.

2          So I think we had an agreement that excerpts would

3    go back with the Manila folders removed.  And I think we

4    should just stick with that agreement.

5          MR. MUELLER:  Your Honor, I'll just say this:

6    Counsel for Plaintiff was with us in the room as we were

7    finishing this process.  We're doing the best we can.  We

8    don't have a chance to check the excerpts that we've been

9    told are excerpts.

10         I think under the circumstances, the best solution

11   is to give the jury their excerpts -- their labeled

12   "Excerpts," and they also have a fuller version, too.

13         THE COURT:  Are both of you satisfied that the

14   folder labeled "Excerpts" are and contain the portions of

15   the source code that were shown to the jury during the jury

16   trial?

17         MR. SHEASBY:  Plaintiffs, yes.

18         MR. MUELLER:  I can't attest to that, Your Honor.

19   We have not had an opportunity to check that, and that's

20   why I'm asking for the full versions.  If we had time, we

21   could go through and check them against the transcript, but

22   we -- we don't have time.

23         THE COURT:  Well, there's been an inordinate

24   amount of time taken for something that you told me I

25   should tell the jury would be there in 15 minutes about two

 1   hours ago.

 2          So, you know, we can debate all day about how much

 3   time we have and who's done what they should have done in a

 4   timely fashion, but nonetheless, we are where we are.

 5          Mr. Sheasby, what's your objection if the folders

 6   marked "Full" do, in fact, contain the full code for these

 7   exhibits?  What's your objection to sending that in with

 8   the folders marked "Excerpts"?

 9          MR. SHEASBY:  As long as it's -- I would only

10   request that it say, Excerpts Used in Court, so that they

11   understand that it's not some derogation version of it.

12   But with that clarification, I have no problem.  We just

13   need to get this to the -- to the jury.

14          THE COURT:  Yes, we do.

15          MR. SHEASBY:  Yes.

16          THE COURT:  Now, Mr. Mueller, you're holding these

17   Excerpt folders in your hand.  Show me how they're marked,

18   or approach and hand them to the courtroom deputy.

19          MR. MUELLER:  Sure.

20          THE COURT:  Do either Plaintiff -- these are

21   marked on the outside of the folder as PX-119, parentheses,

22   Excerpts, close parentheses, and the same for PX-120.

23          Does either party have an objection to me adding

24   to this labelling on the outside of these two particular

25   folders below the words "Excerpts," "as used during trial"?

1083

1      MR. MUELLER:  I -- Your Honor, I can't confirm

2  that.  I can't -- there's a lot of source code in these

3  folders, and it would take us hours and hours and hours to

4  confirm what was actually used in court.

5      THE COURT:  Well, here's the problem, the first

6  question they're going to have is, excerpts from what?  I

7  mean, excerpts doesn't mean anything in this particular

8  context.

9      MR. MUELLER:  I'm fine, Your Honor, if it says

10 "excerpts that may have been used in court," but I can't

11 say they definitely were.

12     MR. SHEASBY:  You could say, "excerpts that

13 Plaintiffs used in court."

14     MR. MUELLER:  I -- I would object to that.

15     MR. SHEASBY:  "Excerpts that Plaintiffs believed

16 were used in court."

17     MR. MUELLER:  I would object to that.  I think

18 "excerpts that may have been used in court" would work.

19     THE COURT:  All right.  I'm going to mark the two

20 folders that contain the excerpts as "excerpts that may

21 have been used in court," and I will send those two folders

22 with the full sets or the folders marked "full set" of

23 these two exhibits in to the jury.

24     Does Plaintiff have any objection?

25     MR. SHEASBY:  No, Your Honor.

1     THE COURT:  Defendant?

2     MR. MUELLER:  No, Your Honor.

3     THE COURT:  All right.  The note I will send

4  accompanying it says:  Members of the jury, in response to

5  your note, attached are the following requested exhibits,

6  PX-119 and PX-120.

7     I've just handed all of that to the courtroom --

8  excuse me, the Court Security Officer, and he will deliver

9  the same to the jury.

10    MR. MUELLER:  Thank you, Your Honor.

11    (Recess.)

12    (Jury out.)

13    THE COURT:  With regard to the jury -- with regard

14 to the jury trial, counsel, I received a second note from

15 the jury.  And I will read it to you.

