**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, PANOPTIS PATENT MANAGEMENT, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant*. | CIVIL ACTION NO. 2:19-CV-00066-JRG |

## FINAL JUDGMENT

A jury trial commenced in this case on August 3, 2020. On August 11, 2020, the jury returned a unanimous verdict (Dkt. No. 483) finding that Defendant Apple Inc. ("Apple") infringed one or more claims asserted by Plaintiffs Optis Wireless Technology, LLC; Optis Cellular Technology, LLC; PanOptis Patent Management, LLC; Unwired Planet, LLC; and Unwired Planet International Limited (collectively, "Optis"), such claims being 6 and 7 of U.S. Patent No. 8,019,332; claims 1, 14, and 27 of U.S. Patent No. 8,385,284; claims 1 and 10 of U.S. Patent No. 8,411,557; claim 6 of U.S. Patent No. 9,001,774; and claim 8 of U.S. Patent No. 8,102,833 (collectively, the "Asserted Claims"); that none of the Asserted Claims were invalid; that Apple's infringement had been willful; and that Optis should recover from Apple $ 506,200,000 as a reasonable royalty for such infringement.

The Court conducted a separate bench trial on August 11, 2020. The bench trial took up the issues of Count VIII as urged by Optis and also took up Apple's waiver defense. On

January 22, 2021, the Court issued Findings of Fact and Conclusions of Law, wherein the Court declined jurisdiction to decide whether Optis's offers were FRAND and held that Apple failed to show the asserted patents were unenforceable due to late disclosure to the standards-setting organization. (Dkt. No. 538.)

Optis has moved for entry of Final Judgment (Dkt. No. 541), which the Court now **GRANTS**.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the foregoing, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Apple has infringed one or more of the Asserted Claims;
2. The Asserted Claims are not invalid;
3. Apple's infringement was willful;
4. Optis is hereby awarded damages from and against Apple and shall accordingly have and recover from Apple the sum of $ 506,200,000.00 U.S. Dollars as a reasonable royalty for past sales through the date of trial;
5. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the added material benefit of having presided throughout the jury trial and having seen both the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[1] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

---

[1] *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1934 (2016).

6. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[2] the Court awards pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[3] and

7. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

8. Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, Optis is the prevailing party, and as the prevailing party, Optis shall recover its costs from Apple. Optis is directed to file its proposed Bill of Costs.

All other requests for relief now pending before the Court and not specifically addressed herein are **DENIED**. The Clerk is directed to **CLOSE** the above-captioned case.

**So ORDERED and SIGNED this 25th day of February, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[3] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).