# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　　　Defendant. | Civil Action No. 2:19-cv-00066-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>**ORAL ARGUMENT REQUESTED** |

## APPLE INC.'S MOTION FOR A NEW TRIAL #5 REGARDING A NEW TRIAL ON ALL ISSUES IF JUDGMENT AS A MATTER OF LAW OR A NEW TRIAL IS GRANTED AS TO ANY ONE ISSUE

**TABLE OF CONTENTS**

Page

I. IF THE COURT GRANTS APPLE'S MOTION FOR JMOL AS TO ANY ONE PATENT, THE GENERAL-VERDICT RULE REQUIRES A NEW TRIAL ON INFRINGEMENT FOR ALL REMAINING PATENTS. ...................................................1

    A. JMOL Of No Liability For Any One Patent Requires Setting Aside The Entire Jury Verdict. ...............................................................................................................1

    B. JMOL Of No Infringement Under The Doctrine Of Equivalents For Either The '557 Patent Or '774 Patent Likewise Requires Setting Aside The Entire Jury Verdict. ...............................................................................................................4

II. THE VERDICT FORM SEPARATELY VIOLATED APPLE'S RIGHT TO A UNANIMOUS VERDICT. ...................................................................................................5

III. IF THE COURT GRANTS A NEW TRIAL ON ANY ISSUE, THE SEVENTH AMENDMENT REQUIRES A NEW TRIAL ON ALL ISSUES .......................................7

IV. CONCLUSION ....................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Accentra, Inc. v. Staples, Inc.*,
    500 F. App'x 922 (Fed. Cir. 2013) ................................................................................2

*American Publ'g Co. v. Fisher*,
    166 U.S. 464 (1897) .......................................................................................................6

*Andres v. United States*,
    333 U.S. 740 (1948) .......................................................................................................6

*Maryland v. Baldwin*,
    112 U.S. 490 (1884) .......................................................................................................1

*Baxter Healthcare Corp. v. Spectramed, Inc.*,
    49 F.3d 1575 (Fed. Cir. 1995) ........................................................................................6

*Cordis Corp. v. Medtronic AVE, Inc.*,
    511 F.3d 1157 (Fed. Cir. 2008) ......................................................................................4

*Davidson Oil Country Supply Co. v. Klockner, Inc.*,
    917 F.2d 185 (5th Cir. 1990) .........................................................................................7

*Dossett v. First State Bank*,
    399 F.3d 940 (8th Cir. 2005) .........................................................................................7

*Encompass Off. Sols., Inc. v. Louisiana Health Serv. & Indem. Co.*,
    919 F.3d 266 (5th Cir.) ..................................................................................................8

*Fox v. United States*,
    417 F.2d 84 (5th Cir. 1969) ...........................................................................................6

*Gasoline Prods. Co. v. Champlin Refining Co.*,
    283 U.S. 494 (1931) ...................................................................................................7, 9

*Greatbatch Ltd. v. AVX Corp.*,
    No. 13-cv-723-LPS, 2018 WL 1568872 (D. Del. Mar. 30, 2018) .................................4

*i4i Ltd. P'ship v. Microsoft Corp.*,
    598 F.3d 831 (Fed. Cir. 2010) ....................................................................................1, 2

*Jazzabi v. Allstate Ins. Co.*,
    278 F.3d 979 (9th Cir. 2002) .........................................................................................6

*Litton Sys., Inc. v. Honeywell, Inc.*,
  140 F.3d 1449 (Fed. Cir. 1998)..................................................................................................2

*Memphis Cmty. Sch. Dist. v. Stachura*,
  477 U.S. 299 (1986)..................................................................................................................3

*Muth v. Ford Motor Co.*,
  461 F.3d 557 (5th Cir. 2006) ....................................................................................................1

*Omega Pats., LLC v. CalAmp Corp.*,
  920 F.3d 1337 (Fed. Cir. 2019)................................................................................................8

*Pryer v. C.O. 3 Slavic*,
  251 F.3d 448 (3d Cir. 2001)......................................................................................................8

*SEB S.A. v. Montgomery Ward & Co.*,
  594 F.3d 1360 (Fed. Cir. 2010).............................................................................................1, 5

*SSL Servs., LLC v. Citrix Sys., Inc.*,
  769 F.3d 1073 (Fed. Cir. 2014)................................................................................................1

