# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No. 2:19-cv-66-JRG<br><br>JURY TRIAL |

**PLAINTIFFS' MOTION TO STRIKE APPLE'S MOTIONS FOR NEW TRIAL PURSUANT TO LOCAL RULE CV-7(A)(2)**

Apple has filed 5 motions for a new trial totaling 68 pages of briefing and 61 pages of briefing on JMOL.  Plaintiffs request that the Court strike each of Apple's motions for new trial beyond its first filed motion, which is 15 pages in length.  During meet and confer on the schedule for briefing, Apple affirmatively stated that it would not seek leave for excess pages.  Its conduct is improper.

Apple's 68-pages of requests to the court for a new trial are in direct violation of the page limits set forth in Local Rule CV-7(a)(2), which states that:

> Non-dispositive motions shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained. […] Non-dispositive motions include…**motions for new trial pursuant to Fed. R. Civ. P. 59**.

(emphasis added).  The only reasonable reading of the local rule is that motions for new trial must be 15 pages in total.  Otherwise, the page limit would be rendered meaningless; a litigant could file an unlimited number of pages by simply splitting its arguments into separate motions.  That is what Apple has done here.

If Apple believed it needed more pages than provided by the local rules to complete its briefing, there is a clear mechanism to do so.  Motions for leave to file excess pages for non-dispositive motions are expressly considered at Local Rule CV-7(a)(2), as shown above.  Further, local rule CV-7(k) sets out the procedure for motions to leave in detail:

> **Motions for Leave to File**. Motions for leave to file a document should be filed separately and ***immediately before*** the document for which leave is sought. […] If the motion is denied, the document will be struck or, in the case of motions to file a document exceeding page limitations, **the excess pages and attachments cited only therein will not be considered by the court**."

(emphasis added).

It is within the Court's authority to strike Apple's motions.  As this Court has recognized:

> District courts have "broad discretion" to manage their dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Such discretion includes the authority to set page limits on matters submitted to the Court and to strike materials that violate

these page limits. See *Rodgers v. Louisiana Bd. Of Nursing*, 665 F. App'x 326, 328 (5th Cir. 2016) (unpublished) ("The court clearly and unambiguously established page limits ... Accordingly, the court did not abuse its discretion in striking Rodgers' brief.").

*Ironshore Europe DAC v. Schiff Hardin, LLP*, 2018 WL 4183245 (E.D. Tex. Jan. 30, 2018) (Gilstrap, J.). As such, courts routinely strike motions beyond page limits set forth in local rules. *Clark v. Nat'l Equities Holdings, Inc.*, 561 F. Supp. 2d 632, 634 (E.D. Tex. 2006) ("The Plaintiff did not seek leave of court to file the reply brief in excess of the page limitation; accordingly, the court is not inclined to consider the reply and hereby strikes the same.") (Schell, J.); *Nat'l Architectural Prods. Co. v. Atlas-Telecom Servs.-USA, Inc.*, 2007 WL 2051125, at *3 (N.D. Tex. July 13, 2007) ("Because defense counsel has exceeded the page limit for reply briefs without leave to do so, the court will consider only the information included in the first 10 pages of the respective replies."). This is consistent with Rule CV-7(k)'s statement that the Court will not consider excess pages when a motion for leave to file excess pages is not granted.

Plaintiffs have no burden of demonstrating prejudice. Nevertheless, Apple's page limit violation is not harmless. First, the sea of briefing will place significant burden on Court resources, delaying the process of appeal. Second, had Apple filed a motion for leave to file excess pages, the parties would have had to meet and confer regarding the appropriate page limit. This could have coincided with the parties' recent negotiation of a post-trial briefing schedule for oppositions, replies, and sur-replies, to allow adequate time to respond to all of the post-trial issues. At no point during these negotiations did Apple's counsel raise the fact that it sought to file 5 motions for new trial, and, when combined with its JMOL briefing, a total of 129 pages of post-trial briefing.[1] Apple's conduct represents a significant amount of deceptiveness. During the meet and confer process on timing Apple expressly represented that

---

[1] Apple filed 61 pages of JMOL briefing in violation of Local Rule CV-7(a)(3). See Dkts. 554, 555, and 557.

it would not file a motion for excess pages. There is no reason for Apple to hide the ball on the extent of its filings, especially at this stage of the game, except to prejudice Plaintiffs.

As such, Plaintiffs request the Court strike Dkt. Nos. 550, 551, 552, and 553 in their entirety. This remedy will mean that Apple's first filed motion for a new trial is still properly pending before the Court.

Dated: March 26, 2021

Respectfully submitted,

*/s/ Samuel F. Baxter*
Jason Sheasby (pro hac vice)
jsheasby@irell.com
Hong Zhong, PhD
hzhong@irell.com
IRELL & MANELLA LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90064
Phone: (310) 203-7096; Fax: (310) 203-7199

Samuel F. Baxter
Texas State Bar No. 1938000
sbaxter@McKoolSmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
McKOOL SMITH, P.C.
104 E. Houston Street, Suite 300
Marshall, TX 75670
Phone: (903) 923-9000; Fax: (903) 923-9099
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@McKoolSmith.com
McKOOL SMITH, P.C.
300 W. 6th Street Suite 1700
Austin, TX 78701
Phone: (512) 692-8700; Fax: (512) 692-8744
M. Jill Bindler
Texas Bar No. 02319600
jbindler@grayreed.com
GRAY REED & MCGRAW LLP
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Phone: (214) 954-4135; Fax: (469) 320-6901

**ATTORNEYS FOR PLAINTIFFS OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, AND PANOPTIS PATENT MANAGEMENT, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served via the Court's ECF system on all counsel of record on March 25, 2021.

*/s/ Samuel F. Baxter*
Samuel F. Baxter

## CERTIFICATE OF CONFERENCE

Counsel for the parties have discussed this motion by phone in an effort to resolve their differences. Those discussions have ended in impasse. This motion is opposed by Apple.

*/s/ Samuel F. Baxter*
Samuel F. Baxter