# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No. 2:19-cv-00066-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>**ORAL ARGUMENT REQUESTED** |

**APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE MOTIONS FOR NEW TRIAL AND, IN THE ALTERNATIVE, <u>REQUEST FOR LEAVE TO FILE</u>**

Apple properly filed five timely Rule 59 motions of less than 15 pages, all raising distinct issues that each require a new trial. This number is reasonable given the complexity of the case, the number of asserted patents, the bifurcated nature of the trial (bench and jury), and the number of issues to address. It also complies with Local Rule CV-7(a)(2). Indeed, Plaintiffs' new reading of that rule conflicts with their own practice earlier in this case, exposing their motion for what it is: an improper attempt to shield the merits from the Court's scrutiny. This would be improper in any case, let alone a case of this import involving a half-billion-dollar damages award. Apple respectfully submits that the Court should reject Plaintiffs' effort.

First, as context, Apple's five motions for a new trial—each of which is within the 15-page limit of Rule CV-7(a)(2)—are directed to five distinct sets of issues that arose in the bench and jury trials, namely:

- Motion No. 1 seeks a new trial on all issues due to improper exclusion of evidence of Plaintiffs' FRAND obligations.

- Motion No. 2 seeks a new trial on all issues due to unfair prejudice arising from evidentiary rulings regarding purported "willfulness."

- Motion No. 3 seeks a new trial on infringement due to unfair prejudice arising from the Court's rulings regarding expert testimony.

- Motion No. 4 seeks a new trial on damages due to improper jury instructions and admission of expert testimony.

- Motion No. 5 seeks a new trial on all issues if judgment as a matter of law or a new trial is granted as to any one issue, based on the structure of the verdict form and the Seventh Amendment.

Second, Plaintiffs incorrectly assert that Apple's new trial motions are in "direct violation" of Local Rule CV-7(a)(2). (Mot. at 1.) On the contrary, that rule expressly provides that a non-dispositive motion, including a motion for new trial pursuant to Fed. R. of Civ. P. 59, "shall not exceed fifteen pages." Local Rule CV-7(a)(2). None of Apple's motions exceed fifteen pages, and thus are in accord with the explicit text of the Rule.

The gist of the Plaintiffs' new argument seems to be that Rule CV-7(a)(2) somehow limits a party to a single motion for a new trial. But Rule CV-7(a)(2) does not say that, nor does it impose an overall page limit if more than one brief is filed or require that all bases for request for relief be contained in a single filing--in notable contrast to other rules, which do contain such limitations. *Cf.* Local Rule CV-7(a)(3) (stating that if a party files more than one summary judgment motion, the party is limited to 60 pages collectively); Local Rule CV-7(m) (stating that "[m]otions *in limine* should be contained within a single document subject to the page limitations of Local Rule CV-7(a)(2) for non-dispositive motions"). Instead, Local Rule CV-7(a) generally requires that each motion "must be filed *as a separate document*" (emphasis added), which is what Apple did here.

Third, Plaintiffs' new position on Local Rule CV-7(a)(2) is surprising given that, before trial, both parties filed multiple *Daubert* motions and motions to strike pursuant to the same rule—with Plaintiffs filing far more motions than Apple. Indeed, Plaintiffs filed 12 separate *Daubert* motions and motions to strike totaling 136 pages, clearly indicating they understood Local Rule CV-7(a)(2) in the same way as Apple does. Notably, Plaintiffs went even further: unlike Apple, they filed multiple *Daubert* motions directed to the *same* expert—all without seeking leave of Court. For example, Plaintiffs filed four separate motions totaling 47 pages against Apple's expert Dr. Buehrer, three separate motions totaling 29 pages against Apple's expert Dr. Wells, and two separate motions totaling 28 pages against Apple's expert Dr. Lanning, as shown in the following table:

| Apple Expert | Docket No. | Motion |
|---|---|---|
| Dr. Buehrer | Dkt. 176 | 14-page motion to exclude and strike portions of Dr. Buehrer's rebuttal report on the '284 patent |
| | Dkt. 177 | 15-page motion to exclude and strike portions of Dr. Buehrer's opening report on the '284 patent |

