**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>     Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>     Defendant. | Civil Action No. 2:19-cv-00066-JRG<br><br>**JURY TRIAL DEMANDED**<br><br><br>**ORAL ARGUMENT REQUESTED** |

**APPLE INC.'S MOTION FOR A NEW TRIAL #1 ON ALL ISSUES DUE TO**
**IMPROPER PRECLUSION OF EVIDENCE OF PLAINTIFFS' FRAND OBLIGATION**

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ...................................................................................................................1

II.  BACKGROUND .....................................................................................................................4

   A.  Apple Consistently Argued That The Jury Should Hear How Plaintiffs' FRAND
       Obligations Affect Their Entitlement To A Reasonable Royalty ...........................4

   B.  The Court Precluded Damages Experts From Discussing FRAND Before The
       Jury ...........................................................................................................................7

   C.  Apple Further Preserved Its Position Through Its Offer Of Proof And At The
       Charge Conference ...................................................................................................8

   D.  The Court's Order Following The Bench Trial ........................................................9

III.  ARGUMENT ...........................................................................................................................9

   A.  A New Trial Is Required ...........................................................................................9

   B.  The Court's Waiver Holding Is Legally And Factually Erroneous .......................11

IV.  CONCLUSION ......................................................................................................................15

████████████████

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Aero Int'l, Inc. v. U.S. Fire Ins. Co.*, 713 F.2d 1106 (5th Cir. 1983)............................................10

*Allied Chem. Corp. v. Mackay*, 695 F.2d 854 (5th Cir. 1983).......................................................15

*Bay Area Roofers Health & Welfare Tr. v. Sun Life Assurance Co. of Can.*, No. 13-CV-04192-WHO, 2013 WL 6700017 (N.D. Cal. Dec. 19, 2013)...........................3, 14

*Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352 (Fed. Cir. 2004)....................................15

*Co-Efficient Found. v. Woods*, 171 F.2d 691 (5th Cir. 1948)........................................................13

*Core Wireless Licensing S.a.r.l. v. Apple, Inc.*, No. 6:12-cv-00100-JRG (E.D. Tex. April 9, 2015)..............................................................................................................................14

*Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, No. 2:14-cv-00912-JRG (E.D. Tex. Feb. 27, 2019)..............................................................................................................14

*DH Tech., Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333 (Fed. Cir. 1998) ...................................15

*Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc.*, 332 F.3d 264 (4th Cir. 2003) ..................................................................................................................................3

*Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201 (Fed. Cir. 2014).........................5, 9, 10, 14

*Evolved Wireless, LLC v. Apple, Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 831112 (D. Del. Feb. 21, 2019) ...........................................................................................14

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) ...................................................................................................................................14

*Giles v. Gen. Elec. Co.*, 245 F.3d 474 (5th Cir. 2001).............................................................4, 15

*Ingraham v. United States*, 808 F.2d 1075 (5th Cir. 1987) .............................................................4

*Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412 (5th Cir. 2020)..........................10

*Lucas v. United States*, 807 F.2d 414 (5th Cir. 1986)...................................................................15

*Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002) ..................................................................13

*Pasco v. Knoblauch*, 566 F.3d 572 (5th Cir. 2009) ......................................................................15

*Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935 (Fed. Cir. 2003) ...................................................................................................................................15

ii

*Rogers v. McDorman*, 521 F.3d 381 (5th Cir. 2008) ...................................................................15

*Shell Oil Co. v. United States*, 896 F.3d 1299 (Fed. Cir. 2018) ...................................................13

*United States v. Jimenez*, 256 F.3d 330 (5th Cir. 2001) ...............................................................13

*Wood v. Milyard*, 566 U.S. 463 (2012) ........................................................................................15

## STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 59 ...........................................................................................................................1

Fed. R. Evid. 103(b) .....................................................................................................................13

Rule 8(c) ...................................................................................................................................4, 15

Rule 13 ..........................................................................................................................................13

## OTHER AUTHORITIES

6 Fed. Prac. & Proc. Civ. § 1407 (3d ed.) ...................................................................................13

Apple moves for a new trial on all issues under Fed. R. Civ. P. 59 due to the improper preclusion of evidence of Plaintiffs' FRAND obligation with respect to the asserted patents. This error unfairly prejudiced Apple in presenting its damages defenses and resulted in an unfair trial.

