███████████████████
█████████████████

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | Civil Action No. 2:19-cv-00066-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>████████████████ |

## APPLE INC.'S MOTION FOR A NEW TRIAL #3 ON INFRINGEMENT DUE TO THE UNFAIRLY PREJUDICIAL EFFECTS OF THE COURT'S RULINGS REGARDING EXPERT TESTIMONY

## **TABLE OF CONTENTS**

Page

I.    APPLE IS ENTITLED TO A NEW TRIAL DUE TO THE ERRONEOUS AND UNFAIRLY PREJUDICIAL ADMISSION OF PLAINTIFFS' EVIDENCE. ....................1

    A.    Plaintiffs' Testifying Experts Were Improperly Permitted To Rely On Opinions From Non-Testifying Experts. ................................................................................1

    B.    Plaintiffs' Experts Were Improperly Allowed To Compare Apple's Accused Products To The Patents' Disclosed Embodiments, Rather Than The Asserted Claims. ..........................................................................................................................4

II.   APPLE IS ENTITLED TO A NEW TRIAL DUE TO THE IMPROPER EXCLUSION OF APPLE'S EXPERT TESTIMONY REGARDING THE '284 PATENT'S PROSECUTION HISTORY, WHICH WAS AN ADMITTED EXHIBIT.........................9

III.  CONCLUSION...........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brazos River Auth. v. GE Ionics, Inc.*,
   469 F.3d 416 (5th Cir. 2006) ...................................................................................9, 15

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
   295 F.3d 1277 (Fed. Cir. 2002)..................................................................................6, 8

*Cates v. Creamer*,
   431 F.3d 456 (5th Cir. 2005) ..........................................................................................4

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
   No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017) ..........3

*Factory Mut. Ins. Co. v. Alon USA L.P.*,
   705 F.3d 518 (5th Cir. 2013) ..........................................................................................2

*United States v. Grey Bear*,
   883 F.2d 1382 (8th Cir. 1989) ........................................................................................2

*Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002) .........................................................3

*N. Am. Container, Inc. v. Plastipak Packaging, Inc.*,
   415 F.3d 1335 (Fed. Cir. 2005)....................................................................................15

*Smith v. Transworld Drilling Co.*,
   773 F.2d 610 (5th Cir. 1985) .....................................................................................1, 4

*Thermoplastics Co. v. Faytex Corp.*,
   970 F.2d 834 (Fed. Cir. 1992)........................................................................................6

*Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*,
   19 F.3d 1418 (Fed. Cir. 1994)........................................................................................6

**RULES**

Fed. R. Civ. P. 59..................................................................................................................1

Rule 611 .............................................................................................................................13

Rule 703 ...............................................................................................................................2

▬▬▬▬▬▬▬▬▬▬▬▬

Apple respectfully moves for a new trial under Federal Rule of Civil Procedure 59 due to the improper admission of expert evidence from Plaintiffs, and improper exclusion of expert evidence from Apple. These evidentiary errors unfairly prejudiced Apple in presenting its non-infringement defenses and resulted in an unfair trial. *See Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) ("A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.").

I. **APPLE IS ENTITLED TO A NEW TRIAL DUE TO THE ERRONEOUS AND UNFAIRLY PREJUDICIAL ADMISSION OF PLAINTIFFS' EVIDENCE.**

   A. **Plaintiffs' Testifying Experts Were Improperly Permitted To Rely On Opinions From Non-Testifying Experts.**

In Motion *in Limine* #3, Apple requested that the Court preclude Plaintiffs' testifying experts from relying on the opinions of non-testifying experts—i.e., "channeling" the opinions of experts who did not take the stand. ECF 192 at 4-5. The Court denied the motion. ECF 455 at 10.

