# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. 2:19-cv-66-JRG <br><br> JURY TRIAL |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE APPLE'S MOTIONS FOR NEW TRIAL PURSUANT TO LOCAL RULE CV-7(A)(2)**

Apple's interpretation of the local rule would allow it to file as many motions for a new trial as it arbitrarily decides it wants to. In effect, it puts Apple and every other party who loses a trial in this district in total control of this Court's docket.

Apple's opposition demonstrates that its 129 pages of briefing, and its 5 motions for a new trial, is not supported in this district. Each of the cases it cites in its opposition—*Rembrandt Wireless Techs. v. Samsung Elecs. Co., Ltd.*, 2:13-cv-00213-JRG; *SSL Servs., LLC v. Citrix Sys., Inc.*, 2:08-cv-158; *Garrison Realty, LP v. Fouse Architecture & Interiors, P.C.*, 2:10-cv-576-JRG; *OPTi Inc. v. Silicon Integrated Sys. Corp.*, 2:10-cv-279-JRG, show exactly why Apple's actions are improper. In each case, the combined page limits did not exceed the 60 pages for a JMOL brief and the 15 pages for a new trial brief allotted by the Court.

Apple's untimely request for an 53-page expansion in the length of its non-dispositive motion for a new trial violates this Court's meet and confer requirements: "Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention." Local Rule CV-7(h). During the negotiations on the schedule in this case, Apple never disclosed it planned on filing 129 pages of briefing. Nor did Apple disclose that it would be filing 8 separate motions when it suggested 3 weeks for reply briefing and 2 weeks for sur-reply briefing, creating a severe imbalance to Plaintiffs' detriment.

Apple's claim that it misunderstood the Court's local rules and is thus requesting leave to file these motions for a new trial is also not serious. Apple is represented by extremely experienced counsel that knows the practice in this District.

Apple next attempts to excuse its behavior by pointing the finger at Plaintiffs. Filing one motion per expert report is expressly authorized by the Docket Control Order, which contemplates that "Motions to Strike Expert Testimony" will include "*Daubert* Motions," and

recognizes that "expert-related motions" will be directed towards the "relevant expert report(s)." Dkt. 50 at 6.

Apple's belated request for leave to file its 68 pages of motions should be denied. Local Rule CV-7(k) expressly states that motions for leave to file a document "should be filed separately **and immediately before** the document for which leave is sought." Apple did not even attempt to comply with this rule.

Apple's expanded briefing is prejudicial to Plaintiffs. Plaintiffs have litigated throughout this entire case within the page limits set by the local rules, including in its own post-trial brief for ongoing royalties. Allowing Apple to now decide that it gets as many pages as it wishes for its motions is unfair and unwarranted. To the extent Apple argues that the "complexity" of the case requires it, this is not serious. There were 5 days of testimony at the jury trial, and less than one day of bench trial testimony. If the parties could litigate their case in a week, Apple can abide by the rule that 75 pages of post-trial briefing (60 for JMOL, 15 for new trial) is enough to adequately address the merits of the matter.

Plaintiffs' motion to strike should be granted, and Apple's motion for leave should be denied.

Dated: March 30, 2021

Respectfully submitted,

*/s/ Samuel F. Baxter*
Jason Sheasby (pro hac vice)
jsheasby@irell.com
Hong Zhong, PhD
hzhong@irell.com
IRELL & MANELLA LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90064
Phone: (310) 203-7096; Fax: (310) 203-7199

Samuel F. Baxter

>Texas State Bar No. 1938000
>sbaxter@McKoolSmith.com
>Jennifer Truelove
>Texas State Bar No. 24012906
>jtruelove@McKoolSmith.com
>McKOOL SMITH, P.C.
>104 E. Houston Street, Suite 300
>Marshall, TX 75670
>Phone: (903) 923-9000; Fax: (903) 923-9099
>Steven J. Pollinger
>Texas State Bar No. 24011919
>spollinger@McKoolSmith.com
>McKOOL SMITH, P.C.
>300 W. 6th Street Suite 1700
>Austin, TX 78701
>Phone: (512) 692-8700; Fax: (512) 692-8744
>M. Jill Bindler
>Texas Bar No. 02319600
>jbindler@grayreed.com
>GRAY REED & MCGRAW LLP
>1601 Elm Street, Suite 4600
>Dallas, Texas 75201
>Phone: (214) 954-4135; Fax: (469) 320-6901
>**ATTORNEYS FOR PLAINTIFFS OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, AND PANOPTIS PATENT MANAGEMENT, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served via the Court's ECF system on all counsel of record on March 30, 2021.

>*/s/ Samuel F. Baxter*
>Samuel F. Baxter