# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>                    Plaintiffs,<br><br>   v.<br><br>APPLE INC.,<br><br>                    Defendant. | Civil Action No. 2:19-cv-00066-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>**ORAL ARGUMENT REQUESTED** |

## APPLE INC.'S SUR-REPLY IN OPPOSITION TO
## PLAINTIFFS' MOTION TO STRIKE MOTIONS FOR NEW TRIAL

Plaintiffs' reply confirms there is no basis for Plaintiffs' extraordinary request that the Court not even consider the merits of most of Apple's new trial arguments.

***First***, Plaintiffs' reply does not engage (meaningfully or otherwise) with the actual text of this Court's Rules. Plaintiffs do not even try to address the text of the applicable rule, Local Rule CV-7(a)(2), or explain how that Rule could impose a single-brief-of-15-pages limit on new trial motions when that Rule says no such thing—in stark contrast to other Rules that actually do impose limits on the number of motions or pages, Local Rule CV-7(m) (motions *in limine*), Local Rule CV-7(a)(3) (summary judgment motions), Local Rule CV-50 (JMOL motions). Instead, Plaintiffs focus on the Rules setting out meet-and-confer and leave requirements. But Local Rule CV-7(i) does not require a meet-and-confer for Rule 50 or 59 motions. So Plaintiffs' citation of these Rules is circular—Plaintiffs assume that they are correct about a single-brief-of-15-pages limit for Rule 59 motions, and then argue that Apple should have met-and-conferred and sought leave for more pages. But Plaintiffs' new single brief and page limit does not exist for Rule 59 motions (unlike certain other kinds of motions, *supra*), so Apple did not need to meet-and-confer or seek leave to file more than one new trial motion. If there were such a limit for new trial motions, Plaintiffs would be able to cite a Rule explicitly imposing it. They do not, because no such Rule exists.

***Second***, Plaintiffs cannot even cite a single case interpreting the Rules to impose the limit they now say exists. Thus, Plaintiffs ask the Court to issue a new, retroactive interpretation of the Rules, engrafting a new limit absent not only from the Rules' text, but also from the case law. This would deprive Apple of a fair post trial process by effectively imposing a new requirement after Apple had filed its motions by the time required by Rule 59. Again, if there were any precedent supporting Plaintiffs' position, Plaintiffs would have cited it. Plaintiffs cite none, because none exists.

***Third***, Plaintiffs are wrong to say that "in each case" that Apple cited to show that multiple new trial motions are allowed, the combined page length did not exceed 15 pages.  For example, in the *Garrison* case, the new trial motions totaled approximately 26 pages and were filed without a motion for leave and without challenge.  *Garrison Realty, LP v. Fouse Architecture & Interiors, P.C.*, 2:10-cv-576-JRG, Dkts. 146 (27-page motion to modify judgment or for new trial, with argument for new trial spanning 12 pages), 147 (14-page supplemental motion for new trial).

***Fourth***, Plaintiffs suggest that Apple is overstating the complexity of the issues in an effort to overburden the Court—indeed, to exert "total control of this Court's docket."  That is false.  Apple is simply asking the Court to review the key substantive issues underlying a half-billion-dollar judgment.  These issues are indeed complex, with five asserted patents—each from a different patent family—and a wide variety of technical and damages issues arising from both jury and bench trials.  Moreover, trial length has no bearing on trial complexity.  Most trials in this District are completed within five days, but that does not mean all trials are of equal complexity.  In this case, Apple's motions for new trial are appropriate and reasonable.

***Fifth***, Plaintiffs' own conduct in this case contradicts Plaintiffs' suggestion that Apple is creating an undue burden with its new trial motions.  As just one example, as part of the dozen *Daubert* motions (spanning 136 pages) that Plaintiffs filed, 47 pages of it was against a single Apple expert (Dr. Buehrer).  Apple's new trial motions total only 21 pages more than the Plaintiffs' briefing on Dr. Buehrer (and only half as much as Plaintiffs' total *Daubert* briefing) to address its five new trial motions covering the entire case.

***Sixth***, Plaintiffs face no cognizable prejudice whatsoever.  Plaintiffs have four weeks to oppose Apple's motions.  If that is inadequate, Apple would stipulate to additional time for Plaintiffs to respond.  Indeed, the parties had originally agreed that oppositions to post-trial

motions would be due six weeks after opening briefs were served – which was Plaintiffs' proposal. But after Plaintiffs had circulated a stipulation for signature and Apple had confirmed it could be filed, Plaintiffs suddenly and unilaterally reneged on the schedule to which they had already explicitly agreed. Either schedule is acceptable to Apple—indeed, Apple will stipulate to whatever additional time Plaintiffs request.

For all these reasons, Apple respectfully requests that the Court decline Plaintiffs' invitation to impose a new, previously-unstated interpretation of the Rules that would impose a new limit on new trial motions. Apple asks that this case be decided on the merits, not Plaintiffs' unsupported procedural argument plainly fashioned to shield the trial and judgment from proper scrutiny.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  March 30, 2021 | /s/ *Mark D. Selwyn* <br> Melissa R. Smith <br> State Bar No. 24001351 <br> melissa@gillamsmithlaw.com <br> GILLAM & SMITH, LLP <br> 303 South Washington Avenue <br> Marshall, TX  75670 <br> Telephone:  (903) 934-8450 <br> Facsimile:  (903) 934-9257 <br><br> Mark D. Selwyn (*pro hac vice*) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 2600 El Camino Real, Suite 400 <br> Palo Alto, CA  94306 <br> Telephone:  (650) 858-6000 <br> Facsimile:  (650) 858-6100 <br><br> Mindy Sooter (*pro hac vice*) <br> mindy.sooter@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 1225 Seventeenth Street, Suite 2600 <br> Denver, CO  80202 <br> Telephone:  (720) 274-3135 <br> Facsimile:  (720) 274-3133 <br><br> Joseph J. Mueller (*pro hac vice*) <br> Timothy D. Syrett (*pro hac vice*) <br> joseph.mueller@wilmerhale.com <br> timothy.syrett@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, MA  02109 <br> Telephone:  (617) 526-6000 <br> Facsimile:  (617) 526-5000 |

                                             Brittany Blueitt Amadi (*pro hac vice*)
                                             brittany.amadi@wilmerhale.com
                                             WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
                                             1875 Pennsylvania Avenue NW
                                             Washington, DC  20006
                                             Telephone:  (202) 663-6000
                                             Facsimile:  (202) 663-6363

                                             *Attorneys for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Plaintiffs' counsel of record were served with a true and correct copy of the foregoing document by electronic mail on March 30, 2021.

                                                                         /s Melissa R. Smith