## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

OPTIS WIRELESS TECHNOLOGY, LLC,   §
OPTIS CELLULAR TECHNOLOGY, LLC,   §
PANOPTIS PATENT MANAGEMENT,   §
LLC, UNWIRED PLANET, LLC,   §
UNWIRED PLANET INTERNATIONAL   §
LIMITED,   §
  §
  §
      *Plaintiffs*,   §
  §
v.   §
  §   CIVIL ACTION NO.  2:19-CV-00066-JRG
APPLE INC.,   §
  §
  §
      *Defendant*.   §

## ORDER

Before the Court is Plaintiff's Motion to Strike Apple's Motions for New Trial Pursuant to Local Rule CV-7(A)(2) filed by Plaintiffs Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, Unwired Planet, LLC, Unwired Planet International Limited, and PanOptis Patent Management, LLC (collectively, "PanOptis") (the "Motion to Strike"). (Dkt. No. 562). In the Motion to Strike, PanOptis requests that the Court strike each of Apple Inc.'s ("Apple") motions for a new trial beyond its first-filed motion (Dkt. No. 549), for violating the page limits set forth in Local Rule CV-7(a)(2).  Having considered the Motion to Strike and related briefing, the Court finds that it should be and hereby is **GRANTED**.

Local Rule CV-7(a)(2) provides, in relevant part:

> *Non-dispositive motions shall not exceed fifteen pages, excluding attachments,*
> *unless leave of court is first obtained. […] Non-dispositive motions*
> *include … motions for new trial pursuant to Fed. R. Civ. P. 59.*

Apple filed five separate motions for a new trial under Fed. R. Civ. P. 59(a).  (*See* Dkt. Nos. 549–553).  The first-filed motion (Dkt. 549) totals 15 pages.  While these motions separately comply with the 15-page limit under Local Rule CV-7(a)(2),  collectively the motions represent 68 pages.  (*See id*.).  Apple did not obtain leave of the Court to file excess pages.  (Dkt. No. 562 at 2; Dkt. 575 at 2).  In response to the Motion to Strike, Apple argues that the excess pages are warranted by the complexity of the case and the distinct sets of issues raised in the motions.  (Dkt. No. 564 at 2).    This fact might have justified granting leave, but Apple overlooked its obligation to ask for leave first, as the local rule plainly requires.

The Court finds that Apple's briefing under Fed. R. Civ. P. 59(a) is in violation of Local Rule CV-7(a)(2).   Apple's approach would open the door to unduly burdening the Court with multiple (if not unlimited) motions for a new trial which repeat the same arguments made in other post-trial briefing and flood the Court with excessive pages of briefing.  The Court has a vital interest in managing its docket, which is the underlying basis for this local rule. To the extent Apple questioned whether its o w n  reading of the local rules was proper, it should have first sought leave of the Court.  Accordingly, the Court hereby **STRIKES** Dkt. Nos. 550, 551, 552, and 553 in their entirety.  Apple is hereby granted leave to file one supplemental motion for new trial not to exceed fifteen (15) pages; such additional motion to be filed within 5 days hereof.   Dkt. 549 is not struck.

In addition, the Court *sua sponte* **ORDERS** expedited briefing on the remaining motion for a new trial (Dkt. No. 549) according to the following schedule:

| Event | Deadline |
|---|---|
| Response to Motion for New Trial (Dkt. No. 549) | April 1, 2021 by 5 p.m. |
| Reply to Motion for New Trial | April 7, 2021 by 5 p.m. |
| Sur-Reply to Motion for New Trial | April 9, 2021 by 5 p.m. |

**So ORDERED and SIGNED this 31st day of March, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE