IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>                    Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>                    Defendant. | Civil Action No. 2:19-cv-00066-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>**ORAL ARGUMENT REQUESTED** |

**APPLE INC.'S REPLY IN SUPPORT OF MOTION
FOR A NEW TRIAL ON ALL ISSUES DUE TO IMPROPER
PRECLUSION OF EVIDENCE OF PLAINTIFFS' FRAND OBLIGATION**

1

██████████████████

## **TABLE OF CONTENTS**

**Page**

I. Apple Was Precluded From Mentioning "FRAND" And Offering FRAND Evidence Because Of The Trial Structure Plaintiffs Chose Based On Their Then-Pending Declaratory-Judgment Claim—Not Any Choice of Apple's.................................1

II. Dr. Perryman Did Not Concede Plaintiffs' Damages Request Was FRAND. ....................3

III. The Jury Instructions Did Not Comply With *Ericsson*..........................................................3

IV. Apple Was Not Required To Plead A FRAND Counterclaim Or Defense. ........................5

Note: emphasis added herein unless otherwise noted.

i

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*,
    809 F.3d 1295 (Fed. Cir. 2015)..................................................................................................4

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)..................................................................................................4

*Optis Wireless v. Huawei Techs. Co. Ltd.*,
    2:17-cv-00123-JRG-RSP, Dkt. No. 214 (E.D. Tex. July 11, 2018) ..........................................2

*REW Enters., Inc. v. Premier Bank, N.A.*,
    49 F.3d 163 (5th Cir. 1995) .......................................................................................................5

**Other Authorities**

Fed. R. Evid. 103(b)........................................................................................................................3

Based on Plaintiffs' decision to try to the bench their then-pending declaratory judgment claim seeking a ruling that Apple somehow "forfeited" the right to invoke FRAND, the Court set a trial structure that explicitly forbade the parties from even mentioning the word "FRAND" before the jury. The Court specifically warned that this structure meant that, if Plaintiffs later did not win declaratory relief after the bench trial, a new jury trial might be required for this reason alone. Plaintiffs in fact received no such relief—indeed, the Court ultimately declined even to exercise jurisdiction over Plaintiffs' claim.

The inescapable result is that there must be a new jury trial. And it must be on all issues— as discussed in Apple's opening brief and its supplemental new trial motion, the trial structure issues prejudiced Apple in ways that went far beyond damages. For example, Plaintiffs repeatedly emphasized internal Apple strategy materials as relevant to "willfulness" when those materials had—because of the trial structure—been ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ eliminating crucial context for the strategy discussions. The jury was given a slanted set of facts.

Plaintiffs' opposition tries to rewrite history to suggest that the trial structure was Apple's choice. But it was *solely Plaintiffs'*, made first in the final pre-trial order and unequivocally confirmed with the Court at the pre-trial conference. With that claim now gone, the basis for the trial structure has vanished, and a new trial must be held.

**I.      Apple Was Precluded From Mentioning "FRAND" And Offering FRAND Evidence Because Of The Trial Structure Plaintiffs Chose Based On Their Then-Pending Declaratory-Judgment Claim—Not Any Choice of Apple's.**

Plaintiffs spend pages trying to defend the verdict as somehow complying with FRAND, but they cannot escape the simple fact that the Court explicitly forbade the parties from uttering the word "FRAND" because "*Optis chose to structure this trial* that way when it chose to submit its declaratory judgment action to a bench trial." Dkt. 435 at 57:10-12, 58:15-18. As the Court recognized, the inevitable consequence of a jury trial with no mention of FRAND is that "we're

1

going to have a damages number that has no relation to FRAND whatsoever[.]" *Id*. at 61:16-18. Thus, if Plaintiffs could not show Apple relinquished its FRAND protections, the Court recognized it "may well have to order a new trial on damages[.]" *Id*. at 61:19-21.

Plaintiffs cannot now blame their choice on Apple (and avoid a new trial) by saying that *Apple* chose to "block" FRAND evidence from the jury trial. Opp. 4-5. Apple consistently requested that the jury consider FRAND in evaluating Plaintiffs' request for patent infringement damages, an issue separate from whether the jury should hear Plaintiffs' declaratory judgment claim.[1] *See* Dkt. 549 at 4-7. Contrary to Plaintiffs' suggestion (Opp. 6), Apple stated in the joint pretrial submission that ███ Dkt. 360 at 16. Apple's position was so clear that, immediately after the Court set the trial structure, Plaintiffs' counsel said Apple's expert Dr. Perryman "only has a FRAND damages opinion" in a misguided attempt to exclude his testimony in its entirety from the jury trial as irrelevant.[2] Dkt. 435 at 64:2-3.

