**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC, | Civil Action No. 2:19-cv-66-JRG |
| Plaintiffs, | JURY TRIAL |
| v. | ███████████████ |
| APPLE INC., | |
| Defendant. | |

**PLAINTIFFS' SUR-REPLY TO APPLE'S MOTION FOR A NEW TRIAL
(DKT. 549)**

**I.** ████████████████████████████████████████████
████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ This commitment was *before* the Court discussion

later that afternoon on what issues were for the bench trial. *Id.*; Dkt. 435 (Court Ruling) at 55:5-62:24.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████ Under FRE 103, Apple was required to take two steps to preserve an argument

of error based on the exclusion of evidence: (a)(2) "a party informs the court of its substance by an

offer of proof" and (b) "the court rules definitively on the record." ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ Moreover, after receiving the proffer, the Court

did not "rule[] definitively" that the proffer could not come in. *Jordan v. Maxfield*, 977 F.3d 412, 418

(5th Cir. 2020) makes clear that unless a court "rule[s] on the evidence's admissibility," the issue is not

preserved for appeal. *Id.* at 420. It almost appears that Apple's behavior was a conscious tactic designed

to waste the time of the Court, PanOptis and the jury if Apple lost the jury trial: remaining silent after

the Court's comments at the pre-trial conference, submitting the "proffer," never asking the Court to

rule on the "proffer," eliciting testimony from its witnesses on the subject of the proffer at trial but

now claiming there was more it wanted to do (even though it ran out of time at trial), and now

assigning grave legal error to this Court.



*McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 306 (5th Cir. 1993) ("If a party neither requests submission of an issue nor objects to the omission of that issue. . . such party is deemed to have waived its right to have the jury determine that issue.").

**II.**

*Function Media, L.L.C. v. Google, Inc.*, 2010 WL 276093, at *1 (E.D. Tex. Jan. 15, 2010).  Dr. Perryman testified that:

Ex. 1 (Perryman Depo.) at 27:5-12. And Apple's corporate representative stated the following:

Ex. 2 (Mewes Depo.) at 280:8-24 (emphasis added).

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████

As another example, Apple claims that it desired to have Dr. Perryman testify ██████████

████████████████████████████████ once again, this is a lawyer fantasy.

██████████████████████████████████████

█████████████████████ Ex. 1 (Perryman Depo.) at 174:14-175:1; Dkt. 503 at 26:-7. █████

██████████████████████████████████████

█████████████████████████████████████ Dkt.528  CL57,

FF27. ██████████████████████████████████████

███████ Dkt. 509 at 14:10-23.

Here, in the language of *Ericsson*, this court "consider[ed] the patentee's actual RAND commitment in crafting the jury instruction" ███████████████████████████████████████

██████████████████████████████████████ .

### III.    *CSIRO* Confirms That The Jury Was Properly Instructed

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████   Notably, Apple does not claim the

instructions the jury was given here diverge from *CSIRO*.  Moreover, *CSIRO* does not stand for the

proposition that there are differences between a damages instruction for a FRAND-encumbered

patent and a non-FRAND-encumbered SEP patent:

> *Ericsson* explicitly holds that the adjustments to the *Georgia-Pacific* factors apply equally to
> RAND-encumbered patents and SEPs . . . . We therefore reaffirm that reasonable royalties
> for SEPs generally — and not only those subject to a RAND commitment — must not
> include any value flowing to the patent from the standard's adoption. *Id.* at 1305.

**IV.** ████████████████████████████████████████████



**V.     If Apple Maintains That The Damages Award Breaches FRAND, Apple Could Not
Have In Good Faith Argued That Count VIII Was Moot**

████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████  *See* Dkt. 509 at 54:14-55:14; *see also id.* at

60:6-61:21." Dkt. 580 at n.4. ████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("A

defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a

case."). ████████████████████████████████████████████

██████████████████████████

Dated: April 9, 2021

Respectfully submitted,

/s/ Samuel F. Baxter

Jason Sheasby (pro hac vice – lead counsel)
jsheasby@irell.com
Hong Zhong, PhD
hzhong@irell.com
IRELL & MANELLA LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90064
Phone: (310) 203-7096; Fax: (310) 203-7199

Samuel F. Baxter
Texas State Bar No. 1938000
sbaxter@McKoolSmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
McKOOL SMITH, P.C.
104 E. Houston Street, Suite 300
Marshall, TX 75670
Phone: (903) 923-9000; Fax: (903) 923-9099

Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@McKoolSmith.com
McKOOL SMITH, P.C.
300 W. 6th Street Suite 1700
Austin, TX 78701
Phone: (512) 692-8700; Fax: (512) 692-8744

M. Jill Bindler
Texas Bar No. 02319600
jbindler@grayreed.com
GRAY REED & MCGRAW LLP
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Phone: (214) 954-4135; Fax: (469) 320-6901

**ATTORNEYS FOR PLAINTIFFS OPTIS
WIRELESS TECHNOLOGY, LLC, OPTIS
CELLULAR TECHNOLOGY, LLC, AND
PANOPTIS PATENT MANAGEMENT,
LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served via electronic mail on all counsel of record on April 9, 2021.

/s/ Samuel F. Baxter
Samuel F. Baxter