**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, | § | |
| OPTIS CELLULAR TECHNOLOGY, LLC, | § | |
| PANOPTIS PATENT MANAGEMENT, | § | |
| LLC, UNWIRED PLANET, LLC, | § | |
| UNWIRED PLANET INTERNATIONAL | § | |
| LIMITED, | § | |
| | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:19-CV-00066-JRG |
| | § | |
| APPLE INC., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Defendant Apple Inc.'s ("Apple") Motion for New Trial On All Issues Due to Improper Preclusion of Evidence of Plaintiff's FRAND Obligation (the "Motion for New Trial"). (Dkt. No. 549.) In the Motion for New Trial, Apple requests a new trial under Federal Rule of Civil Procedure 59, arguing that the verdict is not fair, reasonable, and non-discriminatory ("FRAND") in accordance with the contractual terms surrounding the asserted standard essential patents ("SEPs"). Having considered the Motion for New Trial and for the reasons set forth herein, the Court is of the opinion that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.      Background

Plaintiffs Optis Wireless Technology, LLC; Optis Cellular Technology, LLC; PanOptis Patent Management, LLC; Unwired Planet, LLC; and Unwired Planet International Limited ("UPIL") (collectively, "Optis") filed the above-captioned case against Apple on February 25,

2019, asserting infringement of seven patents under the laws of the United States. (Dkt. No. 1 ¶ 1.) Prior to trial, two of the asserted patents were dropped by Optis. The Court conducted a jury trial with respect to the remaining five patents (U.S. Patent No. 8,019,332; U.S. Patent No. 8,385,284; U.S. Patent No. 8,411,557; U.S. Patent No. 9,001,774; and U.S. Patent No. 8,102,833 (collectively, the "Asserted Patents")) from August 3, 2020 through August 11, 2020. (Dkt. Nos. 460, 461, 466, 474, 482, 485, 486.) On August 11, 2020, the jury returned a verdict that Apple willfully infringed certain claims of the Asserted Patents. (Dkt. No. 483.) The jury awarded $ 506,200,000 as a reasonable royalty for such infringement. (*Id.*)

The Court entered Final Judgment on February 25, 2021, memorializing the jury's findings but electing not to enhance damages for willful infringement under 35 U.S.C. § 284. (Dkt. No. 544.)

### a. FRAND Litigation History

Optis filed its First Amended Complaint on May 13, 2019. (Dkt. No. 26.) As a part thereof, Optis set forth that the Asserted Patents were SEPs, and alleged that the original assignees of the SEPs—including LG, Panasonic, Ericsson, and Samsung—offered licenses under FRAND terms consistent with their obligations as part of the European Telecommunications Standards Institute's ("ETSI") standard-setting organization, thereby forming a FRAND contract under French law.[1] (Dkt. No. 26 ¶¶ 136–141.) It is uncontested that the Asserted Patents are FRAND-encumbered SEPs. (*See* Dkt. No. 1 ¶ 22–36; Dkt. No. 360 at 17; Dkt. No. 549 at 5.) Optis alleged that Apple's bad faith conduct and holdout during pre-suit negotiations caused Apple to forfeit any FRAND defense. (Dkt. No. 360 at 5.)

---

[1] Optis argued that under French law, the existence of a FRAND contract triggered a duty by Apple to negotiate in good faith. (Dkt. No. 436 at 39:1–40:8; Dkt. No. 169 at 18.)

In Count VIII of its First Amended Complaint, Optis alleged that "[t]here is a dispute between the Plaintiffs and Apple concerning whether the Plaintiffs' history of offers to Apple for a global license to the Plaintiffs' essential patents complies with Plaintiffs' commitment to license their essential patents on FRAND terms and conditions pursuant to ETSI and ETSI's IPR Policy." (Dkt. No. 26 ¶ 143.) Count VIII sought "[a] declaration that Plaintiffs, in their history of negotiations with Apple in regard to a global license to the Plaintiffs' essential patents, have negotiated in good faith and otherwise complied with FRAND . . . ." (Dkt. No. 26 at 109.) Apple filed a Motion to Dismiss Count VIII of Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction (Dkt. No. 16), which the Court granted-in-part and denied-in-part. (Dkt. No. 102.) The Court granted the motion and dismissed "any portion of Count VIII that seeks a declaration that Plaintiffs have complied with their obligations under foreign laws or as they relate to foreign patents, or that Apple may not raise a FRAND defense in a foreign jurisdiction." (*Id.* at 6.) The Court explained that "[l]ike claims for foreign patent infringement, claims asking the Court to pass upon foreign obligations under foreign laws related to foreign patents are best left to the courts of those foreign countries." (*Id.*) However, the motion was denied "as to Plaintiffs' request to declare the parties' rights with respect to U.S. patents or under U.S. state or federal law," which the Court declined to dismiss. (*Id.* at 9.) Nevertheless, the Court cautioned that "[w]hether or not Plaintiffs can prove these allegations in a manner sufficient to allow this Court to issue declaratory relief is a separate issue more appropriately analyzed under Rule 56 or at trial." (*Id.* at 8.) The Court further concluded that it "remains under 'a continuing obligation to examine the basis of [its] jurisdiction' and will not issue an advisory opinion if it becomes clear that there is no justiciable controversy before the Court." (*Id.* (citation omitted).)

