IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, PANOPTIS PATENT MANAGEMENT, LLC,  UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED,<br><br>   *Plaintiffs*,<br><br>v.<br><br>APPLE INC.,<br><br>   *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO.  2:19-CV-00066-JRG<br>§<br>§<br>§<br>§<br>§ |

**ORDER ON PRETRIAL MOTIONS *IN LIMINE***

The Court held a Pretrial Conference in the above-captioned matter on Monday, July 26, 2021 regarding pending motions *in limine* ("MILs") filed by Plaintiffs Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, Unwired Planet, LLC, Unwired Planet International Limited, and PanOptis Patent Management, LLC (collectively, "Plaintiffs" or "Optis"), and Defendant Apple Inc. ("Defendant" or "Apple") (together with Plaintiffs, the "parties"). (Dkt. Nos. 633, 634). This Order memorializes the Court's rulings on the aforementioned MILs as announced from the bench into the record, including additional instructions given to the parties. While this Order summarizes the Court's rulings and directives as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

<u>**MOTIONS *IN LIMINE***</u>

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.      PREVIOUSLY GRANTED MOTIONS *IN LIMINE* (Dkt. Nos. 191, 192)**

The Court ordered that the MILs which were granted in the previous Pretrial Conference in this case (*see* Dkt. No. 455 (Order On Pretrial Motions and Motions *In Limine*)) shall be re-entered and continue to apply to all parties. For the avoidance of doubt, the previous MILs granted by the Court are restated below:

**<u>Previous Plaintiffs' MILs</u>**

| | |
|---|---|
| <u>Previous Plaintiffs' MIL 1</u> | Apple is precluded from offering lay witness infringement opinions. |
| <u>Previous Plaintiffs' MIL 2</u> | Apple is precluded from offering the testimony of Christian Faber. |
| <u>Previous Plaintiffs' MIL 4</u> | Apple is precluded from offering evidence of foreign patent prosecution history. |
| <u>Previous Plaintiffs' MIL 5</u> | Apple is precluded from offering evidence on alleged inventor misconduct before the PTO. |
| <u>Previous Plaintiffs' MIL 6</u> | Apple is precluded from referencing withdrawn patents. |
| <u>Previous Plaintiffs' MIL 8</u> | Apple is precluded from making any disparaging remarks about the value and propriety of patents acquired from others. |
| <u>Previous Plaintiffs' MIL 11</u> | Apple is precluded from making remarks about the quality of the PTO and its examiners. |
| <u>Previous Plaintiffs' MIL 12</u> | Apple is precluded from making pejorative remarks about Optis's corporate structure and acquisition by Hilco. |
| <u>Previous Plaintiffs' MIL 13</u> | Apple is precluded from arguing or introducing evidence as to practicing the prior art, or from comparing the accused products to anything other than the construed claims. |

| | |
|---|---|
| <u>Previous Plaintiffs' MIL 14</u> | Apple is precluded from alleging that the predecessors of these patents (Samsung, Panasonic, LG) did not assert the patents-in-suit against Apple. |
| <u>Previous Plaintiffs' MIL 18</u> | Apple is precluded from making reference to the absence of inventors at trial. |

**<u>Previous Defendant's MILs</u>**

| | |
|---|---|
| <u>Previous Defendant's MIL 1</u> | Plaintiffs are precluded from making reference to evidence, arguments, verdicts, judgments, or orders from other litigations. |
| <u>Previous Defendant's MIL 5</u> | Plaintiffs are precluded from offering evidence or arguments to the jury regarding French law. |
| <u>Previous Defendant's MIL 8</u> | Plaintiffs are precluded from offering comparisons of the burden of proof standards to other areas of the law. |
| <u>Previous Defendant's MIL 10</u> | Plaintiffs are precluded from offering evidence regarding Apple's foreign operations. |
| <u>Previous Defendant's MIL 11</u> | Plaintiffs are precluded from making references to total corporate earnings, market capitalization, stock price, cash reserves, ability to pay or overall corporate indications of wealth in regard to either party. |
| <u>Previous Defendant's MIL 12</u> | Plaintiffs are precluded from offering evidence or argument regarding witness compensation unrelated to this case. |
| <u>Previous Defendant's MIL 13</u> | Plaintiffs are precluded from offering evidence regarding Steve Jobs, political positions taken by Apple or its leadership, media reports unrelated to this litigation, and/or media speculation about Apple. |
| <u>Previous Defendant's MIL 14</u> | Plaintiffs are precluded from offering evidence that publishing patent applications or declaring patent applications to ETSI constitutes notice of alleged infringement. |

## II.   PLAINTIFFS' MOTIONS *IN LIMINE* (Dkt. No. 634)

Plaintiff's MIL 1        **Any argument that FRAND places a limitation on a reasonable royalty.**

The MIL was **WITHDRAWN**. (Dkt. No. 651 at 79:1–9).

Plaintiff's MIL 2        **Any lay witness opinions regarding the value of the patents-in-suit or the underlying technology.**

The MIL was **DENIED**. (*Id*. at 158:8–159:16).

The Court noted that the rules of evidence already prohibit the coverage of the MIL. Lay

witnesses should not offer opinion testimony within the realm of expert witnesses. Fact witnesses

are not precluded from discussing subjects on which they have personal knowledge.

Plaintiff's MIL 3        **Any statement, argument, testimony, or evidence that references DX-171 or that the '332 Patent is "nothing new really"**

The MIL was **DENIED**. (*Id*. at 137:23–138:5).

The Court ordered the parties to meet and confer regarding the use of DX-171 in opening

statements. The Court will take up any remaining disputes outside the presence of the jury.

Plaintiff's MIL 4        **Any statement, argument, testimony, or evidence challenging any objective indicia of non-obviousness.**

The MIL was **WITHDRAWN**. (*Id*. at 138:7–10).

Plaintiff's MIL 5        **Any discussion that the patents-in-suit were hard to find or are one of thousands.**

The MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id*. at 169:1–170:3).

The MIL was denied as to royalty stacking opinions disclosed in Dr. Perryman's expert report. The parties were ordered to seek leave of the Court before raising the issue of whether Apple appropriately searched ETSI databases to learn of the patents-in-suit.

<div style="margin-left: 2em;">

Plaintiff's MIL 6      **Any statement, argument, testimony, or evidence regarding Huawei as a security risk or limited by the U.S. government.**

</div>

The MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id*. at 162:12–163:7).

The MIL was denied to the extent any testimony or argument relates to the raw numbers related to Huawei's sales. The MIL was granted in all other respects, including to the extent any testimony relates to why Huawei's sales are less than they otherwise would be.

<div style="margin-left: 2em;">

Plaintiff's MIL 7      **Any statement, argument, testimony, or evidence regarding Plaintiffs' lack of licensing discussions with Qualcomm or Intel.**

</div>

The MIL was **DENIED**. (*Id*. at 102:3–8).

The Court noted that Apple is allowed to argue that Optis failed to apportion its requested royalty down to the smallest salable patent practicing unit (SSPPU) level. However, without prior leave of the Court, Apple should not argue that Optis has failed to sue or demand a license from Intel or Qualcomm.

<div style="margin-left: 2em;">

Plaintiff's MIL 8      **Any reference to patent exhaustion or licenses with Qualcomm/Intel.**

</div>

The MIL was **GRANTED**. (*Id*. at 35:15–19).

The Court noted that patent exhaustion is a defense to liability, not a limitation on damages.

Accordingly, exhaustion is not relevant to any issue in the upcoming damages trial.

Plaintiff's MIL 9          **Any new (post-first trial) 5G evidence.**

The MIL was **GRANTED**. (*Id*. at 150:16–25).

The Court noted that the set of relevant exhibits and permissible evidence is already

established.

Plaintiff's MIL 10         **Any reference to whether inventors will benefit from the verdict.**

The MIL was **GRANTED**. (*Id*. at 163:8–15).

The Court noted that such evidence is irrelevant in the upcoming damages trial.

Plaintiff's MIL 11         **Any discussion of anyone other than Plaintiffs, LG, or Panasonic benefitting from the damages verdict.**

The MIL was **GRANTED**. (*Id*. at 163:19–17).

The Court noted that such evidence is irrelevant in the upcoming damages trial.

Plaintiff's MIL 12         **Any technical benefit analysis that relies on a theory of non-infringement or invalidity.**

The MIL was **GRANTED**. (*Id*. at 40:12–41:12).

The Court noted that Apple's request invites a retrial as to invalidity. The Court expects a

minimal amount of technical testimony in the upcoming damages trial. The Court noted that the

sole issue in the upcoming trial is the appropriate FRAND royalty for the use of the standard-essential patents. The technical issues with respect to infringement and validity have already been decided.

Plaintiff's MIL 13 **Any reference to ongoing proceedings before the USPTO.**

The MIL was **GRANTED-AS-AGREED** (*Id*. at 149:15–150:9).

Plaintiff's MIL 14 **Any reference to the U.K. litigation.**

The MIL was **GRANTED**. (*Id*. at 148:4–149:14).

The Court noted that Previous Defendant's MIL 1 precludes references to evidence, arguments, verdicts, judgments, or orders from other litigations.

Plaintiff's MIL 15 **Any opinions regarding counting pages of the LTE specification, lines of code, or the number of declared patents.**

The MIL was **WITHDRAWN**. (*Id*. at 138:11–16).

Plaintiff's MIL 16 **Any reference to the price of non-accused devices without establishing technical comparability.**

The MIL was **DENIED**. (*Id*. at 144:22–145:19).

The Court ordered the parties to meet and confer regarding the use of non-accused devices in opening statements. The Court will take up any remaining disputes outside the presence of the jury.

Plaintiff's MIL 17     **Any allegation that Samsung copied Apple's design.**

The MIL was **GRANTED**. (*Id*. at 152:24–153:6).

The Court noted that there is an insufficient probative basis to discuss prior, settled disputes between Apple and Samsung related to design patents.

Plaintiff's MIL 18     **Previously granted or agreed-upon MILs.**

The MIL was **WITHDRAWN**. (*Id*. at 183:7–14).

III.    **DEFENDANT'S MOTIONS *IN LIMINE* (Dkt. No. 633)**

Defendant's MIL 1     **Any reference to the first trial, including the parties' arguments, the verdict, the result, and the now-vacated damages award.**

The MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id*. at 29:8–32:4).

The MIL was granted to the extent either party seeks to introduce evidence about the previous trial or publish the amount of damages awarded. The Court—not the parties—will instruct the jury as to what occurred in the previous trial with respect to infringement and invalidity. However, the Court's instruction will not be limited to merely instructing the jury to assume infringement and validity, and Apple's request to that effect was denied.

The Court noted that the sole issue in the upcoming trial is the appropriate FRAND royalty for the use of the standard-essential patents. The issues of infringement and validity have already been decided. Thus, Optis's request to introduce the prior statements of expert witnesses for impeachment purposes was denied.

8

| Defendant's MIL 2 | **Any argument or evidence related to Plaintiffs' already-decided claims for infringement, validity, willfulness, enhanced damages, and/or declaratory judgment.** |
|---|---|

The MIL was **GRANTED**. (*Id*. at 48:4–49:9).

The Court noted that after the bench trial held on August 11, 2020, the Court declined to exercise jurisdiction over Optis's claim for declaratory judgment (*See* Dkt. No. 538 at CL4, CL7) (declining to exercise jurisdiction over Count VIII of Optis's First Amended Complaint). Thus, Count VIII is not a live issue before the Court, and the Court does not intend to relitigate issues that were previously decided. The sole issue in the upcoming trial is the appropriate FRAND royalty for the use of the standard-essential patents.

| Defendant's MIL 3 | **Derogatory remarks and arguments—e.g. that Apple is a holdout—calculated to inflame the jury to punish Apple.** |
|---|---|

The MIL was **GRANTED**. (*Id*. at 61:7–62:5).

The Court noted that this evidence is irrelevant for the same reasons discussed with respect to Defendant's MIL 2. The Court also noted that the MIL is not intended to include or exclude particular exhibits, but rather is directed at elicited testimony and related argument on the excluded topic.

| Defendant's MIL 4 | **Any reference to the parties' licensing negotiations and correspondence.** |
|---|---|

The MIL was **DENIED**. (*Id*. at 74:15–77:13).

The Court noted that the jury must have an evidentiary basis to determine FRAND compliance of the competing royalty proposals, and to do so, the jury must hear evidence regarding

the parties' conduct in licensing discussions. The Court declined to limit the relevant time period

of the parties' conduct to the hypothetical negotiation in 2012.

Defendant's MIL 5 **Any reference to Apple-Qualcomm negotiations, litigations, and agreements.**

The MIL was **DENIED**. (*Id*. at 95:2–15).

The Court noted that the MIL appears to be an effort to re-open pretrial motions practice

with respect to *Daubert* and motions to strike. The experts must testify within the scope and content

of their reports. They shall not testify otherwise.

Defendant's MIL 6 **Any evidence or argument that Plaintiffs could seek a larges damages award than $506.2 Million.**

The MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id*. at 109:11–16).

The Court denied the MIL as to evidence regarding the continued use of the accused

technology from the time period of 2012 through August 11, 2020. The Court granted MIL as to

any direct or indirect statement or inference that Optis could have collected damages for infringing

activity before February 25, 2019.

Defendant's MIL 7 **Misleading and irrelevant LTE evidence and arguments.**

The MIL was **DENIED**. (*Id*. at 117:4–22).

Defendant's MIL 8 **Any evidence or argument referring to Apple's overall pricing of, or profits generated from, for cellular technology as a whole.**

The MIL was **DENIED**. (*Id*. at 117:23–118:14).

The Court noted that the experts will be allowed to testify consistent with the scope of their reports. They shall not testify otherwise.

Defendant's MIL 9    **Any evidence or argument referring to changes or lack of changes to the accused products.**

The MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id*. at 175:23–176:17).

The Court denied the MIL as to the time period from 2012 through August 11, 2020. The Court granted the MIL as to the time period from August 11, 2020 to the present.

Defendant's MIL 10   **Any argument or evidence concerning the absence of any Apple, Qualcomm, or Intel witness at trial.**

The MIL was **GRANTED-AS-AGREED**. (*Id*. at 183:15–24).

Defendant's MIL 11   **Any argument or evidence that third parties licensed Plaintiffs' portfolio because of the asserted patents.**

The MIL was **DENIED**. (*Id*. at 182:1–183:6).

However, notwithstanding the denial of the MIL, the parties are precluded from arguing that numerous companies took a license to Optis's portfolio, in an effort to suggest that the licenses were negotiated solely because of the patents-in-suit.

Defendant's MIL 12   **Any reference to evidence, arguments, verdicts, judgments, or orders from other litigations.**

In light of the Court re-entering all prior MIL rulings from the prior trial, the MIL was **DENIED AS MOOT**. (*Id*. at 145:20–146:12).

Defendant's MIL 13   **Irrelevant evidence about Apple's foreign operations.**

In light of the Court re-entering all previous MIL rulings from the previous trial, the MIL was **DENIED AS MOOT**. (*Id*. at 183:25–184:9).

Defendant's MIL 14   **Any argument or evidence about Apple's overall finances.**

In light of the Court re-entering all previous MIL rulings from the previous trial, the MIL was **WITHDRAWN**. (*Id*. at 118:15–119:4).

Defendant's MIL 15   **Any evidence about witness compensation unrelated to this case.**

In light of the Court re-entering all previous MIL rulings from the previous trial, the MIL was **DENIED AS MOOT**. (*Id*. at 183:25–184:9).

Defendant's MIL 16   **Any argument or evidence about Steve Jobs, political positions taken by Apple or its leadership, and media reports unrelated to this litigation.**

In light of the Court re-entering all previous MIL rulings from the previous trial, the MIL was **DENIED AS MOOT**. (*Id*. at 183:25–184:9).

Defendant's MIL 17   **Any reference to innography "strength scores"**

The MIL was **DENIED**. (*Id*. at 130:16–131:14).

However, the Court noted that the MIL appears to be an effort to re-open pretrial motions practice with respect to *Daubert* and motions to strike. The experts must testify within the scope and content of their reports. They shall not testify otherwise.

<table>
<tr><td>Defendant's MIL 18</td><td><strong>Permit Apple to refer to Optis's' United Kingdom claims if Optis falsely suggests the retrial is the sole means by which Optis is pursuing royalties.</strong></td></tr>
</table>

The MIL was **DENIED**. (*Id*. at 148:4–149:9).

The Court noted that requested relief is premature in view of the stage of the United Kingdom litigation, and in any event, Previous Defendant's MIL 1 precludes references to evidence, arguments, verdicts, judgments, or orders from other litigations.

**So ORDERED and SIGNED this 9th day of August, 2021.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE