## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, PANOPTIS PATENT MANAGEMENT, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, <br><br>*Plaintiffs*, <br><br>v. <br><br>APPLE INC., <br><br>*Defendant*. | § § § § § § § § § § § § § § § § CIVIL ACTION NO. 2:19-CV-00066-JRG |

## FINAL JUDGMENT

Pursuant to the Court's previous Order (Dkt. No. 585), a second jury trial commenced in this case on August 10, 2021 solely addressing the topic of damages relating to the infringement of U.S. Patent Nos. 8,019,332 (the "'332 Patent"), 8,385,284 (the "'284 Patent"), 8,411,557 (the "'557 Patent"); 8,102,833 (the "'833 Patent"), and 9,001,774 (the "'774 Patent") (collectively, the "Asserted Patents"). On August 13, 2021, the jury returned a unanimous verdict finding that Plaintiffs Optis Wireless Technology, LLC, PanOptis Patent Management, LLC, Optis Cellular Technology, LLC, Unwired Planet, LLC, and Unwired Planet International Limited ("Optis") are owed a reasonable royalty of $300,000,000.00 in the form of a lump-sum for the previously established infringement of the Asserted Patents by Apple Inc. ("Apple"). (Dkt. No. 684).

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1.  The Court fully adopts and makes a part hereof the portions of the previous Judgment (Dkt. No. 544) which were not expressly vacated as a part of the Court's prior Order (Dkt. No. 585), to-wit:

    A. Apple has infringed one or more of the Asserted Claims;[1]

    B. The Asserted Claims are not invalid;

    C. Apple's infringement was willful;

    D. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the added material benefit of having presided throughout the jury trial and having seen both the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[2] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

    E. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[3] the Court awards pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[4] and

---

[1] The Asserted Claims are claims 6 and 7 of the '332 Patent; claims 1, 14, and 27 of the '284 Patent; claims 1 and 10 of the '557 Patent; claim 6 of the '774 Patent; and claim 8 of the '833 Patent.
[2] *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1934 (2016).
[3] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[4] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).

   F. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

2. Optis is hereby awarded damages against Apple and shall accordingly recover from Apple the sum of $300,000,000.00 U.S. Dollars as a lump-sum for past and future sales.

3. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Optis is the prevailing party in this case and shall recover its costs from Apple. Optis is directed to file its proposed Bill of Costs.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 8th day of September, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE