IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, PANOPTIS PATENT MANAGEMENT, LLC, UNWIRED PLANET, LLC, *and* UNWIRED PLANET INTERNATIONAL LIMITED, | § § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | CASE NO. 2:19-CV-00066-JRG |
| APPLE INC., | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions: (a) the Motion for Summary Judgment of Invalidity (the "Apple Motion") (Dkt. No. 774) filed by Defendant Apple Inc. ("Apple"); and (b) the Motion for Summary Judgment that the '332 Patent Is Not Invalid (the "Optis Motion") filed by Plaintiffs Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, and PanOptis Patent Management, LLC, Unwired Planet, LLC, and Unwired Planet International Limited (collectively, "Optis"). In the Apple Motion, Apple moves for summary judgment that claims 6 and 7 of U.S. Patent No. 8,019,332 (the "'332 Patent") are directed to patent ineligible subject matter under 35 U.S.C. § 101. (Dkt. No. 774 at 1). Similarly, in the Optis Motion, Optis moves for summary judgment that those same claims are directed to patent eligible subject matter. (Dkt. No. 777 at 1). Having considered the Apple and Optis Motions, and their related briefing, the Court finds that both should be **DENIED**.

I.   **BACKGROUND**

The '332 Patent is directed to "efficiently transmitting and receiving control information through a" Physical Downlink Control Channel ("PDCCH"). *Optis Cellular Technology, LLC v. Apple Inc.*, 139 F.4th 1363, 1369 (Fed. Cir. 2025). The patent describes "an approach to limiting the Control Channel Elements ("CCEs") available to User Equipment ("UE") for the PDDCH to reduce search processing by the UE." *Id.* Claim 6 and 7 of the '332 Patent recite, respectively:

> 6. A user equipment (UE) for decoding control information, the UE comprising:
>
> > a receiver for receiving a Physical Downlink Control Channel (PDCCH) from a base
> >
> > station at subframe k; and
> >
> > a decoder for decoding a set of PDCCH candidates within a search space of the
> >
> > PDCCH at the subframe k, wherein each of the set of PDCCH candidates comprises
> >
> > 'L' control channel elements (CCEs),
> >
> > wherein the 'L' CCEs corresponding to a specific PDCCH candidate among the set
> >
> > of PDCCH candidates of the search space at the subframe k are contiguously located
> >
> > from a position given by using a variable of $Y_k$ for the subframe k and a modulo 'C'
> >
> > operation, wherein 'C' is determined as 'floor(N/L)', wherein 'N' represents a total number of CCEs in the subframe k, and wherein $Y_k$ is defined by:
> >
> > $$Y_k = (A * Y_{k-1}) \bmod D,$$
> >
> > wherein A, and D are predetermined constant values.
>
> 7. The UE of claim 6, wherein A and D are 39827 and 65537, respectively.

(Dkt. No. 777 at 1). On appeal from a previous verdict in this case, the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") evaluated both claims under the first of the two-step process established by the Court in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). *Optis*, 139 F.4th at 1378. The Federal Circuit concluded that the claims are directed to the ineligible mathematical formula: "$Y_k = (A * Y_{k-1}) mod\ D$, wherein A, and D are predetermined constant values," and a "modulo 'C' operation, wherein C is determined as 'floor(N/L).'" *Id*. at 1379–80. The Federal Circuit further instructed this Court on remand to evaluate the claims under *Alice* step two to determine whether they are patent ineligible. *Id*.

## II.     LEGAL STANDARD

### (a) Summary judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id*. at 248. A dispute is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The moving

party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

### (b) Patent Eligibility

At *Alice* step two, if the claims are directed to ineligible subject matter, the Court then determines whether the claims contain an "inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [abstract idea] itself." *Alice*, 573 U.S. at 217–18 (internal citations and quotes omitted). This step is satisfied when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 134 S. Ct. at 2359). "[A]n inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces," *BASCOM Glob. Internet Svcs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349–50 (Fed. Cir. 2016), but such arrangement must also amount to more than mere "'well-understood, routine, conventional activit[ies].'" *Alice*, 573 U.S. at 225 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 71 (2012)). "The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

With these guiding principles in mind, the Court turns to the substance of the patent eligibility inquiry at hand.

### III. ANALYSIS

The Court addresses the Apple and Optis Motions in turn below.

**(a) Apple's Motion**

Apple moves for summary judgment that claims 6 and 7 of the '332 Patent are directed to patent ineligible subject matter. (Dkt. No. 774). Apple advances three sources of evidence in support of the Apple Motion. However, none of these sources demonstrate the absence of a genuine dispute of material fact.

First, Apple cites to the Reasons for Allowance issued by the U.S. Patent & Trademark Office, asserting that the Office found that two prior art references disclosed certain claim elements. (Dkt. No. 774 at 4–5, 9). This is insufficient. Indeed, it is well-settled that whether a claim element is known is a distinct question from whether that element is well-understood, routine, and conventional. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 ("Whether a particular technology is well-understood, routine, and conventional goes beyond what was simply known in the prior art. The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional"); *see also Exergen Corporation v. Kaz USA, Inc.*, 725 Fed. App'x 959, 966 (Fed. Cir. 2018).

Second, Apple points to the '332 Patent itself. (Dkt. No. 774 at 8). According to Apple, the patent concedes that each element of the claims was well-understood, routine, and conventional by discussing those elements in its background section. (*Id*.). That concession is incomplete. Indeed, the '332 Patent has not provided that the "ordered combination of elements" recited by claims 6 and 7 were well-understood, routine, or conventional. *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016).

Finally, Apple contends that Mr. Mark Lanning (Apple's technical expert) has undisputedly shown that the "remaining elements of claims 6 and 7 . . . were well-understood and conventional in the mobile communications community prior to the '332 [P]atent." (Dkt. No. 774

at 3–4 (citations omitted)). Viewing the evidence in a light most favorable to Optis, the Lanning report evidences that only individual elements, such as an LCG equation and PDCCH processing architecture, were known prior to the patent. (*See* Dkt. No. 243-6 ¶ 483). This does not alter the reality that a material fact question still remains as to whether the ordered combination of elements was routine, conventional, and well-understood. *See Bascom*, 827 F.3d at 1349.

Accordingly, nothing advanced by Apple demonstrates the absence of a genuine dispute as to the patent ineligibility of claims 6 and 7 of the '332 Patent. To the contrary, the '332 Patent discloses that its ordered combination of elements departs from and improves upon conventional UE systems, which would "decode all PDCCH regions," resulting in "[e]xcessive UE processing performance." (Dkt. No. 777-2 at 2:5–7; *see also United Services Automobile Assoc. v. Wells Fargo Bank, N.A.*, 414 F.Supp.3d 947, 957 (E.D. Tex. 2019)). Specifically, the '332 Patent purports to provide UE systems that "limit the number of times the UE has to decode in order to receive a PDCCH." (Dkt. No. 77-2 at 5:30–34). Further, the claimed inventions' purported benefits over conventional systems bolster this conclusion. *See Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016) (citing *Research Corp. Techs. V. Microsoft Corp.*, 627 F.3d 859, 869 (Fed. Cir. 2010)); *Amdocs (Israel) Limited v. Openet Telecom, Inc.*, 841 F.3d 1288 (Fed. Cir. 2016). For example, Dr. Vijay Madisetti (Optis' technical expert) opines that the claimed invention has increased download speeds (~4.6–8%) as compared to non-infringing alternatives. (Dkt. No. 777-6 ¶¶ 573–574). In another example, the '332 Patent provides that "reduc[ing] the number of times the UE performs decoding . . . reduce[s] power consumption of the UE." (Dkt. No. 777-2 at 2:4–10). These confirm the existence of a genuine and material fact dispute as to the patent ineligibility of claims 6 and 7 of the '332 Patent.

Accordingly, the Court finds that the Apple Motion should be **DENIED**.

**(b) Optis' Motion**

Optis argues that summary judgment is proper for three (3) reasons. First, Optis contends that the claimed decoder and a PDCCH combination provide an inventive concept beyond the abstract math formula. (Dkt. No. 777 at 4). Optis asserts that the combination solves the problem of UE decoders inefficiently "decoding across all PDCCH candidates" by assigning decoders to their "own space within the PDCCH to search." (*Id.*). Second, Optis argues that the technical benefits of the claimed inventions—efficiency and power savings advantages—further evidence the presence of an inventive concept. (*Id.* at 9–10 (citing *BASCOM Global Internet Servs. V. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016)). Third, Optis insists that Apple has not met its burden of showing that claims 6 and 7 are patent ineligible. (*Id.* at 7). According to Optis, the "only evidence of *any* knowledge within the prior art . . . of the non-equation claim elements as an ordered combination is the 3GPP technical proposal R1-081101," but that proposal "cannot be used as evidence" for patent ineligibility. (*Id.*). Specifically, Optis maintains that the proposal was not publicly available by the '332 Patent's priority date and, even if it were, it is undisputed that it was written by "people of extra ordinary skill in the art." (*Id.* at 7–8).

In response, Apple argues that summary judgment in favor of Optis is improper because Optis has not identified an inventive concept in claims 6 and 7. (*Id.* at 2). While Apple recognizes that Optis points to "limit[ing] the decoder to searching only a portion of the PDCCH domain" as an inventive concept, Apple asserts that the claims do not feature such a limitation and such a function is itself an abstract idea. (*Id.*). Apple also insists that Optis has not identified anything to suggest that searching only a portion of the PDCCH domain "is novel." (*Id.* at 3). Additionally, Apple argues that the R1-081101 proposal informs the skilled artisan's knowledge regarding what

7

was well-understood, routine, and conventional, creating, at minimum, a material fact dispute that precludes summary judgment. (*Id*. at 4).

The Court finds that summary judgment in favor of Optis is improper. Viewing the evidence in a light most favorable to Apple, the R1-081101 proposal raises a genuine and material fact dispute as to whether the proposed decoder and PDCCH combination is routine, conventional, and well-understood. Optis has not shown otherwise. For example, Optis insists that the proposal is not prior art and has not disclosed the ordered combination of elements, but "'the scope and content of the prior art' is a factual question, the factual dispute as to whether the limitations in such an ordered combination were disclosed in the prior art is not amenable to resolution on summary judgment." *United Services*, 414 F.Supp.3d at 960 (citing *Neptune Generics, LLC v. Eli Lilly & Co.*, 921 F.3d 1372, 1377 (Fed. Cir. 2019)). Optis has not resolved the question of whether a UE decoder that only searches portions of PDCCHs was routine, conventional, and well understood to the skilled artisan. This is a fact question reserved for the jury. *Berkheimer*, 881 F.3d at 1368 (Fed. Cir. 2018).

Accordingly, the Court finds that the Optis Motion should be **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that the Apple Motion (Dkt. No. 774) and the Optis Motion (Dkt. No. 777) should be and are both hereby **DENIED**.

**So ORDERED and SIGNED this 27th day of January, 2026.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE