## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, PANOPTIS PATENT MANAGEMENT, LLC, UNWIRED PLANET, LLC, *and* UNWIRED PLANET INTERNATIONAL LIMITED, | § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 2:19-CV-00066-JRG |
| APPLE INC., | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

The Court issues this Order *sua sponte*. For the reasons set forth below, the Court finds that Plaintiffs Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, PanOptis Patent Management, LLC, Unwired Planet LLC, and Unwired Planet International Limited's (collectively, "Optis") claims of patent infringement as to claims 1 and 5 of U.S. Patent No. 8,411,557 (the "'557 Patent") should be either **LIVE ISSUES** before the Court or **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

On appeal, the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") found that claim 1 and claim 5, by virtue of its dependency on claim 1, invoke 35 U.S.C. § 112 ¶ 6. *Optis Cellular Technology, LLC v. Apple Inc.*, 139 F.4th 1363, 1383 (Fed. Cir. 2025). Specifically, the Federal Circuit found that the "selecting unit" recited by the claims is in means-plus-function format. *Id.* The Federal Circuit then instructed this Court on remand to determine whether the

'557 Patent discloses adequate corresponding structure for that term on remand. *Id*. A question as to the validity of claims 1 and 5 of the '557 Patent therefore remains before the Court.

On January 02, 2026, Optis filed the Notice of Claim Narrowing for Trial (the "Notice"). (Dkt. No. 771). In the Notice, Optis notifies the Court that it "hereby withdraws claims 1 and 5" of the '557 Patent. (*Id*. at 1). Later that same day, Defendant Apple Inc. ("Apple") filed the Motion for Summary Judgment (the "Motion"), in which it moved for summary judgment that claims 1 and 5 are invalid as indefinite. (Dkt. No. 775).

Now, the parties dispute the effect of the Notice. Optis argues that its withdrawal of claims 1 and 5 of the '557 Patent obviated as moot any need to determine whether the claims are invalid. (Dkt. No. 789 at 1–2). As support, Optis cites Apple's counterclaim, which provides that Apple seeks "a judicial determination that *the asserted claims* of the '557 Patent are invalid." (*Id*. at 1 (citing Dkt. No. 110 ¶ 66) (emphasis added)). Optis reasons that, as claims 1 and 5 of the '557 Patent are no longer "asserted claims," there is no longer a continuing case or controversy as to those claims. (*Id*.).

Apple takes the opposite position. Apple argues that that the Notice has not impacted the pendency of Apple's invalidity counterclaim as to the '557 Patent. (Dkt. No. 775 at 1, n. 1; *see also* Dkt. No. 800 at 5–6). Additionally, and during the Telephonic Status Conference held on January 22, 2026, Apple represented that, if claims 1 and 5 of the '557 Patent were dismissed with prejudice, then it would not object to the withdrawal of those claims. (*See* Dkt. No. 800 at 5–6).

## II.    LEGAL STANDARD

The U.S. Court of Appeals for the Fifth Circuit (the "Fifth Circuit") has consistently confirmed that "'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing *Davoodi v. Austin*

*Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quotation omitted); *see also Lazano v. Ocwen Federal Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). "'[F]airness in this context requires both notice of the court's intention and opportunity to respond.'" *Carver*, 18 F.4th at 498 (quotation omitted).

## III.    ANALYSIS

The Court agrees with Optis that the withdrawal of claims 1 and 5 of the '557 Patent would moot Apple's Motion.  However, such unilateral withdrawal would also cause material prejudice to Apple.  This case is on the eve of its third jury trial, and Apple has expended significant resources in both this Court and the Federal Circuit defending itself from Optis' claims, including by moving for summary judgment that the claims are invalid.  *Cf. Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 353, 360 (5th Cir. 1990).  This unconditional withdrawal would allow Optis to avoid Apple's invalidity allegations and pursue a similar claim in a future action, thereby wasting the significant resources already spent and depriving Apple of a final resolution here.  Under these facts, the Court finds that *sua sponte* dismissal of claims 1 and 5 of the '557 Patent with prejudice may be warranted if Optis maintains its withdrawal to be without prejudice.

## IV.    CONCLUSION

Based on the foregoing reasons, and to afford fairness to the parties, the Court finds that either Optis should withdraw its attempt to narrow the issues (by dropping claims 1 and 5 of the '557 Patent) or, alternatively, its claims of patent infringement as to claims 1 and 5 of the '557 Patent should be dismissed with prejudice.  Accordingly, and to ensure procedural fairness, Optis is **ORDERED** to file a notice with the Court within the next three (3) days from the date of this Order indicating whether or not they choose to withdraw their earlier narrowing as to claims 1 and 5 of the '557 Patent.  If Optis elects not to withdraw their earlier narrowing (asserted to be without

prejudice), then the Court will dismiss the same with prejudice for the reasons set forth above. However, if Optis withdraws their earlier narrowing, then the Court will take up Apple's Motion and decide whether or not summary judgment that claims 1 and 5 of the '557 Patent are invalid as indefinite should be granted, as directed by the Federal Circuit.

**So ORDERED and SIGNED this 29th day of January, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE