# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. 2:19-cv-66-JRG <br><br> JURY TRIAL |

**PLAINTIFFS' MOTION TO ESTABLISH THAT APPLE DOES NOT HAVE THE AUTHORITY TO DECIDE WHEN IT MAKES ITS OPENING**

Apple has informed the Court via informal email that "Apple will elect to defer its opening statement until the start of its case, which Apple anticipates will be next Tuesday or possibly Wednesday." Apple has no authority to unilaterally make this decision and usurp the authority of this Court. And it has provided no explanation or basis for why this Court (in a short four-day trial) should allow this odd tactic, which will confuse the jury and significantly prejudice the Plaintiffs by allowing Apple to hide what arguments it intends to make, especially given that the short amount of trial time makes it highly unlikely that Plaintiffs will even be able to put on much of a rebuttal case.

The Court has full discretion to determine when the parties give their opening statements, or if opening statements will even be presented at all. *Clark Advert. Agency, Inc. v. Tice*, 490 F.2d 834, 836-37 (5th Cir. 1974) ("A.H.R.A. next contends that the district court's refusal to allow an opening argument to the jury constitutes reversible error […] this is strictly a matter of the conduct of the trial, best left to the discretion of the district court, and governed by federal rather than state rules. The only federal authority in point, *United States v. 5 Cases, Etc.*, 2 Cir. 1950, 179 F.2d 519, accords with our view that the grant or denial of the privilege rests within the sound discretion of the district court."); *United States v. Gross*, No. 22-11543, 2024 WL 448368, at *17 (11th Cir. Feb. 6, 2024) ("The timing and making of opening statements is within the discretion of the trial judge.") (internal quotation marks and citation omitted).

Even if Apple had done the procedurally proper step of filing a motion asking the Court's permission—as opposed to simply announcing to the Court that Apple's will is to be done—and provided an explanation for its litigation tactic, the Court should not use its discretion to grant Apple's demand. (The Plaintiffs note this latest request comes on the heels of Apple attempting to wholesale replace three experts with a single new expert because it would be more "efficient" for Apple).

***First***, this is a short, straightforward trial. A deferred opening may make sense in very complex criminal cases or multi-defendant, complex antitrust cases, where it is unclear whether a plaintiff's

- 1 –

claims will be directed at all of the defendants at trial. Here, there is one defendant and one group of plaintiffs, whom the parties and Court have treated as a single entity for purposes of this case. The Court has given 10 hours per side. This trial will be over in 4 days. The parties and Court should know exactly what the scope of this case is and what is coming at the outset. A deferred opening will create confusion for the jury and the parties and is unnecessary for Apple to present its case to the jury. For example, Apple's opening statement would come in the middle of the evidentiary phase of the case. Once the evidentiary phase of the case begins, there should be no attorney commentary. There is serious risk that the jury would place undue weight on Apple's counsel's statements regarding the evidence in the case and consider that commentary as evidence in the case, given that it is occurring during the evidentiary phase. This concern is especially ripe here given that Apple did not propose any jury instructions for this Court to give regarding how the jury should treat and understand a deferred opening statement. Dkt. 817-1 (the parties' recently-filed proposed jury instructions).

**Second**, the point of this proceeding is not trial by surprise, and yet that has been Apple's approach throughout. Apple still has not even informed PanOptis whether Dr. Fuja—who the Court allowed Apple to substitute into this case at Apples' request—or Dr. Buehrer will be testifying on Apple's behalf. *See* Dkt. 816-04 at 2 (identifying both Dr. Fuja and Dr. Buehrer as "may call live"). Apple has a large number of non-infringement and damages theories and it is not clear which ones it is going run. Apple's disclosures list 28 witnesses. By deferring its opening, Apple is allowed to hide what its actual case will be. Given that there is only 10 hours in this case, with 5 patents at issue, Apple knows that it is unlikely the Plaintiffs will be able to put on much of a rebuttal case. By hiding the contours of its case by delaying opening, Apple obtains an unfair substantive advantage.

**Third**, the reason Apple seeks to defer its opening is to comment on PanOptis' evidence as a mid-trial closing statement. This would be an improper use of an opening statement, which should only be used to discuss what evidence is to come. "An opening statement has a narrow purpose and

scope. It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole." *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring); *Testa v. Village of Mundelein, Ill.*, 89 F. 3d 443, 446 (7th Cir. 1996). If this Court did allow a deferred opening it would be totally improper for Apple to make any commentary on any of the evidence that has come in during Plaintiffs' case in chief. Commentary on evidence that has already come into the record is reserved solely for closing.

**Fourth**, Apple cannot withhold its opening statement as to its affirmative counterclaims. Apple has declaratory judgment counterclaims of non-infringement for each of the patents-in-suit, and has a declaratory judgment counterclaim of invalidity as to the '332 Patent. Apple tried to influence this Court's recent MSJ decisions by affirmatively telling this Court it needed to go forward on those claims, forcing the Plaintiffs to take the uncommon step of dismissing with prejudice certain claims as to certain patents. *See, e.g.*, Dkt. 773 at 1 ("While Plaintiffs are free not to proceed with their infringement claims, Apple's invalidity counterclaim for the '557 patent remains pending. *See* Dkt. 110 at 37 (invalidity counterclaim for the '557 patent)."); Dkt. 775 at 1, n. 1 (same).

Apple is effectively the plaintiff with respect to these counterclaims. And Apple has repeatedly referred to the patentholders in this case as the "defendants" with respect to Apple's affirmative claims. *See* Dkt. 110 at 29:

> 1. Counterclaimant Apple Inc. ("Apple"), on personal knowledge of its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges its counterclaims against counterclaim-defendants Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, Unwired Planet, LLC, and Unwired Planet International Limited (individually and/or collectively, "Counterclaim-defendants") alleges as follows:

**Fifth**, Apple's behavior sets a dangerous precedent. As to Apple's counterclaims, the Plaintiffs are the defendants. Under Apple's theory, Plaintiffs should also have the opportunity to defer part of

their opening to the beginning of PanOptis' rebuttal case, which works to rebut Apple's affirmative counterclaims. Of course, Apple knows that the length of any rebuttal case will be seriously constrained given the amount of time allotted in the trial, meaning Apple again gains a substantive advantage.

| | |
|---|---|
| Dated: February 4, 2026 | Respectfully submitted,<br><br>*/s/ Jason Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 1938000<br>sbaxter@McKoolSmith.com<br>Jennifer Truelove<br>Texas State Bar No. 24012906<br>jtruelove@McKoolSmith.com<br>McKOOL SMITH, P.C.<br>104 E. Houston Street, Suite 300<br>Marshall, TX 75670<br>Phone: (903) 923-9000; Fax: (903) 923-9099<br><br>Jason Sheasby (pro hac vice)<br>jsheasby@irell.com<br>Hong Zhong, PhD<br>hzhong@irell.com<br>Andrew Strabone<br>astrabone@irell.com<br>Rebecca Carson<br>rcarson@irell.com<br>IRELL & MANELLA LLP<br>1800 Ave of the Stars, Suite 900<br>Los Angeles, CA 90064<br>Phone: (310) 203-7096; Fax: (310) 203-7199<br><br>Steven J. Pollinger<br>Texas State Bar No. 24011919<br>spollinger@McKoolSmith.com<br>McKOOL SMITH, P.C.<br>300 W. 6th Street Suite 1700<br>Austin, TX 78701<br>Phone: (512) 692-8700; Fax: (512) 692-8744<br><br>M. Jill Bindler<br>Texas Bar No. 02319600<br>jbindler@grayreed.com<br>GRAY REED & MCGRAW LLP<br>1601 Elm Street, Suite 4600<br>Dallas, Texas 75201<br>Phone: (214) 954-4135; Fax: (469) 320-6901<br><br>**ATTORNEYS FOR PLAINTIFFS OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, AND PANOPTIS PATENT MANAGEMENT, LLC** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served via ECF on all counsel of record on February 4, 2026.

                                                */s/ Jason Sheasby*
                                                Jason Sheasby