# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, OPTIS CELLULAR TECHNOLOGY, LLC, UNWIRED PLANET, LLC, UNWIRED PLANET INTERNATIONAL LIMITED, AND PANOPTIS PATENT MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Civil Action No. 2:19-cv-66-JRG<br><br>JURY TRIAL<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION REGARDING OPENING** |

Optis's frantic motion grossly mis-portrays a standard procedural option for any defendant in federal court. Deferring opening to the start of a party's case in chief is a well-known practice in federal court, notwithstanding that defendants typically do not avail themselves of the opportunity. As the *Rutter Practice Guide to Federal Civil Procedure* explains: "In both jury and nonjury trials, the party with the burden of proof (normally plaintiff) opens first. Then, defendant has the opportunity either to make an opening statement or 'reserve' opening statement until after the presentation of plaintiff's case-in-chief." William E. Wegner et al., *Rutter Group Prac. Guide Fed. Civ. Trials & Ev.*, Ch. 6-B, at 1 (June 2024 update).[1] Apple flagged the possibility that it would defer in the pretrial order (Dkt. 816 at 21)—Optis did not oppose, ask to meet and confer, or indeed respond in any way.

---

[1] *See also Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. 09-290, 2013 WL 4511293, at *4 n.9 (W.D. Pa. Aug. 23, 2013) (instructing the jury in a patent infringement case that "[t]he Plaintiff's attorney will first have an opportunity to make an opening statement. The Defendants'

Although it appears that Optis scoured authority nationwide, it cites no case where a court denied a defendant's request to defer an opening. And while Optis claims that Apple's motivation is to surprise, that is untrue and makes no sense in the circumstance where the parties have made copious disclosures and litigated two jury trials and a bench trial. Indeed, it appears that it is Optis trying to surprise, as it seeks to proceed with a damages claim without having disclosed what that damages claim will be.

Optis makes much of the fact that Apple has declaratory judgment counterclaims, but those do not change the burden: the burden of proving infringement always rests with Optis even with respect to Apple's counterclaims. *See Medtronic, Inc. v. Mirowski Family Ventures*, LLC, 571 U.S. 191, 198 (2014) ("It is well established that the burden of proving infringement generally rests upon the patentee."). Apple is not, as Optis argues, "effectively the plaintiff with respect to these counterclaims." The fact that Apple has declaratory judgment counterclaims provides no reason against a deferred opening.

---

attorney will make an opening statement immediately after the Plaintiff's opening statement. **Defendants can also reserve the right to open once Plaintiff puts on its evidence**.") (emphasis added); *Philadelphia Indem. Ins. Co. v. Ohana Control Sys., Inc.*, No. 17-00435-SOM-RT, 2020 WL 2025351, at *2 (D. Haw. Apr. 27, 2020) ("Opening statements were presented by Philadelphia Indemnity and by counsel for Defendants Ohana and Borochov. At trial, Kinjo had separate counsel, who reserved opening statement for later in the trial.").

| | |
|---|---|
| February 4, 2026 | APPLE INC.<br><br>*/s/ Mark D. Selwyn* _____<br>Mark D. Selwyn (*pro hac vice*)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>Mindy Sooter (*pro hac vice*)<br>mindy.sooter@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>1225 Seventeenth Street, Suite 2600<br>Denver, CO 80202<br>Telephone: (720) 274-3135<br>Facsimile: (720) 274-3133<br><br>Joseph Mueller (*pro hac vice*)<br>joseph.mueller@wilmerhale.com<br><br>Timothy Syrett (*pro hac vice*)<br>timothy.syrett@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>Brittany Blueitt Amadi (*pro hac vice*)<br>brittany.amadi@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>2100 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>Melissa R. Smith<br>melissa@gillamsmithlaw.com<br>State Bar No. 24001351 |

                GILLAM & SMITH, LLP
                303 South Washington Avenue
                Marshall, TX 75670
                Telephone: (903) 934-8450
                Facsimile: (903) 934-9257

                *Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Counsel of record were served with a true and correct copy of the foregoing document by electronic mail on February 4, 2026.

*/s/ Mark D. Selwyn*

Mark D. Selwyn