16    I messed up the verdict form.  May I have another

17 one, please?  Signed by Mr. Young as jury foreperson and

18 dated with today's date.

19    And I'll hand the note to the courtroom deputy.

20    I happen to have a duplicate clean copy of the

21 verdict form that was sent back to the jury when they

22 retired to deliberate, here with me at the bench.

23    Does either side have any objection to me sending

24 this back with the Court Security Officer to the jury in

25 response to that note?

```
 1              MR. SHEASBY:  Nothing from Plaintiffs.

 2              MR. MUELLER:  No objection.

 3              THE COURT:  I'll hand that to the Court Security

 4   Officer and instruct him to take it to the jury.

 5              Now, we'll transition back, once again, to the

 6   bench trial, and I'll let Mr. Selwyn continue with his

 7   direct examination.

 8              (Recess.)

 9              (Jury out.)

10              COURT SECURITY OFFICER:  All rise.

11              THE COURT:  Be seated, please.

12              All right.  Counsel, with regard to the jury

13   trial, I've received the following note from the jury, and

14   I'll mark it for identification as No. 3 in the upper

15   right-hand corner.  And after I've read it into the record,

16   I'll hand it to the courtroom deputy.

17              We have reached a verdict and are in agreement,

18   signed by Mr. Young as the apparent foreperson of the jury,

19   and dated with today's date.

20              The jury having indicated that they've reached a

21   verdict, it's my intention to bring the jury in and receive

22   the verdict from them.

23              I want to remind everyone here that I don't -- no

24   matter what the result is, I don't expect any outburst or

25   expressions or anything other than respectful quietness as
```

1   I go through the process of receiving the verdict and then

2   polling the jury.

3          Is there anything from either Plaintiff or

4   Defendant regarding the jury trial that I should hear

5   before I bring in the jury and receive their verdict?

6          MR. SHEASBY:  Nothing from Plaintiffs.

7          MR. MUELLER:  No, Your Honor.

8          THE COURT:  All right.  Mr. Elliott, would you

9   bring in the jury, please?

10         COURT SECURITY OFFICER:  All rise.

11         (Jury in.)

12         THE COURT:  Please be seated.

13         Mr. Young, it's my assumption that you are the

14  foreperson of the jury; is that correct?

15         THE FOREPERSON:  Yes, Your Honor.

16         THE COURT:  Has the jury reached a verdict?

17         THE FOREPERSON:  It has, Your Honor.

18         THE COURT:  All right.  Would you hand the

19  completed verdict form to the Court Security Officer, who

20  will then bring it to me?

21         Ladies and gentlemen, I'm going to announce the

22  verdict at this time.  I'd like each member of the jury to

23  listen very carefully, because after I've -- after I've

24  done that, I'm going to ask each of you if this is your

25  verdict so that we can confirm it is the unanimous verdict

1    of all eight members of the jury.

2            Turning to the verdict form and beginning on

3    Page 4 of the verdict form where Question 1 is found:

4            Question 1:  Did Optis prove by a preponderance of

5    the evidence that Apple infringed any of the asserted

6    claims?

7            The jury's answer is:  Yes.

8            Turning to Question 2.

9            Did Apple prove by clear and convincing evidence

10   that any of the following asserted claims are invalid?

11           The answer to each of the questions posed for each

12   of the claims of the patents-in-suit is:  No.

13           Claim 6 of the '332 patent is no; Claim 7 of that

14   patent is no; Claims 1, 14, and 27 of the '284 patent, the

15   answer is no; Claims 1 and 10 of the '557 patent, the

16   answer is no; Claim 6 of the '774 patent, the answer is no;

17   and Claim 8 of the '833 patent, the answer is no.

18           Turning then to Question 3 on the verdict form.

19           Did Optis prove by a preponderance of the evidence

20   that Apple willfully infringed any of the asserted claims

21   that you found were infringed?

22           The jury's answer is:  Yes.

23           Turning then to Question 4a.  What sum of money,

24   if any, paid now in cash has Optis proven by a

25   preponderance of the evidence would compensate Optis for

1    its damages resulting from infringement through the date of

2    trial?

3           The jury's answer in U.S. dollars is:

4    506,200,000.  506,200,000.

5           Turning then to Question 4, which is -- 4b, which

6    is the last question in the verdict form.

7           Is the total amount found -- you found in Question

8    4a, a lump sum for past and future sales or a royalty for

9    past sales only?

10          And the jury's answer is:  Royalty for past sales.

11          Turning to the last page of the verdict form, I

12   find that it is dated with today's date, August the 11th,

13   2020, and it is executed by Mr. Young as foreperson of the

14   jury.

15          Ladies and gentlemen, let me now poll you to make

16   sure that the verdict I've just announced reflects the

17   unanimous agreement of all eight members of the jury.

18          If this is your verdict as I have read it, would

19   you please stand?

20          (Jury polled.)

21          THE COURT:  Thank you.  Please be seated.

22          Let the record reflect that all eight members of

23   the jury immediately rose and stood in response to the

24   question from the Court to poll the jury.

25          This confirms that this is the unanimous verdict

1089

1    of all eight members of the jury.  The Court accepts the

2    jury's verdict.

3         I will hand the verdict to the courtroom deputy to

4    be filed among the papers in this case.

5         Ladies and gentlemen, this now completes the trial

6    of this case.  From the very beginning, I've instructed you

7    about not discussing this with anyone, including

8    yourselves, until you retire to deliberate.  I'm releasing

9    you from those instructions.  I'm releasing you from all

10   the instructions I've given you, and I am discharging you

11   as jurors in this case.

12        That means, ladies and gentlemen, you are free to

13   talk about your service with anybody that you choose to for

14   as long as you might like to.

15        By the same token, you're not obligated to talk to

16   anybody about your service in this case.  And if you choose

17   not to discuss it with anyone, that is perfectly fine.  It

18   is 100 percent up to you at this point.

19        Now, I need to advise you that the long-standing

20   practice in this district, and it was this way when I got

21   here out of law school in 1981 -- it's a long time ago --

22   was that the lawyers could not initiate a conversation with

23   the jury about the outcome of the case or anything related

24   to the trial.  The members of the jury had to initiate the

25   conservation with the lawyers, and that's consistent with

1    what I just told you.  It's your decision and your decision

2    alone.

3            The practical effect of that is, given the way

4    that this courthouse is laid out, the lawyers almost

5    always -- and I did it many times when I was in practice,

6    will position themselves at the bottom of the front steps

7    so that when you leave the building, you have to walk by

8    them.  They're hoping that you will stop and want to talk

9    to them.  They will not initiate a conversation with you.

10            If you want to have a conversation with them, I'm

11   confident they'll make themselves available to you, and

12   they'll be happy to talk as long as you want to talk.

13            If you don't want to have a discussion, just smile

14   and walk on by.  It is 100 percent up to you.

15            Now, in a minute, I'm going to hand out to each of

16   you an envelope from the Court.  It contains in it a

17   certificate acknowledging your service as jurors in this

18   case with the Court's seal and my signature on it.

19            It also contains a personal letter of thanks from

20   me to each of you for the service that you've rendered to

21   our nation as a part of the jury in this case.

22            I'm going to paper-clip to that envelope with

23   those two things in it a copy of two different cell phone

24   numbers, one for the Plaintiffs' side of the case and one

25   for the Defendant's side of the case.

1    And those are there in case at a later date you

2  want to talk to one of these lawyers about the case, you'll

3  have their direct cell phone number.

4    If you want to talk to the Plaintiffs' side,

5  Mr. Sheasby's phone number is on here.  If you want to talk

6  to the Defendant's side, Mr. Mueller's phone number is on

7  here.

8    You're welcome to call either of them at any time,

9  and they'd be happy to take your phone call.  But, again,

10  it's up to you.  You'll have to initiate it.

11    Also, ladies and gentlemen, I want you to

12  understand that it's generally been my practice -- as a

13  matter of fact, this is the first time I've received a

14  verdict from a jury and I have not done this -- it's always

15  been my practice, since I've been on the bench, when I

16  accepted a verdict from a jury at the end of a jury trial,

17  to ask the jury to meet me in the jury room after I

18  discharged you and after we recessed.  And it's been my

19  practice to come into the jury room so that I could look

20  each one of you in the eye and shake your hand and tell you

21  face-to-face how much I appreciate the service that you've

22  rendered to the Court and to our nation by serving as

23  jurors.

24    For reasons that you well-know, with the current

25  public health situation, I'm not going to ask you to let me

 1   come in and shake your hand and look at you face-to-face.

 2   We've worked hard to keep everybody appropriately spaced

 3   and to provide as many safeguards with regard to the common

 4   public health challenges that we're facing as we could.

 5            So what I'm going to do is I'm going to ask the

 6   Court Security Officer to hand you these certificates and

 7   letters of appreciation that I've prepared, and let me just

 8   tell you as a group that, in my opinion, you have rendered

 9   very real and important public service as American

10   citizens.  You have done something that is significant.

11   You made an individual sacrifice in each of your lives to

12   do it.  And it is worthy of recognition, and it's worthy of

13   a public expression of appreciation.

14            Our nation was founded on a judicial system that

15   involves the right to trial by jury.  I talked to you at

16   the beginning of this whole process about in ancient times

17   when other civilizations began the process of selecting

18   from among their citizens juries to settle disputes.

19            In a very real sense, ladies and gentlemen, we're

20   the last country in the -- in the world that uses the civil

21   jury system like we do.  Very, very few others do.  You

22   can't be a citizen of any other country on this planet and

23   have the breadth of the rights you have as a citizen to

24   have your disputes resolved through a civil jury trial as

25   you can if you're an American.

1    We -- we pride ourselves on that.  We are proud of

2    our system, but we all recognize our system only works as

3    long as our citizens are willing to do what you've done,

4    and that's set aside your own personal responsibilities and

5    your personal desires and to make a very real and important

6    sacrifice for the public good.  And that's what you've

7    done.

8        And it is in all respects worthy of public

9    recognition and thanks.  And though I'm not going to shake

10   each hand, I want you to know, as if I could, how much I

11   personally appreciate your service as jurors in this case.

12       I've watched you throughout this trial.  You have

13   focused on the evidence.  You have listened to the

14   witnesses.  You have taken copious notes.  You have paid

15   very close attention, you've followed all my instructions,

16   and I could not have asked for a more focused and

17   cooperative and well-functioning jury as the eight of you.

18       Thank you very much, ladies and gentlemen.  Thank

19   you for your service to our country.

20       With that, I'm going to ask our Court Security

21   Officer to hand these out.

22       This is for Mr. Young, if you'll take that to him

23   and come back.

24       This is for Mr. Blum.

25       Ms. Alexander.

1    Thank you, Mr. Young.

2    Thank you, Ms. Blum.

3    Thank you, Ms. Alexander.

4    This is for Ms. Deornellis.  Thank you,

5  Ms. Deornellis.

6    For Ms. McKnight.  Thank you, Ms. McKnight.

7    Mr. Williams.  Thank you, Mr. Williams.

8    Ms. Feltner.  Thank you, Ms. Feltner.

9    Ms. Scott.  Thank you, Ms. Scott.

10    Now, I don't expect that I'll ever have the

11  privilege of being in any of your homes, but if I am, I'm

12  going to look and see if that certificate is framed and on

13  the wall.

14    I can't thank you enough, ladies and gentlemen.

15  I'm not going to keep you any longer.  If you need anything

16  for your place of employment or you have any questions

17  about anything related to your jury service, I'll refer you

18  to Ms. Clendening in the clerk's office.  She'll be more

19  than happy to help you with anything you need.

20    I trust you left your juror notebooks in the jury

21  room.  We will shred every sheet of paper in there.  There

22  will be no record of that kept or -- or subject to anybody

23  seeing it.  It will be completely confidential.  That will

24  all be taken care of as soon as you leave.

25    Again, let me thank you from the Court, from the

1   Court staff, from the parties, and the lawyers, and

2   everybody involved in this very important trial, for your

3   service in this case.

4           Ladies and gentlemen of the jury, you're now

5   excused.

6           COURT SECURITY OFFICER:  All rise.

7           (Jury out.)

8           (Jury Trial Adjourned.)

9

10

11                      CERTIFICATION

12

13      I HEREBY CERTIFY that the foregoing is a true and

14  correct transcript from the stenographic notes of the

15  proceedings in the above-entitled matter to the best of my

16  ability.

17

18

19   /S/ Shelly Holmes _____                8/11/2020_____
     SHELLY HOLMES, CSR, TCRR                  Date
20   OFFICIAL REPORTER
     State of Texas No.: 7804
21   Expiration Date: 12/31/20

22

23

24

25