*Verizon Services Corp. v. Vonage Holdings Corp.*,
  503 F.3d 1295 (Fed. Cir. 2007)................................................................................................2

*VirnetX Inc. v. Apple Inc.*,
  No. 6:12-cv-885-RWS, 2020 WL 3635929 (E.D. Tex. Apr. 23, 2020) ....................................3

*WiLan, Inc. v. Apple, Inc.*,
  811 F.3d 455 (Fed. Cir. 2016)...................................................................................................5

*Williams v. Slade*,
  431 F.2d 605 (5th Cir. 1970) ....................................................................................................7

*Witco Chem. Corp. v. Peachtree Doors, Inc.*,
  787 F.2d 1545 (Fed. Cir. 1986)................................................................................................9

*Yarbrough v. Sturm, Ruger & Co.*,
  964 F.2d 376 (5th Cir. 1992) ....................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 48(b) .........................................................................................................................6

Fed. R. Civ. P. 59........................................................................................................................1, 7

Seventh Amendment ....................................................................................................................6, 7

Apple is moving for a new trial under Federal Rule of Civil Procedure 59 as to all issues decided against it. For the reasons stated in this motion, if the Court grants judgment as a matter of law or a new trial on any issue, a new trial should be granted as to all other issues due to the way the verdict form was structured and/or due to the overlapping nature of the claims in this case.

**I.    IF THE COURT GRANTS APPLE'S MOTION FOR JMOL AS TO ANY ONE PATENT, THE GENERAL-VERDICT RULE REQUIRES A NEW TRIAL ON INFRINGEMENT FOR ALL REMAINING PATENTS.**

The jury was asked to return a general verdict, even though Apple objected to that procedure, and even though Plaintiffs had proposed that the jury should separately report its infringement finding for each of the five asserted patents. ECF 468-1 (Joint Proposed Verdict Form) at 4. Use of the general verdict form requires that the Court "must set aside a general verdict if the jury was told it could rely on any of two or more independent legal theories, one of which was defective." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849 (Fed. Cir. 2010) (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119 (5th Cir. 1992)), *aff'd*, 564 U.S. 91 (2011); *see also SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1374 (Fed. Cir. 2010) (stating rule in terms of both multiple liability theories and multiple legal claims); *Muth v. Ford Motor Co.*, 461 F.3d 557, 564 (5th Cir. 2006) ("[I]f both theories are put to the jury, a new trial is generally necessary when the evidence is insufficient on one."). The rule has deep roots. *See Maryland v. Baldwin*, 112 U.S. 490, 493-495 (1884) (reversing judgment because one of five defenses was infected with legal error). And the general-verdict rule applies to patent cases just as much as it applies to other types of cases. *See SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1084 (Fed. Cir. 2014).

**A.    JMOL Of No Liability For Any One Patent Requires Setting Aside The Entire Jury Verdict.**

As Apple has explained in its renewed motion for JMOL, no reasonable jury could have found that the asserted patent claims were infringed.

1

Even if the Court does not grant JMOL of no liability as to all asserted patents, any single ruling of no liability as to any one patent requires setting aside the verdict and conducting a new trial on the remaining patents. The most that the jurors necessarily agreed on was that Apple infringed *some* asserted claim; they did not need to agree on *which* claim (or even that it be from the same patent). *See infra* pp. 5-7. But even assuming they agreed on infringement of one specific claim, it is impossible to know which one it was. Thus, if the Court concludes that the jury lacked substantial evidence to find liability as to even one of the five asserted patents, it is impossible to know whether the jury's verdict rested on just that patent. When a verdict is tainted by that kind of uncertainty, the general-verdict rule requires setting the verdict aside and conducting a new trial. *See i4i*, 598 F.3d at 849; *see also Litton Sys., Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1465 (Fed. Cir. 1998) ("[A]n appellate court must … vacate a jury verdict and remand for a new trial if a jury may have relied on an impermissible basis in reaching its verdict."), *abrogated on other grounds*, *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002).

The Federal Circuit has routinely applied the general-verdict rule to vacate damages verdicts for multiple patents when one patent later drops out of the case. For example, in *Verizon Services Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295 (Fed. Cir. 2007), the court held that its correction of a faulty claim construction required a new trial on infringement for one of several asserted patents. *Id.* at 1309. Because the jury's damages verdict encompassed all the asserted patents, the "normal rule" required vacating the damages verdict and remanding the case for a new trial on damages. *Id.* at 1310; *see also Accentra, Inc. v. Staples, Inc.*, 500 F. App'x 922, 931 (Fed. Cir. 2013) (nonprecedential) (vacating judgment with respect to two of three asserted patents and noting that "proper course" was to vacate full damages award and remand case). The logic behind

2

the general-verdict rule applies to infringement verdicts for multiple patents just as it does to damages verdicts for multiple patents. Accordingly, grant of Apple's JMOL of no liability as to any one patent requires a new trial on the remaining patents.

Plaintiffs may not salvage the verdict by asking the Court to enter judgment of infringement on any remaining patents, with damages set based on the calculations proffered by Plaintiffs' damages expert. The Court should reject any such invitation to deviate from the "normal rule" articulated in *Verizon*. As Judge Schroeder recently explained, the bar for departing from the *Verizon* rule is "exceedingly high": "the liability error must not have affected the damages verdict." *VirnetX Inc. v. Apple Inc.*, No. 6:12-cv-885-RWS, 2020 WL 3635929, at *5 (E.D. Tex. Apr. 23, 2020). Here, that exceedingly high standard is not met. This is not a case in which, for example, the jury's full damages verdict could be sustained because the damages theory was the same "'regardless of the number of claims or patents found to be infringed.'" *See id.* at *6 (quoting *EON Corp. IP Holdings, LLC v. Landis+Gyr Inc.*, No. 11-cv-317-JDL, 2014 WL 6466663, at *12 (E.D. Tex. Nov. 14, 2014)). Rather, JMOL of no liability as to any one patent necessarily renders the full jury verdict unsustainable.

It is impossible to know for sure what the jury's damages award would have been if the jury had considered just a subset of the asserted patents. Although the jury ultimately awarded the amount suggested by Plaintiffs' expert, it is unclear whether the jury agreed with all aspects of the expert's analysis. As just one example, the jury could have thought that some asserted patents were worth more than the expert opined and that others were worth less, but that the overall damages demand was appropriate compensation for infringement of all five patents. Because the jury's precise damages methodology is "unknowable," *see id.* at *7, the proper course is to conduct a new trial on infringement and damages for any remaining patents, *see Memphis Cmty. Sch. Dist.*

3

*v. Stachura*, 477 U.S. 299, 312 (1986) ("When damages instructions are faulty and the verdict does not reveal the means by which the jury calculated damages, the error in the charge is difficult, if not impossible, to correct without retrial, in light of the jury's general verdict." (internal quotation marks omitted)); *see also Greatbatch Ltd. v. AVX Corp.*, No. 13-cv-723-LPS, 2018 WL 1568872, at *4 (D. Del. Mar. 30, 2018) (ordering new damages trial because damages were "tied up in a single damages verdict" and there was "no way of determining how the jury came to its decision or what amount it attributed to various patents and products").

### B. JMOL Of No Infringement Under The Doctrine Of Equivalents For Either The '557 Patent Or '774 Patent Likewise Requires Setting Aside The Entire Jury Verdict.

The verdict form not only combined nine claims from five patents into one question, but also combined two infringement theories for two of those patents into the same question. For claims 1 and 10 of the '557 patent and claim 6 of the '774 patent, Plaintiffs asserted that Apple infringed either literally or under the doctrine of equivalents. Because Plaintiffs asserted multiple infringement theories for two patents, Apple proposed asking the jury to specify which theory it was relying on. ECF 468-1 at 4 (showing grid of literal infringement and doctrine of equivalents for all five patents, with irrelevant cells blacked out). Plaintiffs objected to that approach, stating that "simplify[ing] the verdict form is a virtue." *Id.* at 4 n.3. But in this case, the form was too simple, because it is now impossible to determine what the jury would have decided had it not had legally improper theories before it, as is true for the doctrine of equivalents.

As Apple explains in its JMOL motion, the jury should not have been allowed to consider the doctrine of equivalents. *See* Intel Motion for JMOL at 8-10, 11-14. Now, it is too late to fix the problem. *See Cordis Corp. v. Medtronic AVE, Inc.*, 511 F.3d 1157 (Fed. Cir. 2008) (noting that, if prosecution history estoppel should have barred equivalents, "the jury's verdict would …

4

be tainted"). The jury's general verdict did not distinguish between the two infringement theories.[1] Because the Court is "unable to determine whether the invalid theory tainted the verdict," the Court "must … order a new trial." *SEB*, 594 F.3d at 1374.

\*   \*   \*

Counting the infringement theories for each of the asserted claims, the first question on the verdict form combined *twelve separate issues* into one finding: literal infringement of nine claims, and infringement under the doctrine of equivalents of three. Because any issue the Court finds insufficiently supported cannot now be disaggregated from the rest, JMOL of no liability on any one patent or theory requires a new trial on the remainder under the general-verdict rule.

## II. THE VERDICT FORM SEPARATELY VIOLATED APPLE'S RIGHT TO A UNANIMOUS VERDICT.

The verdict form suffered from another fatal flaw: it permitted the jury to reach a verdict without agreeing unanimously on whether Apple infringed any one patent claim. The first question on the verdict form asked whether Plaintiffs proved that "Apple infringed **ANY** of the Asserted Claims." ECF 483 (Jury Verdict) at 4 (emphasis in original). Although all eight jurors answered that question affirmatively, they could have been deeply divided over which of the nine claims— and indeed which patent—they believed to be infringed. Each juror could have found that Apple

---

[1] If the jury had reached a verdict of no infringement, it would be clear that the jury found no literal infringement and no infringement under the doctrine of equivalents. *See Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 463 n.3 (Fed. Cir. 2016). But the inverse is not true: for the '557 and '774 patents, it is impossible to say whether the jury found infringement literally or under the DOE.

infringed a different asserted patent claim, and all eight jurors still would have answered the first question on the verdict form in the same way.[2]

In the context of this case, a form asking simply whether Apple infringed "**ANY**" asserted patent claim violated Apple's right to a unanimous verdict. *See American Publ'g Co. v. Fisher*, 166 U.S. 464, 468 (1897) ("[U]nanimity was one of the peculiar and essential features of trial by jury at the common law. No authorities are needed to sustain this proposition."); *Andres v. United States*, 333 U.S. 740, 748 (1948) (grounding the modern unanimity requirement in the Seventh Amendment). It is not enough for the jury to agree simply on the yes-or-no outcome; the jury must render a unanimous verdict on "the ultimate issues of a given case." *Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 985 (9th Cir. 2002) (quoting *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)); *cf. Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1580-1581 (Fed. Cir. 1995) (explaining procedural options when jurors cannot reach unanimous verdicts for special interrogatories).

Deviations from the bedrock principle of unanimity are permissible only if the defendant consents to be bound by a non-unanimous verdict. *See* Fed. R. Civ. P. 48(b) ("Unless the parties stipulate otherwise, the verdict must be unanimous and must be returned by a jury of at least 6 members."); *Fox v. United States*, 417 F.2d 84, 89 (5th Cir. 1969) (citing that well-established rule). Apple never consented to be bound by a non-unanimous verdict. Indeed, Apple objected to the verdict form because it combined so many issues into one question. 8/10/20 Tr. at 948:6-10.

---

[2] Although Plaintiffs' original proposed language asked whether "Defendant infringed **ANY** of the asserted claims of the following Patents," it then sought a separate answer for each patent, which would at least have required unanimity for each patent. ECF 468-1 at 4. The verdict form as actually given to the jury, however, merely sought a yes-or-no answer as to infringement of "**ANY** of the Asserted Claims," which would allow the jurors to divide as to which patent(s) were infringed yet still answer "yes." ECF 483 at 4.

6

Fundamental fairness requires setting aside the jury verdict and conducting a new trial before a jury instructed to return a unanimous verdict as to each cause of action asserted in the case.

### III. IF THE COURT GRANTS A NEW TRIAL ON ANY ISSUE, THE SEVENTH AMENDMENT REQUIRES A NEW TRIAL ON ALL ISSUES

Under Federal Rule of Civil Procedure 59(a), the Court may "grant a new trial on all or some of the issues." But as the Supreme Court has explained, "a partial new trial ... may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). The Fifth Circuit has particularly cautioned that "[i]f the decision on the other issues could in any way have been infected by the error then a new trial must be had on all issues." *Williams v. Slade*, 431 F.2d 605, 608 (5th Cir. 1970). "[W]here the damages are excessive and the verdict is the product of passion or prejudice a new trial as to all the issues must be ordered." *Id.* at 609; *see also Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005) ("We have reasoned that if passion or prejudice influenced the jury's damages decision, then that same passion or prejudice may well have affected its decision on the issue of liability as well.").

Applying that standard to the circumstances here demonstrates that a new trial on all issues is required.

*First*, as discussed in Apple's motion for a new trial due to evidentiary rulings on "willfulness," Plaintiffs' improper "holdout" narrative was likely to have infected the jury's deliberations on all issues and caused it to make an infringement determination on an improper basis. A new trial on liability in addition to damages and willfulness is therefore appropriate. *See Davidson Oil Country Supply Co. v. Klockner, Inc.*, 917 F.2d 185, 187 (5th Cir. 1990) ("[T]he exclusion of all of this evidence created an atmosphere so unreal and so prejudicial that it requires,

7

in our very essential broad discretion, that all issues … be remanded for a full retrial."); *Omega Pats., LLC v. CalAmp Corp.*, 920 F.3d 1337, 1349 (Fed. Cir. 2019) (holding that erroneous exclusion of testimony as to state of mind was substantially prejudicial to both willfulness and indirect infringement defenses).

***Second***, if the Court grants a new trial on damages, it should also order a new trial on liability—and vice-versa—so that a single jury can decide overlapping factual issues. A partial new trial is not appropriate "where a tangled or complex fact situation would make it unfair to one party to determine damages apart from liability." *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 455 (3d Cir. 2001). This question depends not only on the "interdependence of the issues," but also "'an overlapping of proof' relevant to those issues." *Encompass Off. Sols., Inc. v. Louisiana Health Serv. & Indem. Co.*, 919 F.3d 266, 276–77 (5th Cir.), *cert. denied*, 140 S. Ct. 221 (2019).

Here, issues and facts related to damages are intertwined with and dependent upon issues and facts related to liability in several respects. For example, any damages calculation will be dependent upon which claims of which asserted patents Apple was found to infringe. But as described above, the verdict form makes it impossible to know which claim(s)—if any—the jury unanimously found were infringed. A new jury therefore will have to first separately assess the infringement and validity of each of the five asserted patents before making a damages determination. Additionally, any reasonable royalty assessment will necessarily depend on what the jury determines about the scope of the alleged inventions, how important the alleged inventions are over the prior art, whether the patents were actually essential to the standard, the extent to which Apple has made use of the alleged inventions, and the purported value of that use to Apple's products—all issues that overlap with questions of liability. Where, as here, the issues tried are "so interwoven . . . that [one] cannot be submitted to the jury independently of the [others] without

8

confusion and uncertainty," the grant of a new trial on any liability issue should result in a new trial on damages; to do otherwise "would amount to a denial of a fair trial." *See Gasoline Prods.*, 283 U.S. at 500–01; *Yarbrough v. Sturm, Ruger & Co.*, 964 F.2d 376, 380 (5th Cir. 1992) (affirming grant of new trial on all issues where "liability finding . . . apparently was deliberately made to reach a certain amount of damages").

*Finally*, if the Court grants a new trial on infringement, it should also order a new trial on invalidity. Apple's experts explained that Apple does not infringe the asserted patents but that, to the extent the claims were stretched to read on Apple's products, they were invalid. *See, e.g.*, 8/7/2020 Sealed AM Tr. at 9:21-10:11, 22:22-25:1, 33:25-39:5; 8/7/2020 Tr. at 793:18-794:6, 812:22-813:1, 814:12-20, 816:4-24, 827:5-22, 829:18-24. A single jury should thus decide these overlapping issues. *See Witco Chem. Corp. v. Peachtree Doors, Inc.*, 787 F.2d 1545, 1549 (Fed. Cir. 1986) ("[I]t is inappropriate … to have one jury return a verdict on the validity, [and] enforceability … questions while leaving the infringement questions to a second jury .… [T]he arguments against infringement are indistinguishably woven with the factual underpinnings of the validity and enforceability determinations.").

## IV.   CONCLUSION

For the foregoing reasons, the Court should set aside the jury verdict and order a new trial in this matter.

Respectfully submitted,

Dated: March 25, 2021  /s/ *Mark D. Selwyn*

Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Mindy Sooter (*pro hac vice*)
mindy.sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Facsimile: (720) 274-3133

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
joseph.mueller@wilmerhale.com
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX  75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 25, 2021.

        */s/ Melissa R. Smith*