2

|            | Dkt. 179 | 7-page motion to exclude and strike portions of Dr. Buehrer's opening report regarding invalidity of the '154 patent |
|------------|----------|---|
|            | Dkt. 181 | 11-page motion to exclude and strike portions of Dr. Buehrer's rebuttal report regarding noninfringement of the '154 patent |
| Dr. Wells  | Dkt. 166 | 13-page motion to strike portions of Dr. Wells opening report regarding invalidity of the '833 and '774 patents and 3GPP processes |
|            | Dkt. 183 | 8-page motion to exclude and strike portions of Dr. Wells' rebuttal report regarding noninfringement of the '774 patent |
|            | Dkt. 184 | 8-page motion to exclude and strike portions of Dr. Wells' rebuttal report regarding noninfringement of the '833 patent |
| Mr. Lanning | Dkt. 172 | 13-page motion to strike and exclude portions of Mr. Lanning's rebuttal reports regarding non-infringement of the '332 and '557 patents |
|            | Dkt. 173 | 15-page motion to exclude and strike portions of Mr. Lanning's opening reports regarding invalidity of the '332 and '557 patents |

Plaintiffs never attempt to explain why they now believe Apple cannot file multiple Rule 59 motions, but they were able to file multiple *Daubert* motions and motions to strike before trial. Such a double standard is not supported by the Rules.

Fourth, these motions are not excessive but instead are necessary in light of the large number of issues presented—the jury trial alone involved five asserted patents and, for each patent, questions of both invalidity and noninfringement (including alleged indirect infringement and willfulness), as well as a $506 million damages claim. The bench trial involved a variety of other issues. The bifurcation of issues across the two trials affected the presentation of evidence and increased the overall complexity of the case.

Fifth, other parties appearing before this Court have also filed multiple motions for new trial without seeking leave. *See, e.g.*, *Rembrandt Wireless Techs. v. Samsung Elecs. Co., Ltd.*, 2:13-cv-00213-JRG, Dkts. 328, 329 (defendants filed a combined Rule 50 and 59 motion on damages issues and a combined Rule 50 and Rule 59 motion on liability issues); *SSL Servs., LLC v. Citrix Sys., Inc.*, 2:08-cv-158, Dkts. 299, 302, 304 (defendants filed a combined Rule 50 and 59 motion on damages issues, a combined Rule 50 and 59 motion on liability issues, and combined

3

Rule 50 and 59 motion on willfulness issues); *Garrison Realty, LP v. Fouse Architecture & Interiors, P.C.*, 2:10-cv-576-JRG, Dkts. 146, 147 (defendant filed a combined motion to modify judgment or, in the alternative, motion for new trial and a supplemental motion for new trial); *OPTi Inc. v. Silicon Integrated Sys. Corp.*, 2:10-cv-279-JRG, Dkts. 321, 322, 324, 325, 326 (defendant filed two motions for new trial and JMOL motions that sought a new trial in the alternative).

Sixth, despite Plaintiffs' own prior practice under the very same Rule in this same case, Plaintiffs now falsely accuse Apple of "deceptiveness" because Apple stated that it would not seek leave for excess pages for motions for new trial. There was no deceptiveness. Apple did not seek leave for excess pages because it was operating within what the Rules permit on their face and the parties' prior practice in this case. Plaintiffs tellingly cite no case indicating that Apple's understanding of the Rules—which Plaintiffs likewise followed when it suited them—was in any way incorrect.

For all these reasons, Apple respectfully requests that the Court deny Plaintiffs' motion to strike.[1] To the extent the Court issues a new interpretation of the Rule permitting a party to file only a single new trial motion of 15 pages, however, Apple asks that the Court construe this opposition as a motion for leave to file its new trial motions as submitted. Either way, Apple respectfully submits that Plaintiffs' attempt to shield the judgment from a full merits analysis is improper, and that the Court should proceed to conduct that analysis.

---

[1] Plaintiffs also note that Apple's JMOL briefing is one page over the Rules' 60-page limit. This was inadvertent, and Apple is separately filing a motion to file a corrected version of its JMOL Motion #2 removing the extra page.

|||
|---|---|
| | Respectfully submitted, |
| Dated:  March 29, 2021 | /s/ *Mark D. Selwyn* |

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX  75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Mindy Sooter (*pro hac vice*)
mindy.sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO  80202
Telephone:  (720) 274-3135
Facsimile:  (720) 274-3133

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
joseph.mueller@wilmerhale.com
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

>Brittany Blueitt Amadi (*pro hac vice*)
>brittany.amadi@wilmerhale.com
>WILMER CUTLER PICKERING
>  HALE AND DORR LLP
>1875 Pennsylvania Avenue NW
>Washington, DC  20006
>Telephone:  (202) 663-6000
>Facsimile:  (202) 663-6363
>
>
>*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on March 29, 2021 on all counsel who have consented to electronic service.

>*/s/ Melissa R. Smith*