## I.   INTRODUCTION

Plaintiffs are undisputedly obligated to license the patents-in-suit on FRAND terms. The jury, however, was precluded from hearing of this obligation. Instead, Plaintiffs were allowed to present a damages case to the jury that let Plaintiffs hide the FRAND encumbrances of their patents. The Court allowed this on the premise that Plaintiffs, as part of their declaratory judgment claim, would attempt to show that Apple had "forfeited" reliance on Plaintiffs' FRAND commitments—and the Court determined that Apple could not rely on FRAND until Plaintiffs' contention was resolved in a bench trial. The Court was emphatic about structuring the jury trial in this way, stating: "quite honestly, counsel, I don't want to hear the word 'FRAND' or 'fair,' 'reasonable,' or 'non-discriminatory' in front of the jury." 7/27/20 Pretrial Tr. 56:10-58:9. However, the Court recognized that, if it ruled after the bench trial that Plaintiffs were not somehow relieved of their irrevocable FRAND obligation, a new damages trial may be required:

> [I]f the Court finds the Plaintiff has not been relieved of that FRAND obligation in some way because of the conduct of the Defendant, ***then we're going to have a damages number that has no relation to FRAND whatsoever and a bench finding that there's a FRAND obligation on the Plaintiff*.... *I may well have to order a new trial on damages if that's the result of the bench trial*.**

7/27/2020 Pretrial Tr. 61:3-21.[1]

The bench trial demonstrated that Plaintiffs, in fact, were not relieved of their FRAND obligation. The Court in its January 22, 2021 Opinion and Order as to the Bench Trial (Dkt. 538)

---

[1] All emphases added unless otherwise noted.

██████████████████████████

("Order") declined to exercise jurisdiction over Plaintiffs' declaratory judgment claim, and thus eliminated the only basis upon which Plaintiffs had argued that Apple "forfeited" FRAND. Accordingly, the jury should have heard and been instructed on the effect of Plaintiffs' FRAND commitments.

Instead of ordering a new trial, however, the Court held that Apple somehow waived the right to challenge Plaintiffs' damages demand as inconsistent with Plaintiffs' FRAND obligations. The Court stated that Apple should have raised a counterclaim or affirmative defense "as to Optis's FRAND obligations," Order at CL8, even though Apple was not seeking affirmative relief, but instead was seeking to defend against Plaintiffs' exorbitant damages demand. The Court's waiver holding is based on clear errors of fact and law.

*First*, the Order is inconsistent with Apple's repeatedly-stated position on FRAND and the appropriate structure for the bench and jury trials. Contrary to the Order, Apple did not "fail[] to raise any FRAND issue" or stay "strategically silent." Order at CL11, CL12 n.4. Rather, Apple asked—in the Pretrial Order and at the pretrial conference—████████████████ ████████████████████████████ Dkt. 360 (Joint Final Pretrial Order) at 12 █████████████████████████████████████████ ████ 16 ██████████████████████████████████████, 24 ██████████████████████████████████████████ ███████████████████████████; Dkt. 358 at 53-57 (proposing preliminary jury instructions regarding FRAND impact on a reasonable royalty); 7/27/20 Sealed Pretrial Tr. 71:1-11 ████████████████████████ ████████████. The Court rejected this request and was clear that no one—including damages experts—could even mention the word "FRAND" before the jury. 7/27/20 Pretrial Tr. 57:6-9,

59:16-19.  Apple abided by that ruling but, to further preserve its position that the jury should decide the effect of Plaintiffs' FRAND obligations on a reasonable royalty, submitted an offer of proof during trial outlining the FRAND evidence that Apple would have presented.  Dkt. 471. Neither Plaintiffs nor the Court suggested that Apple's proffer was in any way problematic.

In short, Apple repeatedly argued that the jury should decide the question of a FRAND reasonable royalty, but the Court rejected that argument and excluded all mention of FRAND from the jury trial, and Apple preserved its position by, among other things, proffering FRAND evidence that the Court forbade it from showing the jury.  Nothing more was required of Apple to preserve its challenge to Plaintiffs' damages theory as inconsistent with Plaintiffs' FRAND obligations.

*Second*, the Order erred in holding that Apple was required to plead a counterclaim or affirmative defense "as to Optis's FRAND obligations."  Order at CL9-10.  An affirmative defense involves an "assertion raising new facts and arguments that, if true, will defeat the plaintiff's … claim, even if all allegations in the complaint are true."  *Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc.*, 332 F.3d 264, 271 (4th Cir. 2003) (quotation omitted).  By contrast, "a defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Bay Area Roofers Health & Welfare Tr. v. Sun Life Assurance Co. of Can.*, No. 13-CV-04192-WHO, 2013 WL 6700017, at *2 (N.D. Cal. Dec. 19, 2013) (quotation omitted).  Here, in seeking to admit evidence regarding Plaintiffs' FRAND commitment, Apple was not seeking affirmative relief, but instead sought to contradict Plaintiffs' case-in-chief by showing why they were not entitled to their exorbitant damages demand.  There was no legal need for Apple to assert a counterclaim or affirmative defense to present evidence rebutting Plaintiffs' non-FRAND damages claim.

In any event, even if Apple had been required to raise an affirmative defense or

████████████████████████████

counterclaim, a technical failure to comply with Rule 8(c) is not fatal "where an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987) (quotation omitted).  Apple raised its FRAND reasonable royalty arguments from the start; both sides' experts factored Plaintiffs' FRAND commitment into their reasonable royalty analysis; and Apple specifically listed ████████████ ████████████████████████████████████████ as a jury issue in the Joint Pretrial Order and explained that ███████████████████████████████████████████. Dkt. 360 at 12, 16, 24; Dkt. 358 at 53-57.  This was more than sufficient to preserve the argument. *See, e.g.*, *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 492 (5th Cir. 2001) (holding that defendant did not waive argument included "as a contested issue of law in the joint pretrial order").  Plaintiffs responded with lengthy counterarguments but never claimed—nor could they have claimed—any unfair surprise at Apple's position that Plaintiffs' royalty demand was limited by their FRAND obligations.

For all these reasons, the finding that Apple waived a FRAND argument was erroneous and unjust.  Apple respectfully requests a new trial where Apple may introduce evidence of the effect of Plaintiffs' FRAND obligations on the reasonable royalty to a properly-instructed jury.

## II.   BACKGROUND

### A.   Apple Consistently Argued That The Jury Should Hear How Plaintiffs' FRAND Obligations Affect Their Entitlement To A Reasonable Royalty

Apple argued throughout that Plaintiffs' FRAND obligations limit any reasonable royalty, and that the jury should hear that.  Dkt. 110 (Apple's Answer) at 25 (incorporating into "Fifth Defense" Apple's response to Interrogatory No. 22); Ex. 1 (Apple's Aug. 22, 2019 Response To Interrogatory No. 22) at 88 ████████████████████████████████████ ████████████████████████████████████████████████████████████

███████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████. Dkt. 26 (Am. Compl.) ¶ 142 ("The

original assignee of the Plaintiffs' standard essential patents … voluntarily declared that they are

prepared to grant licenses on terms that are [FRAND], in compliance with the ETSI IPR Policy.");

*see also* Ex. 2 (Borghetti Rpt.) ¶ 12; Ex. 3 (Kennedy Rpt.) ¶ 635.

      The parties' Joint Pretrial Order presented their positions on the issues to be tried to the

jury or to the bench.  Dkt. 360.  The parties agreed that ████████████████████████████

should go to the jury.  *Id.* at 4.  Notably, Plaintiffs did not dispute that the question of a FRAND

reasonable royalty should be tried to the jury. █████████████████████████████

██████████████████████████████████████████████████

██████████████████ *Id.* at 5 ████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

      Apple, in turn, made clear in the Joint Pretrial Order that ████████████████████

██████████████████████████████████████████████████

█████████████████████████████████ Dkt. 360 at 12.  Citing *Ericsson, Inc.*

*v. D-Link Systems, Inc.*, 773 F.3d 1201, 1231 (Fed. Cir. 2014), Apple explained that █████████

█████████████████████████████████████████ Dkt. 360 at 16

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████ The  Joint  Pretrial  Order  also  plainly  states: █████████████████

██████████████████████████████████████████████████



*Id.* at 24.  Further, Apple submitted preliminary jury instructions stating how Plaintiffs' FRAND commitment factored into a reasonable royalty determination.  Dkt. 358 at 53-57.  At no time in the run up to trial did Plaintiffs or the Court suggest that these contentions were waived or required an affirmative defense or counterclaim.[2]

At the pretrial conference, Plaintiffs argued that

Specifically, Plaintiffs sought

Dkt. 360 at 5-9.

Apple explained that

7/27/20 Sealed Pretrial Tr. 71:1-20.

**B.**   **The Court Precluded Damages Experts From Discussing FRAND Before The Jury**

During the pretrial conference, Plaintiffs confirmed that they expected to try their declaratory judgment claim (Count VIII) to the bench. 7/27/20 Pretrial Tr. 54:17-55:3. The Court then ruled not only that the declaratory judgment claim would be tried to the bench, but that all FRAND issues were out-of-bounds in the jury trial:

> So we're going to try the declaratory judgment claims of Count 8 to the bench. We're not going to try them to the jury. And that includes any allegations of bad faith or holdout by Apple. That also includes any issues of whether Optis complied with its FRAND obligations.
>
> Apple has not sought a breach of contract claim asserting a failure to comply with FRAND. And, *quite honestly, counsel, I don't want to hear the word "FRAND" or "fair," "reasonable," or "non-discriminatory" in front of the jury*.

*Id.* at 56:10-58:9. Importantly, the Court did not just exclude FRAND issues bearing on Plaintiffs' declaratory judgment claim. The Court also forbade the parties' damages experts from testifying about how FRAND impacts a reasonable royalty—a point both experts had opined on in their reports. 7/27/20 Pretrial Tr. 59:16-19 ("And the expert witnesses who have opined about FRAND and whether FRAND impacts or doesn't impact their damages analysis are not going to testify about FRAND before the jury.").

Finally, the Court acknowledged that, if Plaintiffs ultimately lost their declaratory judgment claim at the bench trial, a new jury trial on damages might be needed, because the jury's verdict would contain a "damages number that has no relation to FRAND whatsoever":

> What bothers me about this, quite honestly, counsel -- and these are your choices, not my choices. …
>
> [W]e're going to get a reasonable royalty damages number. Then we're going to have a bench trial on FRAND.
>
> And if the Court finds there is a FRAND obligation and if the Court finds the



Plaintiff has not been relieved of that FRAND obligation in some way because of the conduct of the Defendant, ***then we're going to have a damages number that has no relation to FRAND whatsoever and a bench finding that there's a FRAND obligation on the Plaintiff.***

And so I may well have to declare -- ***I may well have to order a new trial on damages if that's the result of the bench trial.***

*Id.* at 61:3-21.

### C.   Apple Further Preserved Its Position Through Its Offer Of Proof And At The Charge Conference

Apple abided by the Court's ruling excluding all mention of FRAND at trial.  To preserve its position, Apple submitted an offer of proof regarding the evidence that, had the Court allowed it, Apple would have used to show that Plaintiffs' demand for patent infringement damages should be limited by their FRAND obligations.  Dkt. 471.  Apple's proffer included:



During the charge conference, Apple objected to the Court's inclusion of *Georgia-Pacific* factors

████████████████████████

that are not relevant to FRAND royalty rates, including factor five (the commercial relationship between the licensor and the licensee). *See* 8/10/20 Tr. 943-944; *Ericsson*, 773 F.3d 1201 at 1230-31 (stating that factor 5 "is irrelevant" in FRAND cases where the patent holder "must offer licenses at a non-discriminatory rate"). Apple stated its objection "in the event this matter were … tried with respect to the FRAND issue." 8/10/20 Tr. 943-944. The Court overruled Apple's objection. *Id.*

The jury awarded $506.2 million in damages. As the Court predicted at the pretrial conference, that damages number "[had] no relation to FRAND whatsoever." 7/27/20 Pretrial Tr. 61:17; Dkt. 528 (Apple's Proposed Findings of Fact and Conclusions of Law) at FF261-FF269

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ .

### D.    The Court's Order Following The Bench Trial

The Court's Order after the bench trial declined to exercise jurisdiction over Plaintiffs' declaratory judgment claim. Order at CL7. In so doing, the Court eliminated the only basis upon which Plaintiffs had argued that Apple forfeited FRAND. Dkt. 26 at 107-08. Even so, despite having previously acknowledged that a new trial on damages may be necessary if Plaintiffs lost their declaratory judgment claim, the Court concluded that "Apple ha[d] waived its ability to challenge the jury verdict as inconsistent with Optis's FRAND obligations." Order at CL8.

## III.   ARGUMENT

### A.    A New Trial Is Required

Plaintiffs' FRAND commitment is highly relevant to the amount of a reasonable royalty. Because a FRAND commitment "limits the market value to (what the patent owner can reasonably

charge for use of) the patented technology," the Court "must inform the jury what commitments have been made and of its obligation (not just option) to take those commitments into account when determining a royalty award." *Ericsson*, 773 F.3d at 1231.  But here, the Court excluded all evidence of Plaintiffs' FRAND commitment and refused to instruct the jury on how FRAND affected a reasonable royalty.  The jury thus could not and did not consider essential elements bearing on the damages inquiry.  After the bench trial Order eliminated the only arguable basis for excluding evidence of Plaintiffs' FRAND commitment, it was clear that—as the Court predicted— a new trial was needed at which a jury would measure damages in view of Plaintiffs' FRAND commitment.  7/27/20 Pretrial Tr. 61:13-21; *see Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 417 (5th Cir. 2020) ("A court may grant a new trial when there is an erroneous evidentiary ruling at trial."); *Aero Int'l, Inc. v. U.S. Fire Ins. Co.*, 713 F.2d 1106, 1113 (5th Cir. 1983) ("A new trial is the appropriate remedy for prejudicial errors in jury instructions.").

At a minimum, a retrial on damages is required.  But a retrial on all issues would be appropriate, given that the Court's exclusion of any mention of FRAND had prejudicial effects that went beyond damages.  For example, ████████████████████████████████████
████████████████████████████████████████  That argument was both factually incorrect and highly inflammatory, and under the Court's trial structure Apple had no ability to provide a counter-narrative based on Plaintiffs' contravention of its FRAND commitments.  This subject is further discussed in Apple's motion for new trial #2 based on the trial structure for willfulness issues, filed contemporaneously herewith.

In sum, the Court should order a new trial at which Apple can raise FRAND and a properly-instructed jury can evaluate all issues—on both the patent merits and patent damages—in view of the full context, including plaintiff's FRAND commitments.  *See* Apple Motion for a New Trial

██████████████████████████████████
█████████████████████████

#5.

**B.    The Court's Waiver Holding Is Legally And Factually Erroneous**

The Court refused to order a new damages trial only because it determined that Apple waived its challenge to the damages award as inconsistent with Plaintiffs' FRAND obligations. That determination is erroneous.

**1.    *Apple Repeatedly Preserved Its Position That Any Reasonable Royalty Must Comply With Plaintiffs' FRAND Obligations.***

The Court clearly erred in holding that Apple "failed to raise any FRAND issue."  Order at CL11.  Apple argued throughout this case that Plaintiffs' FRAND obligations affected a reasonable royalty for patent infringement.  In the Joint Pretrial Order, Apple expressly listed ████████████████████████████████ as a jury issue.  Dkt. 360 at 12. Apple further explained that ██████████████████████████████████ ████████, *id.* at 16, and that ██████████████████████████ ██████████████████████████████████ *id.* at 24. Plaintiffs themselves admitted that ███████████████████ ████████████████████████ *Id.* at 5.  Apple also submitted preliminary jury instructions on the effect of FRAND on a reasonable royalty.  Dkt. 358 at 53-57.

The Court rejected Apple's argument that the jury should consider FRAND in setting a reasonable royalty.  Instead, based on Plaintiffs' own decision to try their separate declaratory judgment claim (Count VIII) to the bench, the Court structured the jury and bench trials such that all FRAND issues—not only Plaintiffs' declaratory judgment claim, but also the effect of FRAND obligations on a reasonable royalty—were tried to the bench.  The Court explicitly forbade mention of the word "FRAND" to the jury—even through the parties' damages experts.  7/27/20 Pretrial Tr. 57:6-9 ("[Q]uite honestly, counsel, I don't want to hear the word 'FRAND' or 'fair,'

11

████████████████████████████████████████

'reasonable,' or 'non-discriminatory' in front of the jury."), 59:16-19 ("And the expert witnesses who have opined about FRAND and whether FRAND impacts or doesn't impact their damages analysis are not going to testify about FRAND before the jury."). At that point, the Court explicitly acknowledged that, if Plaintiffs lost their declaratory judgment claim at the bench trial, there may need to be a new jury trial on damages. 7/27/20 Pretrial Tr. 61:13-21. Apple accepted this ruling but preserved its position through its offer of proof. Dkt. 471.

Apple thus was as clear as could be that it wanted to present evidence to the jury on Plaintiffs' FRAND obligations and how they affected any reasonable royalty. But once the Court unambiguously rejected Apple's position, Apple could hardly have pressed the issue further. Apple's compliance with the Court's final ruling does not waive the right to challenge the jury's reasonable royalty determination as inconsistent with Plaintiffs' FRAND obligations.

The Order's statement that Apple engaged in "strategic silence" to gain a litigation advantage, CL12 n.4, is inconsistent with the record and the Court's own rulings.[3] Apple made its request known, as even Plaintiffs acknowledged: ████████████████████████████████████

████████████████████████████████████████████████████ Dkt. 360 at 5.

---

[3]The Court's statement that "[b]y acquiescing in Optis's request that Count VIII be tried to the bench, the serious allegations of bad faith or holdout by Apple would not be presented to the jury" (CL12 n.4) is incorrect. Apple agreed that Count VIII should be tried to the bench, but did not "acquiesc[e]" to the question of a FRAND reasonably royalty being withheld from the jury—as described above, Apple repeatedly argued that the jury should decide that question but was overruled. ████████████████████████████████████████████████████████ 7/29/20 Sealed Pretrial Tr. 11:9-14 ████████████████████████████████ Moreover, as the Court noted during the pretrial conference, it was *Plaintiffs* that sought to splice their declaratory judgment claim such that it would be tried to the bench, but evidence of Apple's alleged bad faith would be presented to the jury. 7/27/20 Pretrial Tr. 57:13-17. Apple, by contrast, sought to exclude evidence of the parties' actual negotiations because those communications were covered by the parties' nondisclosure agreement. 7/29/20 Pretrial Tr. 33:12-34:6, 38:10-21, 39:21-40:2, 42:10-13, 43:3-17.

Holding that a party somehow forfeits an issue that it repeatedly presented to the Court—in writing through the Joint Pretrial Order, orally at the pretrial conference, and through an offer of proof—is manifestly unjust. *See* Fed. R. Evid. 103(b) ("Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal."); *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002) ("The pre-trial objection is sufficient to preserve the error for appellate review."); *United States v. Jimenez*, 256 F.3d 330, 343 (5th Cir. 2001) ("[E]xcluded evidence is sufficiently preserved for review when the trial court has been informed as to what counsel intends to show by the evidence and why it should be admitted … [This] rule has particular force when the trial court makes clear that it does not wish to hear further argument on the issue." (quotation omitted)).

### 2. Apple Was Not Required To Plead A Counterclaim Or Affirmative Defense In Order To Controvert Plaintiffs' Damages Demand With Evidence Of Plaintiffs' FRAND Obligations

Contrary to the Order, Apple was not required to plead a counterclaim or affirmative defense to argue that Plaintiffs' FRAND obligations limited the amount they can seek as damages for patent infringement.  A counterclaim is required only when a party seeks affirmative relief. *Co-Efficient Found. v. Woods*, 171 F.2d 691, 694 (5th Cir. 1948) ("Counterclaim[s] … are in the nature of affirmative remedies which the defendant has the burden of pleading and proving."); *see also* 6 Fed. Prac. & Proc. Civ. § 1407 (3d ed.) ("Because counterclaims and crossclaims seek affirmative relief, the burden of pleading them is on the party attempting to make use of Rule 13."). An affirmative defense is required when a party admits allegations in the complaint but asserts that there is no right to recovery. *See Shell Oil Co. v. United States*, 896 F.3d 1299, 1315 (Fed. Cir. 2018) ("[D]efenses that admit the allegations of the complaint but suggest some other reason why there is no right of recovery [or] concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by simple denial in the answer are considered affirmative

defenses." (quotation omitted)).

Neither applies here. Apple was not seeking affirmative relief related to Plaintiffs' FRAND obligations, nor was Apple's FRAND evidence somehow outside of Plaintiffs' affirmative case-in-chief. Rather, Apple's evidence was relevant to showing that Plaintiffs had not met their burden of proving that their damages demand was a reasonable royalty for infringement of the patents-in-suit. *See Bay Area Roofers*, 2013 WL 6700017, at *2 ("[A] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." (quotation omitted)). The undisputed commitment to license the patents on FRAND terms is highly relevant to determining a reasonable royalty under the hypothetical negotiation framework of *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). *See Ericsson*, 773 F.3d at 1231 (a jury must consider "what commitments have been made" when determining a reasonable royalty and "take those commitments into account"); *Evolved Wireless, LLC v. Apple, Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 831112, at *7 (D. Del. Feb. 21, 2019) ("The FRAND obligation determines the reasonableness of a royalty or license, and the jury will be instructed to that effect."); *see also* Federal Circuit Bar Association Model Patent Jury Instructions (May 2020) at § 5.1. Evidence of a party's FRAND commitment is routinely admitted in cases regardless of whether the defendant pled an affirmative defense or counterclaim about FRAND obligations. *See, e.g.*, Ex. 4, *Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc.*, No. 2:14-cv-00912-JRG (E.D. Tex. Feb. 27, 2019), Dkt. 128 at 19-22 (providing a FRAND instruction even though no FRAND affirmative defense or counterclaim was pled); ; Ex. 5, *Core Wireless Licensing S.a.r.l. v. Apple, Inc.*, No. 6:12-cv-00100-JRG (E.D. Tex. April 9, 2015), Dkt. 428 at 63:4-23 (instructing jury that plaintiff committed to license the patents on FRAND terms despite no FRAND affirmative defense or counterclaim). Apple's plan to offer evidence of Plaintiffs'

FRAND obligations as part of its response to Plaintiffs' exorbitant non-FRAND damages demand

was neither unexpected nor surprising to Plaintiffs. *See* Dkt. 360 at 4-5.[4]

Moreover, even if the Order were correct that Apple's argument regarding the effect of

Plaintiffs' FRAND obligations on their ability to recover patent damages were a counterclaim or

affirmative defense (it was neither), Apple's discussion in the Joint Pretrial Order preserved it.[5]

## IV.   CONCLUSION

The Court should order a new trial where Apple is not forbidden from mentioning the effect

of Plaintiffs' FRAND obligations on the reasonable royalty to a jury properly instructed to consider

it.

---

[4] The cases cited in the Order (at CL9) are not to the contrary. *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935 (Fed. Cir. 2003), and *Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352 (Fed. Cir. 2004), hold only that a patent owner's counterclaims for ***patent infringement*** are compulsory in response to an accused infringer's declaratory judgment action ***for noninfringement***. *See Polymer*, 347 F.3d at 938; *Capo*, 387 F.3d at 1356. Neither case suggests that an accused infringer sued for damages for patent infringement must counterclaim that the plaintiff's reasonable royalty demand is inconsistent with its FRAND obligations. The Order (CL10) also cites *DH Tech., Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333, 1344 (Fed. Cir. 1998), and *Wood v. Milyard*, 566 U.S. 463, 470 (2012), but both cases deal with defenses—license and statute of limitations—that Federal Rule of Civil Procedure 8(c) expressly lists as affirmative defenses. These cases do not suggest that Apple's reliance on Plaintiffs' FRAND obligations to dispute Plaintiffs' damages theory under *Georgia-Pacific* was an affirmative defense. Besides not being listed in Rule 8(c), Apple's argument is simply an example of evidence controverting Plaintiffs' prima facie damages case.

[5] *See Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009) ("[W]e … have found no waiver where no evidence of prejudice exists and sufficient time to respond to the defense remains before trial."); *Rogers v. McDorman*, 521 F.3d 381, 386 (5th Cir. 2008) (holding unpled *in pari delicto* defense not waived where, *inter alia*, plaintiffs knew that the argument "was at issue, as they contested its applicability in a pretrial brief"); *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 492 (5th Cir. 2001) (holding unpled statutory damages cap defense not waived where asserted as a contested issue of law in joint pretrial order); *Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986) (holding unpled statutory damages cap defense not waived where raised at trial); *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 856 (5th Cir. 1983) (holding unpled usury defense not waived where included in pretrial order).

██████████████████████████

Respectfully submitted,

Dated:  March 25, 2021

/s/ *Mark D. Selwyn*
Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Mindy Sooter (*pro hac vice*)
mindy.sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO  80202
Telephone:  (720) 274-3135
Facsimile:  (720) 274-3133

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
joseph.mueller@wilmerhale.com
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363



Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX  75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

*Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on March 25, 2021 on all counsel who have consented to electronic service.

*/s/ Melissa R. Smith*