Thus, at trial, Plaintiffs' testifying experts, including technical experts Mark Mahon and Vijay Madisetti, offered opinions channeling the opinions of non-testifying experts. In particular, Drs. Mahon and Madisetti ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. 8/4/20 Sealed PM Tr. at 10:3-16, 27:1-4, 115:17-116:2; *id.* at 159:14-20; 8/5/20 Tr. at 416:4-13. Drs. Mahon and Madisetti also ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. 8/4/20 Sealed PM Tr. at 10:3-11:3; *id.* at 159:14-20. And Dr. Madisetti ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ 8/4/20 Sealed PM Tr. at 159:14-20; 8/5/20 Sealed AM Tr. at 36:12-37:24. Because that testimony improperly channeled the opinions of non-testifying

1

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

experts, Plaintiffs should have been precluded from eliciting such testimony without bringing the non-testifying experts to trial. *See Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) ("Rule 703 was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." (citation and internal quotation marks omitted)); *United States v. Grey Bear*, 883 F.2d 1382, 1392-93 (8th Cir. 1989) ("[Rule] 703 does not permit an expert witness to circumvent the rules of hearsay by testifying that other experts, not present in the courtroom, corroborate his views").

The Court's failure to require live testimony from these non-testifying experts caused significant prejudice to Apple. For example, for the '557 patent, the key infringement dispute was whether the Intel and Qualcomm chips in Apple's products select a sequence from a "plurality of sequences … that are ***generated*** from a plurality of base sequences." PX0004 at 9:62-10:15, 10:48-65 (claims 1, 10).[1] At his deposition, Mr. Jones admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 at 136:15-20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; *see also id.* at 140:19-141:4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; *see generally id.* at 133:8-20, 133:23-141:19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But at trial, Dr. Madisetti testified to the contrary: that he "asked [Mr. Jones] for a detailed analysis, so [Dr. Madisetti] did not exclude anything," and that the sequence generation code he relied on for his infringement opinions was actually described in Mr. Jones's report. 8/5/20 Tr. at 416:19-24,

---

[1] Emphasis added unless otherwise noted.

420:5-23; *see also id.* at 415:3-421:20. Despite the obvious conflict between Dr. Madisetti's testimony and the testimony of the source code expert he relied upon, the Court forbade Apple from impeaching Dr. Madisetti with Mr. Jones's prior inconsistent testimony. 8/5/20 Tr. at 421:1-20; *see Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *4 (E.D. Tex. June 20, 2017) (explaining that "Fifth Circuit law find[s] an opponent's expert's statement [in a report] admissible under Rule 801(d)(2)(c)").

With respect to the '774 patent, the key infringement dispute was whether the Apple products "receive" a processing parameter, which Plaintiffs' expert Dr. Mahon ▇▇▇ ▇▇▇ or whether the Apple products instead ▇▇▇ ▇▇▇, as Apple's expert Dr. Wells testified. Plaintiffs' source code expert Mr. Jones testified at his deposition ▇▇▇ ▇▇▇ *See* Ex. 1 at 50:2-8 ▇▇▇ ▇▇▇ ▇▇▇). This testimony directly conflicted with Dr. Mahon's testimony that ▇▇▇ ▇▇▇. *See* 8/4/20 Sealed PM Tr. at 61:21-62:5, 63:23-64:7, 132:13-19; 8/7/20 Tr. at 810:1-811:7. Because Dr. Mahon was allowed to rely on Mr. Jones without his testifying at trial (8/4/20 Sealed PM Tr. at 10:3-16, 27:1-4, 115:17-116:2), Apple was unable to elicit Mr. Jones's contradictory testimony before the jury.

For the '833 patent, the key infringement dispute was whether the Apple products map information row-by-row—as required for infringement of asserted claim 8 (PX0006 at 9:65-

3



10:31)—■■■■. In his expert report, Mr. Jones admitted that the Apple products map information column-by-column.  *See* Ex. 2 ¶ 802 ■■■■); *id.* at ¶ 803 ■■■■.  In contrast, Dr. Madisetti testified that ■■■■ *See, e.g.*, 8/4/20 Sealed PM Tr. at 188:2-199:6; 8/5/20 at Tr. at 460:4-9, 460:24-461:1.  Because Dr. Madisetti was allowed to rely on Mr. Jones without his testifying at trial (8/4/20 Sealed PM Tr. at 159:14-20; 8/5/20 Tr. at 416:4-13), Apple was again unable to elicit Mr. Jones's contradictory opinions before the jury.

Thus, Apple's inability to highlight the contradictory opinions and testimony of these non-testifying experts—on whom Plaintiffs' technical experts relied for their infringement and damages opinions—was error that severely prejudiced Apple and resulted in an unfair trial.  *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005); *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

  **B.** **Plaintiffs' Experts Were Improperly Allowed To Compare Apple's Accused Products To The Patents' Disclosed Embodiments, Rather Than The Asserted Claims.**

In its Motion *in Limine* #6, Apple requested that the Court preclude Plaintiffs from offering any infringement evidence or argument that compared the Apple products to embodiments in the patents-in-suit, rather than the asserted claims.  ECF 192 at 6-7.  The Court denied the motion as overbroad but agreed that it is improper to elicit "testimony about accused product[s] practicing the embodiments of the patent-in-suit." 7/28/20 Pretrial Tr. at 237:7-16; ECF 455 at 11.  At trial, Plaintiffs nonetheless offered testimony directly comparing the Apple products to embodiments in

4

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

the '557 and '284 patent specifications. Apple was prejudiced when the jurors heard improper testimony that confused them as to how infringement can be proven.

As is noted above, one of the key infringement disputes for the '557 patent was whether the Intel and Qualcomm chips in Apple's products "select a sequence … from a plurality of sequences" that are generated, grouped, partitioned, and arranged in a particular way. PX0004 at 9:62-10:15, 10:48-65 (claims 1-10). In an attempt to show that the Apple products satisfy these limitations (they do not), Plaintiffs ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *See* 8/7/20 Sealed AM Tr. at 45:19-47:4. Apple's objection was overruled. *Id.* at 47:5-13. During Plaintiffs' rebuttal, Dr. Madisetti ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

- ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

- ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

8/7/20 Sealed PM Tr. at 76:9-19.

Failure to grant Apple's motion *in Limine* and sustain Apple's objection during testimony caused Apple significant prejudice. Dr. Madisetti was permitted to ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆ *See, e.g.* 8/5/20 Sealed AM Tr. at 18:25-20:24. In doing so, Dr. Madisetti repeatedly

5

▮ *See, e.g.*, *id.* at 19:19-24 ▮ ), 27:15-28:5 (▮ ). This testimony prejudiced Apple by impermissibly inviting the jury to evaluate alleged infringement by comparing the Apple products to an embodiment in the specification, rather than to the asserted claims. *See Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002) ("[I]nfringement is to be determined by comparing the asserted claim to the accused device, not by comparing the accused device to the figures of the asserted patent."); *Thermoplastics Co. v. Faytex Corp.*, 970 F.2d 834, 846 (Fed. Cir. 1992) (same); *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent.").

Dr. Madisetti's discussion of the '557 patent specification and figures did not "educate the jury … considering that patent claims are to be construed in light of the specification," as Plaintiffs alleged in opposing Apple's motion *in Limine*. ECF 355 at 8. Instead, Dr. Madisetti repeatedly ▮. *See, e.g.*, 8/5/20 Sealed AM Tr. at 19:13-18 (▮ ), 19:19-21 ▮ , 19:22-24 ▮

███████████████████

███████████████████

███████████████

), 27:15-28:5 (same); 8/7/20 Sealed AM Tr. at 76:9-77:18 (same).  Thus, Plaintiffs improperly relied on embodiments of the '557 patent not as a tool to understand the claim language, but as an *alternative* to the claim language.  And in closing, Plaintiffs' counsel took full advantage, stating that the Court had somehow said that the patent's second embodiment "must be used" to understand the claim scope.  8/10/20 Tr. at 1006:23-1007:3.  This further misled the jury about how to conduct a proper infringement analysis, thereby prejudicing Apple.

For the '284 patent, Plaintiffs also sought improper testimony from Dr. Mahon and cross-examined Dr. Buehrer comparing the Apple products and the accused standard to Table 3 in the '284 patent, rather than to the asserted claims.  For example, in his analysis of claim 14, Dr. Mahon

███████████████████

███████████:

- ███████████████
- ███████
- ███████████████████
- ███████
- ███████████████████
- ███████████████████
  ███████████████████
  ███████████████████
  ███████████████
- ███████████████████
- ███████████████████
  ███████████████████
  ██████
- ███████████████

7

████████████
████████████
█ ████████████

8/4/20 Sealed PM Tr. at 29:20-30:17; *see also* PDX3.29, PDX3.32. Likewise, Plaintiffs asked Dr. Buehrer to compare Table 3 from the patent to the LTE standard:

> Q. (By Mr. Sheasby) You agree that Table 3 is the same design as -- a similar design to the LTE standard, correct?
>
> A. No.

8/6/20 Tr. at 758:10-12; *see also id.* at 758:13-759:13. Therefore, Plaintiffs' infringement theory impermissibly invited the jury to evaluate alleged infringement by comparing the Apple products to tables in the '284 patent specification, rather than the asserted claims. *See Catalina Lighting*, 295 F.3d at 1286. This misleading argument allowed Plaintiffs to ignore language in the '284 patent claims that requires the first subset of values to have "more values" than the second subset—express claim language that does not cover the tables relied upon by Plaintiffs or the Apple products. Plaintiffs' improper testimony thus unfairly prejudiced Apple and warrants a new trial.

Plaintiffs' attempt to justify comparing embodiments in the '284 patent to the Apple products in response to Apple's motion *in Limine* is also unavailing. *See* ECF 355 at 7-8. First, contrary to Plaintiffs' argument that the construction of a means-plus-function term in claim 1 requires comparison of the claims to the tables in the '284 patent specification (ECF 355 at 7), the testimony discussed above was directed to other asserted claims that do not have means-plus-function terms. *See, e.g.*, 8/4/20 Sealed PM Tr. at 29:20-30:17; *see also* PDX3.29, PDX3.32; ECF 130 at 34-39 (construing only the "processing unit" limitation of claim 1). Plaintiffs never sought to construe the phrase "wherein the first subset of the values contains more values than the second subset of the values" in claims 1 and 14 as a means-plus-function term. Second, Plaintiffs' discussion of the tables in the '284 patent was not intended to explain the '284 patent claims, but instead served to conflate the '284 patent specification, the Apple products, and the '284 patent

8

claims into a single misleading comparison. *See, e.g.*, 8/4/20 Sealed PM Tr. at 29:20-30:17

; PDX3.29 .

Given the highly technical nature of the '557 and '284 patents, a jury could have easily been misled into finding infringement based on alleged similarities between disclosed embodiments and the Apple products. Plaintiffs' unbridled use of patent specifications therefore prejudiced the core of Apple's non-infringement case, which properly focused on meaningful differences between the patent claims and the Apple products. Therefore, a new trial should be granted before a jury that is not led astray by improper comparisons between the accused products and embodiments in the patents-in-suit.

## II. APPLE IS ENTITLED TO A NEW TRIAL DUE TO THE IMPROPER EXCLUSION OF APPLE'S EXPERT TESTIMONY REGARDING THE '284 PATENT'S PROSECUTION HISTORY, WHICH WAS AN ADMITTED EXHIBIT.

The Court should order a new trial because Apple was improperly barred from offering expert testimony about the '284 patent's file history, which was an admitted exhibit about which Plaintiffs' expert testified to support their claim of infringement. When Apple's expert, Dr. Buehrer, tried to rely on the file history to rebut Dr. Mahon's infringement opinion, he was barred from doing so even though Plaintiffs had already put the file history in evidence and focused on it during their case with Dr. Mahon. The exclusion of Dr. Buehrer's testimony was legal error and unfairly prejudiced Apple's non-infringement defense. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432 (5th Cir. 2006) (granting a new trial and holding that "relevant evidence which engenders no unfair prejudice and which relates to the core of the dispute should not be summarily excluded").

The infringement dispute focused on the following claim limitation, which was added during patent prosecution to overcome the prior art: "wherein the first subset of the values

9

██████████████████████████████████████
[reserved for indicating the transport format] contains more values than the second subset of the values [reserved for indicating the redundancy version]."[2]  PX0003 at 28:44-29:4, 29:62-30:23. At trial, Apple showed that ████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ 8/6/20 Tr. at 723:19-724:23, 727:4-10, 729:5-19; 8/6/20 Sealed PM Tr. at 50:23-51:24. ████████████████████████████████

████████████████████████████████████████████████████████████████

Plaintiffs did not dispute this evidence. Instead, Plaintiffs sought to ████████ ████████████████████████████████████████████████████ 8/4/20 Sealed PM Tr. at 30:08-35:11; 8/10/20 Tr. at 1005:13-1006:04. To do so, Dr. Mahon ██████ ████████████████████████████████

- ████████████████████████████████████████████████████████
- ████████  ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████
- ████████████████████████████████████████
- ████████████████████████████████████████

---

[2] Plaintiffs asserted that the accused products practice this limitation ████████ ████████████████ DTX0083 at Table 8.6.1-1; 8/4/20 Sealed PM Tr. at 30:08-32:02. ████████████████████████████████████████ ████████ DTX0083.

10

[REDACTED]

8/4/20 Sealed PM Tr. at 34:24-35:11 (discussing PX0009). Dr. Mahon thus used the file history to [REDACTED] *Id.* Applying this (incorrect) claim analysis [REDACTED]

[REDACTED] *Id.* at 33:18-34:23; 37:08-24. Dr. Mahon's theory, which depended on his interpretation of the file history, excluded values 0-28, indicating RV 0, from the "second subset" of values. *Id.* Plaintiffs' closing doubled down on this theory, arguing that "the bottom three are reserved. They're reserved for when the redundancy version changes." 8/10/20 Tr. at 1005:13-1006:04.

In addition to injecting the file history into the trial, Plaintiffs attacked Dr. Buehrer's opinion for supposedly excluding some embodiments from the claims. 8/6/20 Tr. at 757:02-760:20. Plaintiffs cross-examined Dr. Buehrer as follows:

> Q. And in your testimony, I was listening for it, you don't identify one single table or figure in the patent that depicts your interpretations of the '284 patent, fair?
>
> A. In my testimony, I did not.
>
> Q. Okay. The jury is allowed to consider that when they think about your credibility in the jury room?
>
> A. Of course.

*Id.* at 760:14-20. On rebuttal, Dr. Mahon [REDACTED] despite Apple's objection that it amounted to improper claim construction testimony:

[REDACTED]

11



8/7/20 Sealed PM Tr. at 101:18-103:13. Between Dr. Mahon's direct testimony and the cross-examination of Dr. Buehrer, Plaintiffs twisted the prosecution history and specification to support their overbroad understanding of the claims. At the same time, they attacked Apple's non-infringement theory as somehow contrary to the prosecution history. In light of this, Dr. Buehrer sought to use the file history—which had been admitted into evidence by Plaintiffs—to explain why his opinion was actually consistent with the prosecution history:

> Q.   And I'd like to focus your attention on the bottom of these two claims, the very last piece. Do you see that, sir?
> 
> A.   Yes, I do.
> 
> Q.   Could you read that to us?
> 
> A.   Sure. It says: Wherein the first subset of the values contains more values than the second subset of the values.

██████████████████████████████
████████████████████

> Q. And was this a requirement that was added to the patent during the back and forth at the Patent Office?
>
> MR. SHEASBY: Your Honor, I object.
>
> A. Yes, it was.
>
> MR. SHEASBY: Relevance, and the answer should be stricken.
>
> THE COURT: I don't see any relevance. I'll sustain the objection.

8/06/20 Tr. at 721:07-721:24. On redirect, Dr. Buehrer again attempted to reconcile his non-infringement testimony with the file history, in order to counter the misimpression Plaintiffs had created that his theory was inconsistent with the file history. He was again barred from doing so:

> Q. Now, Mr. Sheasby asked you about the tables in the patent, right, sir?
>
> A. Correct.
>
> Q. Those tables, were they in the original patent application or not in the original patent application?
>
> A. They were in the original application.
>
> Q. And so when Samsung -- I'm sorry, Panasonic first applied for the '284 patent, were those tables in the original patent application or not?
>
> A. Yes, they were.
>
> MR. MUELLER: Your Honor, at this point I would request leave to inquire into the prosecution history, which goes to the issue of why the claims that are being asserted don't cover those tables.
>
> THE COURT: What's the Plaintiffs' response?
>
> MR. SHEASBY: Your Honor, first off, this is outside of the scope of -- of cross-examination. I never referenced whatsoever to these tables. The tables were in the patents that were discussed in the direct examination.
>
> THE COURT: Rule 40 -- excuse me. Rule 611 doesn't talk about the scope of cross. It talks about the scope of direct.
>
> MR. SHEASBY: Your Honor, then it's the same objection. I believe what he's trying to do is discuss the claim history of the patents, which is a subject for this Court. It's not a subject for the jury.
>
> MR. MUELLER: That's incorrect, Your Honor. And the suggestion to the jury was explicitly that they consider Dr. Buehrer to have less credibility. That was the explicit argument by Mr. Sheasby, because the claims don't cover the tables. The reason they don't cover the tables is because of how the claims were amended during the prosecution history, and that's what I'd like to inquire into.
>
> MR. SHEASBY: Your Honor, that is an absolutely inappropriate use of the prosecution history. Counsel just tried to get in evidence through his argument that --

13

███████████████████████████████████
█████████████████████████

> THE COURT: All right. I've heard enough, gentlemen. I'm going to sustain this objection. I don't think the door has been completely opened here.

8/6/20 Tr. at 770:07-771:21.

As a threshold matter, the decision excluding Dr. Buehrer's testimony about the file history was grounded in the incorrect premise that "the door has [not] been completely opened" to the file history. *Id.* But the door was wide open. Plaintiffs not only made the file history central to Dr. Mahon's infringement testimony, they even entered the file history into evidence. ECF 488 at 1 (listing PX0009 as "admitted"). Apple was entitled to respond and explain why that evidence supported Apple's non-infringement defense.

The file history clearly went to the core dispute between the parties. The key claim limitation in dispute related to whether the "first subset" of values contained more values than the "second subset." Dr. Mahon invoked the file history in an attempt to support his opinion that ███ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Plaintiffs' closing argument depended almost entirely on this theory. Yet Dr. Buehrer was prevented from responding that the file history supported his non-infringement opinion.

For example, Dr. Buehrer could have used the file history to undermine Plaintiffs' criticism that ██████████████████████████████████ 8/7/20 Sealed PM Tr. at 101:24-102:10. In particular, Dr. Buehrer could have explained that the Patent Office initially rejected the claims as obvious, and that the patentee was forced to amend them to add the key limitation requiring a first subset of values containing more values than the second subset of the values. PX0009 at 0857-58. Only after this amendment—which excluded some of the patent's disclosed embodiments—were the claims allowed. *Id.* at 0875.

14

Dr. Buehrer's file history testimony would have refuted Plaintiffs' explicit criticism that Apple's infringement theory improperly excluded some embodiments: where the patentee amends the claims to overcome the prior art, there is nothing incorrect or even unusual about the amended claims excluding disclosed embodiments. *See N. Am. Container, Inc. v. Plastipak Packaging, Inc.*, 415 F.3d 1335, 1346 (Fed. Cir. 2005) ("[L]imitations may be construed to exclude a preferred embodiment if the prosecution history compels such a result…. [T]he fact that claims do not cover certain embodiments disclosed in the patent is compelled when narrowing amendments are made in order to gain allowance over prior art.") (citation omitted). Yet Dr. Buehrer was barred from using the file history to support his non-infringement opinion. This was particularly prejudicial to Apple given that Plaintiffs were allowed (over Apple's objection) to rely on the file history to attack Dr. Buehrer, but Dr. Buehrer was not given an equal opportunity to respond. A new trial should be granted because Dr. Buehrer's file history testimony was wrongfully excluded and went to the core dispute between the parties. *Brazos River Auth.*., 469 F.3d at 432.

## III. CONCLUSION

The Court should set aside the jury verdict and order a new trial.

Respectfully submitted,

Dated: March 25, 2021

/s/ *Mark D. Selwyn*
Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

██████████████████████████████
████████████████████████

Mindy Sooter (*pro hac vice*)
mindy.sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Facsimile: (720) 274-3133

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
joseph.mueller@wilmerhale.com
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on March 25, 2021 on all counsel who have consented to electronic service.

*/s/ Melissa R. Smith*

17