Plaintiffs' argument that Apple could have presented the FRAND evidence described in its proffer (Opp. 9-11) likewise ignores the Court's ruling that there would be no mention of FRAND whatsoever and clear instruction that damages experts could not discuss FRAND: "And the expert witnesses who have opined about FRAND and whether FRAND impacts or doesn't impact their

---

[1] Rather than seeking to "block" the Court from adjudicating Plaintiffs' declaratory judgment claim (Opp. 12), Apple argued—and the Court agreed—that there was no actual controversy. Apple also did not state that Count VIII was somehow relevant to Apple's ability to insist on a reasonable royalty consistent with FRAND. Opp. 12-13. Apple's summary judgment brief simply quoted *Optis Wireless v. Huawei Techs. Co. Ltd.*, 2:17-cv-00123-JRG-RSP, Dkt. No. 214 at 11 (E.D. Tex. July 11, 2018) (Dkt. 258 at 22), where the Court ruled that it would have been premature to grant *summary judgment for plaintiffs* on their claim, not that Apple's ability to challenge their damages demand as contrary to FRAND somehow depended on Count VIII. It did not so depend.
[2] Plaintiffs' contemporaneous recognition that Apple's expert would argue that Plaintiffs' damages demand was not FRAND—even where Apple had not brought a breach of FRAND claim—undoes their after-the-fact contention that Apple engaged in "sharp practice" about its intentions. Opp. 5-6.

2

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

damages analysis are not going to testify about FRAND before the jury." Dkt. 435 at 59:16-19. Once the Court ruled definitively on this issue, Apple was bound by that ruling, as it recognized in its proffer: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 471 at 2; *see also* Fed. R. Evid. 103(b). Neither Plaintiffs nor the Court suggested that Apple could have actually presented this evidence; on the contrary, the Court's ruling was definitive.[3]

## II. Dr. Perryman Did Not Concede Plaintiffs' Damages Request Was FRAND.

Plaintiffs seek to salvage the verdict by asserting that Dr. Perryman somehow conceded in the bench trial that Plaintiffs' damages demands in the jury trial were FRAND. Opp. 1-2. Not only is this nonsensical, the very statement Plaintiffs rely on belies that claim. Dr. Perryman testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. 1 (quoting Dkt. 509 at 62:5-25). But there are *other* aspects of FRAND discussed in Dr. Perryman's report, including non-discrimination, that he was prohibited from explaining to the jury. *E.g.*, Dkt. 168-03 at 22-24, 185-196. Indeed, Dr. Perryman confirmed on redirect that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[4] Dkt. 509 at 67:25-68:4.

## III. The Jury Instructions Did Not Comply With *Ericsson*.

Plaintiffs suggest that a jury instruction could have "mooted" the prejudice that Apple suffered by not being able to present evidence on FRAND. Opp. 4. But a jury instruction addresses how the jury treats the admitted evidence; it does not make up for testimony that the jury

---

[3] Plaintiffs' claim that Apple delayed its proffer to "preclud[e] PanOptis from presenting additional evidence in its case in chief of bad faith and hold-out" (Opp. 4-5) ignores the Court's ruling and wrongly suggests it was up to Apple whether Plaintiffs could address FRAND. Plaintiffs' concession that they did offer evidence of "bad faith and hold out" at trial further underscores the need for a new trial on all issues. Further, Apple's proffer was timely filed before it rested its case.
[4] Moreover, his testimony at the bench trial made clear that a royalty of $4.22 per iPhone bore no relationship to FRAND. *See* Dkt. 509 at 54:14-55:14; *see also id*. at 60:6-61:21.

3

was forbidden from hearing, which in this case was all evidence regarding FRAND. If anything, the instructions only compounded the prejudice. The jury was not instructed on FRAND, and was instructed on *Georgia-Pacific* factor 5—which both removed any consideration of FRAND from the reasonable-royalty inquiry and injected a consideration contrary to FRAND. Plaintiffs instead focus on the fact that the Court provided an instruction on apportionment for SEPs (Opp. 4), but there is a distinction between how "SEP patents generally" and "RAND-encumbered patents" are treated. *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1230 (Fed. Cir. 2014); *Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1304 (Fed. Cir. 2015).

As *Ericsson* directs, the apportionment instruction regarding standardization is applicable to SEPs generally, but when dealing with "RAND-encumbered patents"—as opposed to SEPs generally—*Georgia-Pacific* factors 4 and 5 are "contrary to RAND principles." 773 F.3d at 1230-31. Accordingly, it was error to instruct the jury on *Georgia-Pacific* factor 5—over Apple's objection[5]—when the asserted patents are indisputably FRAND encumbered.

It was likewise error for the jury not to be instructed about the specific language of the FRAND commitments. Contrary to Plaintiffs' contention (Opp. 2), *Ericsson*—in language that Plaintiffs omit—explicitly instructs that "[t]rial courts should also consider the patentee's actual RAND commitment in crafting the jury instruction." 773 F.3d at 1231. Here, the FRAND commitments for the asserted patents—including the obligation that a FRAND rate be "non-discriminatory" (Dkt. 471-7, DTX-0068 at 1-2)—was never presented to the jury.

The jury instructions and lack of FRAND evidence allowed Plaintiffs to argue that the

---

[5] Apple's objection was neither "non-sensical" nor "belated" (Opp. 8, 7); made during the charge conference, it further preserved the record of what a trial involving FRAND would have looked like. Apple was not required to object to Mr. Kennedy's testimony on factor 5, nor was Dr. Perryman's responsive testimony agreement of its relevance. Opp. 7-8. Rather, Apple was left to follow the Court's ruling and try the case within the trial structure ordered.

4

hypothetical negotiation would have played out in ways contrary to FRAND. For example, Mr. Kennedy testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 503 at 24:21-25:5, 29:17-30:3. Likewise, he opined that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 25:25-26:7. Absent FRAND, Apple could not show this analysis was flawed and contradicted FRAND by discriminating among licensees. *See Ericsson*, 773 F.3d at 1230.

Nor can Plaintiffs distinguish *Ericsson* on the grounds that "PanOptis expressly pleaded that Apple lost its right to take advantage of any FRAND commitment." Opp. 7. Now that the Court has dismissed Plaintiffs' declaratory claim, this case is just like *Ericsson*.

### IV. Apple Was Not Required To Plead A FRAND Counterclaim Or Defense.

Nothing in *Ericsson* suggests that FRAND jury instructions are only available when a defendant pleads a FRAND defense or counterclaim. And Plaintiffs cite no decision saying such a pleading was required for the jury to be instructed on it to assess damages.[6] Instead, Plaintiffs first rely on inapposite decisions about the need to plead a set-off as a counterclaim. Opp. 13-14. But a "setoff is a counter demand which a defendant holds against a plaintiff arising out of a transaction extrinsic of plaintiff's cause of action." *REW Enters., Inc. v. Premier Bank, N.A.*, 49 F.3d 163, 170-71 (5th Cir. 1995) (citation omitted). By contrast, FRAND is a factor that informs the jury's assessment of Plaintiff's reasonable royalty demand. And cases involving FRAND breach of contract claims (Opp. 14) are silent on the issue here, where FRAND is a relevant factor in the *Georgia-Pacific* analysis of reasonable royalty damages for patent infringement.

---

[6] That Apple and other parties may have pled FRAND defenses or counterclaims in other cases (Opp. 15) does not mean it is required to be pled. And if it were required, then Plaintiffs would have objected that it was unpled—but they did not. *See, e.g.*, Dkt. 358 at 59 n.121 (objecting to Apple's proposed FRAND damages instruction only as "unnecessary and confusing for the jury").

5

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Respectfully submitted,

Dated:  April 7, 2021

/s/ *Melissa R. Smith*
Mark D. Selwyn (*pro hac vice*)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Mindy Sooter (*pro hac vice*)
mindy.sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO  80202
Telephone:  (720) 274-3135
Facsimile:  (720) 274-3133

Joseph J. Mueller (*pro hac vice*)
Timothy D. Syrett (*pro hac vice*)
joseph.mueller@wilmerhale.com
timothy.syrett@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Brittany Blueitt Amadi (*pro hac vice*)
brittany.amadi@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendant Apple Inc.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on April 7, 2021 on all counsel who have consented to electronic service.

*/s/ Melissa R. Smith*

7