### b.  Pretrial Proceedings

During pretrial proceedings before the Court, Optis deliberately elected to try what remained of its declaratory judgment claim to the bench, not the jury. Apple raised no objection to this decision. In the Joint Pretrial Order, the parties included "Plaintiffs' claim for a declaratory judgment" as an "issue[] to be tried to the Court in a bench trial immediately following the jury trial." (Dkt. No. 360 at 4.) The Court confirmed this fact with both sides on July 27, 2020 at the pretrial conference:

> THE COURT: Let me ask my question again. When you filed your most recently amended complaint, you inserted Count 8 that sought declaratory relief to find that Optis had complied with its FRAND obligation and that Apple had acted in bad faith and engaged in holdout. You sought a declaratory judgment to that effect. Did you then at the time of that amendment intend to try that issue to the jury or to the bench?
>
> [Optis's Counsel] MR. SHEASBY: No, Your Honor, it was our expectation that we try it to the bench.

(Dkt. No. 435 at 54:17–55:1; *see also* Dkt. No. 436 at 60:22–62:15 (Apple's counsel explaining that the issue of Plaintiff's FRAND compliance should be tried to the bench).)

Nonetheless, during trial Optis sought to separate the issue of its own FRAND compliance from the alleged misdeeds by Apple which Optis alleged caused Apple to forfeit its right to raise a FRAND defense. (Dkt. No. 435. at 55:5–62:23.) Under the guise of evidence relevant to willful infringement, Optis argued that evidence of Apple's bad faith and holdout during pre-suit negotiations should still be presented to the jury. (*Id.* at 67:12–68:6.) Specifically, despite the existence of a non-disclosure agreement covering licensing negotiations between the parties, Optis sought to introduce evidence from internal Apple documents showing that Apple's representations during negotiations were inconsistent with Apple's own licensing practices. (*See* Dkt. No. 436 at 36:2–23.) The Court rejected Optis's attempt to have it both ways—*i.e.*, to use FRAND as both a sword (in the jury trial against Apple) and a shield (in a subsequent bench trial as to Optis's own

conduct). (Dkt. No. 435 at 55:5–62:23.) However, doing so necessarily meant that the jury was not presented with evidence regarding Optis's FRAND commitment or whether the requested reasonable royalty was FRAND-compliant. (*See* Dkt. No. 435 at 56:10–58:9.)

### c.  Bench Trial

Following the jury trial, on August 11, 2020, the Court conducted a bench trial regarding the issues of Optis's Count VIII and Apple's waiver defense. (Dkt. No. 487.) Having previously dismissed Optis's Count VIII as to foreign patents (Dkt. No. 102), the Court analyzed the evidence presented for any offers relating solely to U.S. patents. (Dkt. No. 538 at CL7.)  The Court found that "Optis never made an offer specifically for or limited to its U.S. Patents," and accordingly declined to exercise jurisdiction over Count VIII. (*Id*. at CL4, CL7.) The Court further held that by failing to raise a counterclaim or affirmative defense, Apple waived its right to challenge the verdict as noncompliant with FRAND. (*Id*. at CL8.) Finally, the Court held that Apple failed to show the Asserted Patents were unenforceable due to late disclosure to the ETSI standard-setting organization. (Dkt. No. 538.)

### II.    Applicable Law

A new trial may be granted on all or part of the issues on which there has been a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Notwithstanding the broad sweep of Rule 59, "courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-00744, 2017 WL 3704760, at *2 (E.D. Tex. Aug. 28, 2017); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 643 (E.D. Tex. 2017). "A new trial may be granted, for example, if the

district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985); *see also Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003) ("A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence."). Furthermore "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial . . . . the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

### III.    Discussion

Apple argues it is entitled to a new trial because the jury trial was held without evidence regarding Optis's obligation to license the patents on FRAND terms. (Dkt. No. 549 at 9.) The jury's verdict in this case, Apple argues, is not compliant with FRAND terms and stands in violation of the FRAND limitations on reasonably royalty awards for standard essential patents. (*Id*. at 13–14.) Apple contends that at a minimum, damages should be retried, while maintaining that a new trial regarding all issues is appropriate given that the exclusion of FRAND "had prejudicial effects that went beyond damages." (*Id*. at 15.) Apple further argues that by failing to plead an affirmative FRAND counterclaim or defense, it did not waive its right to challenge the verdict as not being FRAND-compliant. (*Id*. at 15–19.)

Optis responds that the jury's verdict is FRAND-compliant, despite the lack of any mention of FRAND principles or obligations before the jury. (Dkt. No. 577 at 6.) Optis argues that FRAND obligations need not specifically be mentioned, so long as the jury was instructed on the principles embodied by FRAND. (*Id*. at 5–6.) Specifically, Optis argues that the jury was properly instructed regarding the standard for a reasonable royalty, including that the jury "must not award Optis more

6

damages than are adequate to compensate for the infringement." (*Id*. at 5 (citing Dkt. No. 520 at 985:23–24).) Optis further points to the SEP-related instructions that "the patented feature must be apportioned from all the unpatented features reflected in the standard," and "the patent owner's royalty must be premised on the value of the patented feature, not any value added by the standard's adoption of the patented technology." (*Id*. at 5–6 (citing Dkt. No. 520 at 991:6–14).) Optis argues that these collective instructions—accompanied by expert testimony regarding the same—adequately tether the jury's verdict to the FRAND framework set forth in *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1232 (Fed. Cir. 2014). (Dkt. No. 577 at 5–8.)

To be clear, the unique posture of the jury trial followed by the bench trial with respect to FRAND issues resulted from a series of intentional decisions made by both parties. Pursuant to Count VIII of the First Amended Complaint, Optis initiated the request for FRAND relief which it affirmatively sought in this case. However, Optis could not simply wish away the intertwined nature of its own purported FRAND compliance with various allegations of bad acts and bad faith by Apple. (Dkt. No. 26 ¶¶ 140–46.) Said another way, Optis intentionally placed itself in a position to tell the jury only about Apple's bad acts without telling them of their own obligations to act in good faith. Optis created this disjointed predicament by electing to try its declaratory judgment claim to the bench instead of the jury. At the pretrial conference, the Court repeatedly sought to confirm Optis's intentions with respect to its declaratory judgment claim, and Optis unequivocally stated that it intended to try the FRAND issues to the bench. (Dkt. No. 435 at 54:5–55:3.) At this same time, Apple said nothing and did nothing—almost as if they were not there.

It was this interchange during the pretrial conference which caused the Court to exclude FRAND evidence from the trial altogether. Freed from telling the jury of its affirmative FRAND duties and obligations, Optis attempted to leverage its willfulness claim to introduce evidence

before the jury of bad faith and bad acts by Apple during pre-suit licensing negotiations. (Dkt. No. 435 at 57:13–58:9; Dkt. No. 436 at 36:2–23.) The Court recognized, however, that this was core FRAND evidence relating to Optis's declaratory judgment claim, which both parties had seemed to agree at pretrial should be tried solely to the bench. As a result, the Court ruled that the declaratory judgment claim as to FRAND could not be treated in this way. (Dkt. No. 435 at 62:14–23.) The Court noted that had Optis chosen to present its declaratory judgment claim to the jury, it would have been able to present evidence of Apple's alleged bad faith and holdout, and "all the testimony about whether the damages are or are not FRAND would have come in before the jury." (Dkt. No. 435 at 57:18–25.) As a result, Optis cannot now be heard to argue that its decision to consciously take FRAND evidence away from the jury has no impact on the FRAND-compliance of the jury's verdict.

For its part, Apple agreed in the Joint Pretrial Order that Optis's declaratory judgment claim was to be tried to the bench. (Dkt. No. 360 at 4.) After the Court clearly detailed the roadmap for trial as to the outstanding FRAND issues, Apple failed to object. In fact, Apple was wholly mute. (Dkt. No. 435 at 56:25–57:9; Dkt. No. 437 at 20:23–21:2; Dkt. No. 538 at CL12 n.4.) The Court repeatedly emphasized that by acquiescing in Optis's request that Count VIII be tried to the bench, Apple would not be able to present its damages analysis regarding FRAND to the jury. (Dkt. No. 435 at 56:25–57:9, 59:4–61:7.) Again, Apple was mute. As a result, the Court's ruling was structured to ensure that neither side could unfairly capitalize on the structure of the trials with respect to FRAND. Despite Apple's post-trial epiphany regarding the absence of FRAND evidence from the jury trial, Apple received a significant benefit by staying strategically silent during pretrial proceedings, preventing the jury from hearing potentially harmful evidence regarding Apple's alleged bad faith conduct or holdout. This reasonably explains Apple's muteness at pretrial. As

noted during the pretrial conference and in the Court's Findings of Fact and Conclusions of Law following the bench trial, if Apple wanted to ensure its ability to introduce a FRAND-related damages analysis to the jury, it could (and should) have brought a counterclaim or even raised an affirmative defense to that effect. (Dkt. No. 435 at 56:25–57:9; Dkt. No. 538 at CL8–13.) It did not.[2] (Dkt. No. 538 at CL 12.)

Despite the resulting structure of the two trials (jury and bench) that have now taken place in this case, the Court is persuaded that the FRAND-compliance of the damages awarded by the jury has legitimately been called into question. Given that the patents found to be infringed are FRAND-encumbered SEPs, any royalty awarded must be FRAND. (Dkt. No. 26 ¶ 142; Dkt. No. 360 at 17); *Ericsson*, 773 F.3d at 1229–31. To be sure, the jury's verdict *may* be consistent with FRAND terms. However, the jury never had any evidence that Optis's patents were in fact FRAND-encumbered, nor did the jury hear any evidence as to what royalties would or could be FRAND. As a result, the verdict does not necessarily represent a FRAND royalty. Consequently, the absence of FRAND evidence and instructions to the jury casts serious doubt on the reliability of the verdict, and a new trial regarding damages is warranted. This is the case notwithstanding the culpability of both parties in this matter. While the Court is very much aware of the strategic choices made by Optis and Apple as to how the FRAND issues would be adjudicated, the Court's primary duty is to see that justice is done. In large part because of the conscious acts of both parties, the Court now finds itself left with a very large damages award made as to SEPs where the jury never heard the acronym FRAND or heard evidence about how that concept impacted a fair damages award in this case. In the Court's view, this requires a new trial on damages.

---

[2] With the benefit of hindsight, it is apparent to the Court that both sides played fast and loose with the FRAND issue before the jury for their own strategic reasons.

The Court is not persuaded, however, that a new trial on the entirety of the case is warranted. Apple argues that Optis improperly "argued that Apple had willfully infringed the Asserted Patents as part of a strategy to delay making royalty payments." (Dkt. No. 549 at 14.) Apple claims that the exclusion of FRAND evidence from the jury trial precluded it from rebutting this narrative. (*Id.*) The Court does not find this to be an adequate basis for a new trial regarding liability. The Court instructed the jury separately regarding the issues of willfulness and damages (Dkt. No. 520 at 64:24–66:9), and the Court must presume that the jury correctly followed the Court's instructions. *See Zafiro v. United States*, 506 U.S. 534, 540–41 (1993). Further, even though the jury found that Apple's infringement was willful, the Court declined to enhance damages under 35 U.S.C. § 284, negating any tangible impact to Apple from the jury's willfulness finding. (Dkt. No. 544.) The Court concludes that the issues relating to willful infringement are separate and distinct from those relating to damages, and a new trial regarding liability is neither necessary nor warranted.

**IV.    Conclusion**

Based on the foregoing, the Court finds that Apple's Motion for New Trial should be and hereby is **GRANTED** as to damages. In all other respects, including as to liability, Apple's Motion for New Trial is **DENIED**. Accordingly, the Judgment against Apple in this case (Dkt. No. 544) is **VACATED** as to damages. The parties are ordered to meet and confer and within two weeks from this date submit a jointly proposed docket control order providing for a new trial as to damages only.

So ORDERED and SIGNED this 14th day of April, 2021.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE